IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TECH DATA CORPORATION'S MOTION TO
WITHDRAW REFERENCE OF ADVERSARY PROCEEDING FROM
THE UNITED STATES BANKRUPTCY COURT TO THE UNITED
<u>STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE</u>**

TECH DATA CORPORATION, the defendant herein ("Tech Data" or the "Defendant"), by and through its undersigned counsel, respectfully moves for entry of an Order, substantially in the form attached hereto, pursuant to 28 U.S.C. § 157(d), withdrawing the reference of the instant adversary proceeding from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to the United States District Court for the District of Delaware (the "District Court") on the following grounds:

WM\4420\1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.  This adversary proceeding was commenced by plaintiff Keith F. Cooper, as Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust ("Cooper" or the "Plaintiff") seeking to recover alleged preferential transfers pursuant to the provisions of 11 U.S.C. § 547.  Although no other theories of recovery have been plead by the Plaintiff, he has sought to reserve the right to seek recoveries of other amounts, perhaps utilizing alternate theories of recovery.

2.  According to the Plaintiff's Complaint and the docket for the bankruptcy cases of Bridgeport Holdings, Inc. and its affiliated debtor entities (collectively, the "Debtors"), a Plan of Liquidation was confirmed by the Bankruptcy Court in the Fall of 2004.

3.  Tech Data did not file a proof of claim in the bankruptcy case of Bridgeport Holdings, Inc. or the bankruptcy cases of its affiliated debtor entities (collectively, the "Debtors").

4.  Prior to the filing of this Motion, Tech Data filed its Answer, Affirmative Defenses and Jury Demand in response to the Plaintiff's Complaint.  Tech Data has also indicated its opposition to the Plaintiff's *ad hoc* attempt in his Complaint to globally reserve the right to commence other causes on as yet unplead legal theories.  In this regard, Tech Data has also indicated in its Answer that it does not consent to the entry of final judgments or orders by the Bankruptcy Court to the extent that all, or any portion, of the Plaintiff's causes are determined to be "non-core."

5.  The amount in controversy of this case is $19,176,871.27.  While the law should be blind with respect to the dispensing of justice irrespective of the amount involved in

controversy, the very substantial amount at issue in this case calls for appropriate judicial intervention before a court that is well-versed in civil trials involving a jury as the finder of fact.

6. The parties have already exchanged written discovery requests, and had done so several weeks prior to the Bankruptcy Court's entry of a Scheduling Order, the Scheduling Order having been entered of record just days ago.

7. Defendant is filing a contemporaneous Motion for Determination of Core Status, as required by Local Rule 5011-1.

### RELIEF REQUESTED AND REASONS THEREFOR

8. Tech Data respectfully submits that good and sufficient cause exists for this Court to withdraw the reference of the within adversary proceeding.

9. The provisions governing discretionary withdrawal of the reference, codified at 28 U.S.C. § 157(d), provide in pertinent part, as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown . . . .

10. As is further explained in the accompanying Memorandum of Points and Authorities, the term "for cause shown" as set forth in 28 U.S.C. § 157(d) is not a statutorily defined term. Accordingly, prevailing case law supports a multi-faceted analysis of the reasons for the withdrawal of the reference, including such factors as whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law. This Court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

11. As is more fully described in the accompanying memorandum of points and Authorities, the United States District Court for the District of Delaware has held that where the Defendant does not file a claim against the estate and demands a jury trial the reference should be withdrawn. Further, where that is the case, no determination of Core Status need be made.

12. Several important, material factors have influenced Tech Data to move to withdraw the reference.

13. First, the plaintiff is not a reorganizing or reorganized debtor that is operating to obtain a "fresh start," and, aside from possibly contributing to the funding of a special purpose entity created solely to fund distributions to creditors, the outcome of the instant lawsuit should not have an impact upon the bankruptcy reorganization process. As previously observed, the Plaintiff is the representative of a post-confirmation liquidating trust. There is therefore little or no need for any direct involvement by the Bankruptcy Court with the instant preference lawsuit.

14. Second, Tech Data has exercised its right to seek a trial by jury. Insofar as Tech Data did not file a proof of claim in the Debtors' bankruptcy cases, this jury trial right has not been waived. Judicial economy would therefore best be served by proceeding in a civil trial, with a jury as finder of fact, before the District Court.

15. Third, the Plaintiff has intimated in its Complaint that it could seek recovery against Tech data under alternative legal theories. While Tech Data objects to the Plaintiff's wholesale attempt to reserve additional, unplead causes of actions, the Plaintiff has left open the possibility of his efforts to utilize theories of recovery that may not fall within the Bankruptcy Court's "core" jurisdiction. Tech Data has not consented to the Bankruptcy Court's entry of final orders or judgments for non-core matters, and this further suggests that judicial economy is best served by proceeding before the District Court. Moreover, persuasive authority suggests

that the broad exercise of "core" jurisdiction by the Bankruptcy Court should be curtailed after the confirmation of a plan, as is the case in the instant matter.

16. Fourth, Tech Data is keenly aware of the extraordinarily heavy case load and burdens placed upon Judge Walsh with other bankruptcy cases that—unlike this one—are actually in the process of "active" reorganization efforts. The removal of this litigation, with the prospect of a jury trial, from Judge Walsh's calendar by withdrawing the reference would therefore constitute an effective exercise of judicial discretion by the District Court.

17. Fifth, a Scheduling Order was entered by the Bankruptcy Court just days ago. At the time of entry of the Scheduling Order, the Court and the Plaintiff were advised that its entry would be without prejudice to Tech Data's right to, among other things, seek a jury trial or to withdraw the reference. Consequently, none of the deadlines and benchmarks in the Scheduling Order will need to be extended or adjusted solely as the consequence of the withdrawal of the reference of this litigation.

18. For at least the foregoing reasons, the withdrawal of the reference for this preference lawsuit will promote judicial economy, will not impair uniform bankruptcy administration and is not intended to create any forum shopping.

19. In further support of the instant Motion, and as explained in the accompanying Memorandum of Points and Authorities, the reference of a particular adversary proceeding may be withdrawn without withdrawing the reference for the entire case or other pending, unrelated adversary proceedings.

WHEREFORE, Tech Data respectfully requests entry of an Order granting its within Motion to Withdraw Reference and transferring the within adversary proceeding to the United States District Court for the District of Delaware, and for such other and further relief as the Court determines to be just and equitable under the circumstances.

Dated: July 18, 2005

    Respectfully submitted,

    DRINKER BIDDLE & REATH LLP

    /s/  Howard A. Cohen
    Andrew J. Flame (DE 4398)
    Howard A. Cohen (DE 4082)
    1100 N. Market Street, Suite 1000
    Wilmington, DE  19801
    Telephone:     (302) 467-4200
    Facsimile:     (302) 467-4201

    - and -

    ADORNO & YOSS, LLP
    Charles M. Tatelbaum (Admitted Pro Hac Vice)
    Stephen C. Hunt (Admitted Pro Hac Vice)
    350 East Las Olas Boulevard, Suite 1700
    Fort Lauderdale, FL 33301
    Telephone:     (954) 763-1200
    Facsimile:     (954) 766-7800

    Attorneys for Defendant and Movant,
    Tech Data Corporation