**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | |
| —————————————————— | ) | |
| | ) | |
| KEITH F. COOPER, as Liquidating | ) | |
| Trustee of the Bridgeport Holdings Inc. | ) | |
| Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |

---

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT TECH DATA CORPORATION'S**
**MOTION TO WITHDRAW REFERENCE OF ADVERSARY**
**PROCEEDING FROM THE UNITED STATES BANKRUPTCY**
**COURT TO THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

DRINKER BIDDLE & REATH LLP
Andrew J. Flame (DE 4398)
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:    (302) 467-4200
Facsimile:    (302) 467-4201

ADORNO & YOSS, LLP
Charles M. Tatelbaum
Stephen C. Hunt
350 E. Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Telephone:    (954) 763-1200
Facsimile:    (954) 766-7800

*Attorneys for Defendant and Movant, Tech Data Corporation*

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ............................................................................................. A-i

TABLE OF AUTHORITIES ................................................................... A-ii, A-iii

FACTUAL BACKGROUND AND
PROCEDURAL HISTORY ...................................................................................... 1

LEGAL ARGUMENT ........................................................................................... 1-4

CONCLUSION .......................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES                                                        PAGE(S)

In re Horton, 149 B.R. 49 (Bankr.S.D.N.Y. 1992).................................................. 1

In re Total Technical Servs., Inc., 142 B.R. 96 (Bankr.D.Del. 1992) .............. 1

In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) .................................................. 1

Holland America Ins. Co. v. Roy, 777 F. wd 992, 999
(5th Cir.1985)........................................................................................................ 1

In re Almac's, Inc., 202 B.R. 648 (D.R.I. 1996) .................................................. 2

Auto Specialties Mfg. v. Sachs, 134 B.R. 229 (W.D.Mich. 1990) ................... 2

United States v. Kaplan, 146 B.R. 500 (D.Mass. 1992) ...................................... 2

Langenkamp v. Culp, 498 U.S. 42, 111 S.Ct. 330,
112 L.Ed.2d 343 (1990)....................................................................................... 2

Hutchins v. APCC Services, Inc. (In re: Star Creditors'
Liquidating Trust), No. 03-793-KAJ, 2004 U.S.
Dist. LEXIS 3279 (Del. March 3, 2004).................................................... 3

Official Committee of Unsecured Creditors of the IT Group v.
Advanced Masonry, Inc. (In re IT Group, Inc.),
Civ. A. No. 04-1430-JJF (D. Del. Nov. 22, 2004)........................................ 3

Official Committee of Unsecured Creditors of the IT Group v.
Instrument Sciences and Tech, Inc. (In re IT Group, Inc.),
Civ. A. No. 04-857-JJF (D. Del. Dec. 17, 2004) .......................................... 3

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33(1989) ......................................... 3

In re Horizon Air Inc., 156 B.R. 369 (N.D.N.Y. 1993)......................................... 4

## <u>UNITED STATES CODE</u>                                              <u>PAGE(S)</u>

28 U.S.C. 157(d) ............................................................................................................. 1

11 U.S.C. § 547 ............................................................................................................. 3

TECH DATA CORPORATION, the defendant and movant herein, presents its Memorandum of Points and Authorities in support of its Motion to Withdraw the Reference of an Adversary Proceeding from the United States Bankruptcy Court to the United States District Court for the District of Delaware.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Tech Data recites to, and incorporates by reference herein, the factual and procedural background, and legal arguments, and defined terms, as set forth in its accompanying Motion to Withdraw Reference.

Tech Data has requested a trial by jury, to which it is entitled insofar as Tech Data did not file a proof of claim in the Debtors' bankruptcy cases.

## LEGAL ARGUMENT

Motions for withdrawal of the reference must be decided by the district court. *In re Horton*, 149 B.R. 49 (Bankr.S.D.N.Y. 1992); *In re Total Technical Servs., Inc.*, 142 B.R. 96 (Bankr.D.Del. 1992). Pursuant to 28 U.S.C. 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The term "for cause shown" as set forth in 28 U.S.C. § 157(d) is not defined. However, the Third Circuit considers the following factors to determine whether or not "cause" exists to withdraw the reference:

> the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economic use of the debtors' and creditors' resources, and expediting the bankruptcy process.

*In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland American Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

Motions to withdraw the reference must also be timely. *In re Almac's, Inc.*, 202 B.R. 648 (D.R.I. 1996)(motion to withdraw reference filed two months after complaint is filed is timely); *Auto Specialties Mfg. v. Sachs*, 134 B.R. 229 (W.D.Mich. 1990) (motion to withdraw reference filed nine months after case is filed is timely); *United States v. Kaplan*, 146 B.R. 500 (D.Mass. 1992) (although judicial economy indicates a motion to withdraw reference should be granted, if the IRS waits until the "final stretch," the motion is untimely). In the instant matter, Tech Data originally sought to dismiss the Complaint, and Judge Walsh recently issued his memorandum decision denying the Motion to Dismiss on July, 1, 2005. Tech Data's Answer, Affirmative Defenses and Jury Demand was also recently filed, and a Scheduling Order was entered just days ago. Accordingly, it is respectfully submitted that this Motion to Withdraw Reference is timely, that it is by no means in the "final stretch," and that the requested withdrawal of the reference, if granted, will not prejudice the parties or the schedule of the litigation.

The filing of Tech Data's Motion to Withdraw Reference is intended to promote judicial economy and uniform bankruptcy administration. The Motion to Withdraw Reference is not intended to create forum shopping, delay, confusion or prejudice to any interested party. If this Court grants the Motion, Tech Data submits that the relief sought would most certainly promote the economical use of debtor's and creditors' resources.

Perhaps most significant in terms of the instant Motion is Tech Data's Jury Demand, as stated in its recently-filed Answer and Affirmative Defenses. Because Tech Data did not file a proof of claim, formal or informal, in the Debtors' bankruptcy cases, it has preserved its right to seek a trial by jury. *See Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (creditor who had filed a proof of claim had no right

to a jury trial for a preference case). In view of the substantial sums at issue and the fact that a jury demand has been made, judicial economy would be best served by the withdrawal of the reference for this adversary proceeding to the District Court.

Further, a recent decision of the United States District Court for the District of Delaware is directly on point in finding that when a defendant in a preference adversary proceeding properly requests a jury trial, the reference to the Bankruptcy Court should be withdrawn. *Hutchins v. APCC Services, Inc. (In re: Star Creditors' Liquidating Trust)*, No. 03-793-KAJ, 2004 U.S. Dist. LEXIS 3279 (Del. March 3, 2004).[1]  The District Court cited *Granfinanciera*, *S.A. v. Nordberg*, 492 U.S. 33(1989), as being dispositive on the right to a jury trial, and also held that "considerations of judicial economy favor withdrawal. Because it is essentially conceded that Defendants are entitled to a jury trial, it appears more efficient for this court to manage the case through the pretrial process." *Hutchins*, 2004 U.S. Dist. LEXIS 3279, at *5. The court also held that it was not necessary to determine whether it was a core or non-core matter as defendants had a right to a jury trial and therefore judicial economy would be best served by withdrawing the reference. Id. at *4.

One of the considerations to be made by a district court in considering a motion to withdraw the reference is whether the proceeding is a "core" or "non-core" proceeding. While, in the ordinary course, a complaint seeking to avoid a preferential transfer under 11 U.S.C. § 547 would be deemed to be a core proceeding, the Plaintiff has intimated in his Complaint the intent to make further, as yet unplead, objections in relation to Tech

---

[1] Tech Data recognizes that the United States District Court for the District of Delaware has issued conflicting opinions with respect to the timing of the withdrawal of the reference. *See Official Committee of Unsecured Creditors of the IT Group v. Advanced Masonry, Inc. (In re IT Group, Inc.)*, Civ. A. No. 04-1430-JJF (D. Del. Nov. 22, 2004), and *Official Committee of Unsecured Creditors of the IT Group v. Instrument Sciences and Tech, Inc. (In re IT Group, Inc.)*, Civ. A. No. 04-857-JJF (D. Del. Dec. 17, 2004).

Data as discovery in this case progresses.  And these unplead theories could give rise to non-core jurisdiction.  Further, given the confirmation of a Plan of Distribution in the Debtors' bankruptcy cases, the envelope of "core" jurisdiction for the Bankruptcy Court is waning.  Importantly, to the extent that non-core issues are raised in this matter, Tech Data has <u>not</u> consented to the Bankruptcy Court's authority or jurisdiction to enter final judgments or orders.

Further supporting Tech Data's Motion to Withdraw Reference, the Court is respectfully advised that the instant adversary proceeding may be withdrawn from the bankruptcy court without disrupting the pendency there of the main bankruptcy case or other, unrelated adversary proceedings.  Pursuant to *In re Horizon Air Inc.*, 156 B.R. 369 (N.D.N.Y. 1993), the reference for an adversary proceeding may be withdrawn without withdrawing the reference for the entire case.

Tech Data also observes that a Scheduling Order has only just been recently been entered by the Bankruptcy Court, such that the granting of this Motion will not delay or adversely impact the progress of this litigation.

*(Remainder of page intentionally left blank)*

<u>CONCLUSION</u>

Tech Data respectfully requests entry of an Order granting its within Motion to Withdraw Reference and transferring the within adversary proceeding to the United States District Court for the District of Delaware, and for such other and further relief as the Court determines to be just and equitable under the circumstances.

Dated:  July 18, 2005

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

/s/  Howard A. Cohen
Andrew J. Flame (DE 4398)
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE  19801
Telephone:    (302) 467-4200
Facsimile:     (302) 467-4201

- and -

ADORNO & YOSS, LLP
Charles M. Tatelbaum (Admitted Pro Hac Vice)
Stephen C. Hunt (Admitted Pro Hac Vice)
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone:    (954) 763-1200
Facsimile:     (954) 766-7800

Attorneys for Defendant and Movant,
Tech Data Corporation