IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ———————————————— | ) | |
| | ) | |
| KEITH F. COOPER, as Liquidating | ) | |
| Trustee of the Bridgeport Holdings Inc. | ) | |
| Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**LIQUIDATING TRUSTEE'S (1) RESPONSE TO THE MOTION OF
TECH DATA CORPORATION FOR DETERMINATION OF CORE MATTER
STATUS AND (2) OBJECTION TO DEFENDANT TECH DATA
CORPORATION'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY
PROCEEDING FROM THE UNITED STATES BANKRUPTCY COURT TO THE
<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr. (DE Bar No. 463)
Daniel B. Butz (DE Bar No. 4227)
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: (302) 658-9200

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus
Matthew S. Okin
Katy Gottsponer
1111 Louisiana Street, Suite 4400
Houston, TX  77002-5200
Telephone:  (713) 220-5800

*Co-Counsel to Keith F. Cooper, as the Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust*

August 1, 2005

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                          ii

INTRODUCTION                                                                1

FACTS                                                                       1

LEGAL ARGUMENT                                                              2

I.      RESPONSE TO CORE MATTER MOTION                                      2

II.     OBJECTION TO THE WITHDRAWAL MOTION                                  3

        A.      Although §157(d) of the Judiciary Code Permits
                Withdrawal of the Reference for Cause, the
                Bankruptcy Court is Best Equipped to Preside Over
                the Tech Data Adversary Proceeding at This Time.            4

        B.      Tech Data's Withdrawal Motion Based Upon a Jury
                Demand is Not Ripe for Determination at This
                Time.                                                       9

NOTICE                                                                     12

CONCLUSION                                                                 13

# TABLE OF CITATIONS

Page(s)

Cases

*Allied Stores Corp. v. Federal Insurance Co. (In re Federal Dept.
Stores, Inc.),*
144 B.R. 993 (Bankr. N.D. Ohio 1992) .................................... 12

*Auto Manuf. Specialties Co. v Sachs (In re Auto Specialties Manuf.
Co.),*
134 B.R. 227 (W.D.Mich. 1990) .................................... 6, 10

*Biglari Import & Export, Inc. v. Nationswide Mutual  Fire Ins. Co.
(In re Biglari Import & Export, Inc.),*
142 B.R. 777 (Bankr. W.D. Tex. 1992) .................................... 10

*Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.),*
372 F.3d 154 (3d Cir. 2004) .................................... 7

*Bowers v. McGladrey & Pullen (In re Florida Hotel Properties,
Ltd.),*
163 B.R. 757 (W.D. N.C. 1994) .................................... 12

*Business Communications, Inc. v. Freeman,*
129 B.R.165 (N.D.Ill. 1991) .................................... 6, 9, 11

*City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.,*
125 B.R. 645 (N.D. Ala. 1989) .................................... 5, 10, 11

*Colbert v. Anderson (In re Colbert),*
117 B.R. 51 (Bankr. D. Conn. 1990) .................................... 10

*Furniture Renters of Am., Inc. v. Nynex Info. Resources Co. (In re
Furniture Renters of Am., Inc.),*
162 B.R. 728 (D.Md. 1994) .................................... 12

*GE Capital Corp. v. Teo, No. 01-CV-1686(WGB),*
2001 U.S. Dist. LEXIS 22266 (D.N.J. Dec. 14, 2001) .................................... 10, 11

*Granfinanciera, S.A. v Nordberg,*
109 S.Ct. 2782 (1989) .................................... 10

*Gucci v. Gucci,*
1997 WL 122838 (S.D.N.Y. 1997) .................................... 6, 10

TABLE OF CITATIONS (continued)

Page(s)

*Hayes v. Royala, Inc.,*
    180 B.R. 476 (E.D. Tex. 1995)        9

*Hutchins v. APCC Services, Inc. (In re Star Creditor's Liquidating Trust),*
    No. 03-793-KAJ, 2004 U.S. Dist. LEXIS 3279 (D.Del.
    Mar. 3, 2004)        5, 6

*In re Big V Holding Corp.,*
    *No. 01-233 (GMS)*, 2002 U.S. Dist. LEXIS 12608 (D.Del.
    July 11, 2002)        5, 9

*In re GI Holdings, Inc.,*
    295 B.R. 211 (D.N.J. 2003)        6

*In re NDEP Corp.,*
    203 B.R. 905, (D.Del. 1996)        4

*Jobin v. Koepfer (In re M&L Bus. Machines Co., Inc.),*
    159 B.R. 932 (D.Colo. 1993)        11

*Keene Corp. v. Levy, Phillips, & Konigsberg (In re Keene Corp.),*
    182 B.R. 379 (S.D.N.Y. 1995)        9, 10

*McFarland v. Leyh,*
    40 F.3d 763 (5th Cir. 1994)        9

*Melon v. Delaware & Hudson Railway Co. (In re Delaware & Hudson Railway Co.,* 122 B.R. 887 (Bankr. D.Del. 1991)        4, 11

*NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.),*
    203 B.R. 905 (D.Del. 1996)        5

*Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers,*
    124 F.3d 999 (9th Cir. 1997)        5

*Shugrue v. Pension Benefit Guaranty Corporation (In re Ionosphere Clubs, Inc.),*
    142 B.R. 645 (S.D.N.Y. 1992)        12

*Wedtech Corp. Banco Popular De Puerto Rico (In re Wedtech Corp.),*
    94 B.R. 293 (S.D.N.Y. 1988)        12

<u>TABLE OF CITATIONS</u> (continued)

<u>Page(s)</u>

<u>Statutes</u>

28 U.S.C. § 157                                    1, 3, 4

28 U.S.C. § 1334                                        1

28 U.S.C. §§ 1408 and 1409                              1

<u>Other Authorities</u>

9 Collier on Bankruptcy                                 4

# **INTRODUCTION**

Keith F. Cooper (the "Liquidating Trustee"), as Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust (the "BHILT"), hereby files his response to the Motion of Defendant Tech Data Corporation for Determination of Core Matter Status ("Core Matter Motion") and objects to Defendant Tech Data Corporation's Motion to Withdraw Reference of Adversary Proceeding From the United States Bankruptcy Court to the United States District Court for the District of Delaware (the "Withdrawal Motion").

# **FACTS**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Section A of Article XI of the Plan (as defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Objection complies with the statutory requirements set forth in Local Rule 3007-1. In support of this Objection, the Liquidating Trustee respectfully represents as follows

On September 10, 2003 (the "Petition Date"), Bridgeport Holdings Inc. and its domestic affiliates (the "Debtors") filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Debtors' chapter 11 cases were consolidated with one another for procedural purposes.

On July 27, 2004, the Official Committee of Unsecured Creditors of the Debtors filed its proposed First Amended Plan of Distribution for Bridgeport Holdings Inc. and its Debtor Affiliates (the "Plan").

On September 24, 2004, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"), and on October 14, 2004, the Plan became effective.

Pursuant to the terms of the Plan and the Confirmation Order, the Liquidating Trustee, on behalf of all of the beneficiaries of the Liquidating Trust, is the designated representative of the Debtors' estates with respect to, and has been assigned, all causes of action arising under sections 542, 543, 544, 547 through 551, and 553 of the Bankruptcy Code.

On January 13, 2005, the Liquidating Trustee commenced the above-captioned adversary proceeding (the "Tech Data Adversary Proceeding") to recover preferential transfers from the Defendant in the amount of $19,176,871.27 (the "Preference Claim").

On July 18, 2005, Defendant filed the Withdrawal Motion seeking to withdraw the reference to the Tech Data Adversary Proceeding, in its entirety, from the Bankruptcy Court and the  Motion for Determination of Core Matter Status (the "Core Matter Motion") with respect to the Tech Data Adversary Proceeding.

## LEGAL ARGUMENT

I.      RESPONSE TO CORE MATTER MOTION.

The Liquidating Trustee does not object to the Core Matter Motion.  The claim brought by the Liquidating Trustee in the Tech Data Adversary Proceeding is a

3.

claim for recovery of a preferential transfer, pursuant to section 547(b) of the Bankruptcy Code. Section 157(b)(2)(F) specifically lists "proceedings to determine, avoid or recover preferences" as "core" proceedings. 28 U.S.C. §157(b)(2)(F). Further, section 157(b)(2)(O) sets forth that "other proceedings affecting the liquidation of the assets of the estate..." are also "core" proceedings. 28 U.S.C. §157(b)(2)(O). Accordingly, the Tech Data Adversary Proceeding is a core proceeding.[1]

II.      OBJECTION TO THE WITHDRAWAL MOTION.

        The Liquidating Trustee seeks denial of the Withdrawal Motion without prejudice, as the remedy sought by Defendant is premature and the Bankruptcy Court is the best forum to resolve pre-trial matters in connection with the Preference Claim. The Tech Data Adversary Proceeding is in its nascent stages, having barely commenced with initial discovery requests and responses. During this pre-trial period, the Bankruptcy Court has the requisite knowledge and experience to address and resolve technical issues in connection with the Preference Claim. Moreover, the outcome of the Preference Claim will result in a significant impact upon the Debtors' creditors, as beneficiaries of the Liquidating Trust. The Bankruptcy Court has experience with the administration of the Debtors' bankruptcy estates throughout the bankruptcy, and is the best suited forum for addressing the issues, including the Preference Claim, which arise out of these chapter 11 cases. In light of the importance of the Preference Claim to the creditors of the Debtors' estates, the Bankruptcy Court's technical skill and experience with the Debtors'

---

[1] The Liquidating Trustee has reserved his right to amend the complaint to bring additional claims arising from the same facts and circumstances. As the Liquidating Trustee has not yet sought to bring any such additional claims, the core/non-core status of the Tech Data Adversary Proceeding must be decided based upon the preference complaint alone.

bankruptcy, and the fact that the Tech Data Adversary Proceeding is merely beginning, the Withdrawal Motion is premature.  Accordingly, the Withdrawal Motion should be denied without prejudice.

> A.    Although §157(d) of the Judiciary Code Permits Withdrawal of the Reference for Cause, the Bankruptcy Court is Best Equipped to Preside Over the Tech Data Adversary Proceeding at This Time.

By the Withdrawal Motion, Defendant seeks discretionary withdrawal of the reference pursuant to section 157(d) of title 28.

Section 157(d) of title 28 provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown…" 28 U.S.C. § 157(d).

Under the permissive withdrawal standard, the burden to establish "cause" is on the movant. *In re NDEP Corp.*, 203 B.R. 905, 907 (D.Del. 1996).  Further, "Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Melon v. Delaware & Hudson Railway Co. (In re Delaware & Hudson Railway Co.*, 122 B.R. 887, 897 (Bankr. D.Del. 1991).

When determining whether cause exists, the court will examine numerous factors, including whether withdrawal (1) will promote uniformity of bankruptcy administration; (2) will reduce forum shopping and confusion; (3) will foster the economical use of the debtors' and creditors' resources; (4) will expedite the bankruptcy process; and (5) whether a right to jury trial exists." 9 Collier on Bankruptcy ¶ 5011-7 (citing *South St. Seaport Ltd. Partnership v. Burger Boys (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d. Cir. 1996)); see also, *Hutchins v. APCC Services, Inc. (In re Star Creditor's Liquidating Trust)*, No. 03-793-KAJ, 2004 U.S. Dist. LEXIS 3279 at *3

(D.Del. Mar. 3, 2004); *In re Big V Holding Corp., No. 01-233 (GMS)*, 2002 U.S. Dist. LEXIS 12608 *11 (D.Del. July 11, 2002)(these factors were "not designed to be exhaustive; they are only minimal standards"); *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 913 (D.Del. 1996)(factors are only the "minimal standards" as the list was not designed to be "exhaustive")(citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)(overturned district court's withdrawal of reference because "even under these minimal standards" movant did not show cause)). See also, *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)("a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.")(citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

As noted in Section III above, Defendant correctly concedes in the Core Matter Motion that the Tech Data Adversary Proceeding is a core proceeding. See Core Matter Motion at ¶ 9. The Bankruptcy Court is "uniquely qualified" to analyze and determine the technical bankruptcy matters under the Bankruptcy Code and pursuant to the Bankruptcy Rules, which will inevitably arise and require resolution throughout the Tech Data Adversary Proceeding. *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 646 (N.D. Ala. 1989).

By administering the Debtors' estates during the bankruptcy proceedings, the Bankruptcy Court has gained extensive institutional knowledge with respect to the Debtors' business, organization and financial affairs, pre-petition as well as during the bankruptcy. This familiarity with the Debtors' business will work to the benefit of the

6.

parties, as well as the unsecured creditors of the Debtors' estates, because it will facilitate a more efficient administration of the pre-trial phase of the Tech Data Adversary Proceeding in the Bankruptcy Court.  See e.g., *Gucci v. Gucci*, 1997 WL 122838 (S.D.N.Y. 1997)("the interests of judicial economy will be well served by having this case before the Bankruptcy Court that already has extensive knowledge of the complex underlying transactions and occurrences"). See also, *Auto Manuf. Specialties Co. v Sachs (In re Auto Specialties Manuf. Co.)*, 134 B.R. 227, 229 (W.D.Mich. 1990)(district court denied motion to withdraw the reference without prejudice, finding that it would be "advantageous to all parties to permit [the bankruptcy judge], who is familiar with the dynamics and history of the case, to continue shepardizing it to resolution" until the case became ready for trial); *In re GI Holdings, Inc.*, 295 B.R. 211 (D.N.J. 2003)(denying motion to withdraw the reference as to estimation proceedings, finding that judicial economy is better served by having the "Bankruptcy Court, with over 24 months experience" in the bankruptcy case); *Business Communications, Inc. v. Freeman*, 129 B.R.165, 166 (N.D.Ill. 1991)(the Bankruptcy Court is in the "best position to monitor the progress of the litigation as [the Bankruptcy Judge] is overseeing the bankruptcy," because from that "vantage point, the bankruptcy judge can ensure the uniform, efficient administration of the bankruptcy estate.").

As support for the Withdrawal Motion, Defendant relies upon the district court's holding in *Hutchins v. APCC Services, Inc. (In re Star Creditor's Liquidating Trust)*, No. 03-793-KAJ, 2004 U.S. Dist. LEXIS 3279 at *3 (D.Del. Mar. 3, 2004), which granted the movant-defendant's motion to withdraw the reference.  The objecting-plaintiff in Hutchins, however, had (1) conceded that the movant was entitled to a jury

trial and (2) failed to provide any explanation supporting the argument that judicial economy would be furthered by denial of the motion. Unlike the facts in Hutchins, the Liquidating Trustee has not conceded that Defendant is entitled to a jury trial. Further this Objection demonstrates that withdrawal of the reference at this time would not further judicial economy, but would, rather, detrimentally affect the uniform and efficient administration of the Tech Data Adversary Proceeding, and, thus, the liquidation of these estates.

Defendant also contends that "given the confirmation of a Plan of Distribution in the Debtors' bankruptcy cases, the envelope of 'core' jurisdiction for the Bankruptcy Court is waning." See Withdrawal Motion at p.4. This assertion fails to recognize that the Bankruptcy Court's jurisdiction over the Preference Claim and Tech Data Adversary Proceeding remains unaffected by the status of the main bankruptcy case. See Plan at Art. XI, O ("the Bankruptcy Court shall retain exclusive jurisdiction" over all matters arising out of the Chapter 11 Cases and the Plan, including jurisdiction to: "[h]ear and determine all matters related to Causes of Action brought by the Liquidating Trust"); Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 161 (3d Cir. 2004)(retention of jurisdiction provisions will be given effect).

Defendant also overlooks the critical fact that the Liquidating Trustee is pursuing the Preference Claim on behalf of the Debtors' estates and all of the unsecured creditors of those estates. In other words, the liquidation of the Debtors' estates and distribution to the Debtors' creditors is directly affected by the avoidance claims assigned to the Liquidating Trustee pursuant to the terms of the Plan and Confirmation Order.

8.

The Liquidating Trustee and the Debtors' unsecured creditors are all acutely aware that the Tech Data Adversary Proceeding comprises the largest single preference action assigned to the Liquidating Trustee. The outcome of the Tech Data Adversary Proceeding will have an enormous impact on the Debtors' liquidation of assets and, therefore, the ultimate distribution to the unsecured creditors of the Debtors' estates.

Further, Defendant has asserted that its Withdrawal Motion is intended to "promote judicial economy" and makes reference to an "extraordinarily heavy case load and burdens placed upon Judge Walsh…" See Withdrawal Motion at ¶16-18. This rationale, however, fails to acknowledge that the Bankruptcy Court already has in place a mechanism for referring certain adversary proceedings to another Bankruptcy Judge in order to facilitate the Bankruptcy Court's docket. Indeed, with the exception of the Tech Data Adversary Proceeding, Judge Walsh has previously referred all preference cases filed as adversary proceedings in these bankruptcy cases to Judge Lindsey. Therefore, with full knowledge of the current case load and obligations, the Bankruptcy Court deliberately reserved the Tech Data Adversary Proceeding.

Upon consideration of the relevant factors, including uniformity of bankruptcy administration, expediting the bankruptcy process, efficient use of judicial resources, and the economic use of the Debtors' and creditors' limited resources, all weigh heavily in favor of entrusting the Tech Data Adversary Proceeding to the Bankruptcy Court, which is best-equipped and capable of hearing core matters.

B.    Tech Data's Withdrawal Motion Based Upon a Jury
      Demand is Not Ripe for Determination at This
      Time.

Whether Tech Data has a right to a jury trial in the Tech Data Adversary

Proceeding is an issue that is not yet ripe for determination.  Withdrawal of the reference

based on the ground that a party is entitled to a jury trial "should be deferred until the

case is 'trial ready.'"  *In re Big V Holding Corp.*, No. 01-233 (GMS), 2002 U.S. Dist.

LEXIS 12608 *11 (D.Del. July 11, 2002)(District court denied motion to withdraw the

reference, holding that it "would be premature to withdraw the reference to the

bankruptcy court based upon the unfixed proposition that a jury trial may occur in the

future" and "at the present time, the case is not ready for trial.")(citing *In re Northwestern*

*Institute of Psychiatry, Inc.*, 268 B.R. 79, 84 (E.D.Pa. 2001).  See also, *McFarland v.*

*Leyh*, 40 F.3d 763, 772-73 (5th Cir. 1994)(in a bankruptcy proceeding, no right to jury

trial arises until a jury issue is before the court); *Keene Corp. v. Levy, Phillips, &*

*Konigsberg (In re Keene Corp.)*, 182 B.R. 379 (S.D.N.Y. 1995)(denied motion for

withdrawal of the reference, finding that the issue was "not ripe" in the "initial stages" of

the adversary proceeding when "the bankruptcy court is fully equipped with the tools to

proceed in this matter"); *Hayes v. Royala, Inc.*, 180 B.R. 476, 477 (E.D. Tex. 1995)("this

court will not grant a motion to withdraw until it is readily apparent that Plaintiffs' case

will require a trial by jury"); *Business Communications, Inc. v. Freeman*, 129 B.R. 165,

166 (N.D. Ill. 1991)(district court denied motion to withdraw the reference, finding that

"defendants have not shown that will suffer any measurable injury or prejudice is the case

is not withdrawn now" at "this preliminary stage of the litigation").

In the Withdrawal Motion, Defendant concedes that the Tech Data

Adversary Proceeding is merely in the early stages of discovery, noting "that a

Scheduling Order has only just recently been entered by the Bankruptcy Court…" <u>See</u> Withdrawal Motion at p.4.   Whether removal of the Tech Data Adversary Proceeding to the District Court is appropriate, or warranted, is a question that will become ripe for determination when and if the Tech Data Adversary Proceeding becomes ready for trial. <u>See</u> *Auto Specialties Manuf. Co. v. Sachs*, 134 B.R. 227 (W.D.Mich. 1990)(court determined that motion seeking withdrawal of the reference based upon jury demand was "premature" and "will become a question ripe for determination if and when the case becomes trial ready"); *Biglari Import & Export, Inc. v. Nationswide Mutual Fire Ins. Co. (In re Biglari Import & Export, Inc.)*, 142 B.R. 777, 785 (Bankr. W.D. Tex. 1992); *Gucci v. Gucci*, 1997 WL 122838 (S.D.N.Y. 1997)(District court denied the motion for withdrawal of the reference at "the present infant stage of the proceeding" without prejudice and until such time as the "case becomes trial ready."); *Colbert v. Anderson (In re Colbert)*, 117 B.R. 51, 54 (Bankr. D. Conn. 1990).

        The "mere fact that a defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy." *GE Capital Corp. v. Teo, No. 01-CV-1686(WGB)*, 2001 U.S. Dist. LEXIS 22266 at *14 (D.N.J. Dec. 14, 2001).

        The U.S. Supreme Court's opinion in *Granfinanciera, S.A. v Nordberg*, 109 S.Ct. 2782 (1989), permitting withdrawal of the reference for a jury trial, "certainly does not hold that references of . . . actions must be withdrawn immediately upon jury demand." *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 646 (N.D. Ala. 1989); <u>see also</u>, *Keene Corp. v. Levy, Phillips, & Konigsberg (In re Keene Corp.*, 182 B.R. 379 (S.D.N.Y. 1995)(district court denied motion to withdraw the

reference at the present time, noting that "a rule that would require a district court to withdraw the reference simply because a party is entitled to a jury trial, regardless of how far along a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme.").

Moreover, even when a movant has demanded a jury trial, Bankruptcy Courts have the authority to supervise discovery, conduct pretrial conferences, and rule on motions. See, e.g., *GE Capital Corp. v. Teo*, No. 01-CV-1686(WGB), 2001 U.S. Dist. LEXIS 22266 at *14 (D.N.J. Dec. 14, 2001)("even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'")(citing, *In re Lands End Leasing, Inc.*, 193 B.R. 426, 436 (Bankr.D.N.J. 1996)); *Melon v. Delaware & Hudson Railway Co. (In re Delaware & Hudson Railway Co.*, 122 B.R. 887, 897 (Bankr. D.Del. 1991)(denied withdrawal of the reference as to core proceedings, granted withdrawal "just prior to trial" for noncore proceeding); *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 646 (N.D. Ala. 1989)(the "Bankruptcy Court is uniquely qualified and has authority, even in actions such as this in which a jury trial has been demanded, to supervise discovery and conduct pretrial conferences and rule on motions."); *Business Communications, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D.Ill. 1991)(prior to the time a the case becomes "trial ready", the "bankruptcy court can properly resolve pretrial interlocutory questions" and "make recommendations based on its findings of fact and conclusions of law" on dispositive motions); *Jobin v. Koepfer (In re M&L Bus. Machines Co., Inc.)*, 159 B.R. 932 (D.Colo. 1993)(bankruptcy court

12.

conducted pre-trial matters, including final orders with respect to discovery); *Wedtech Corp. Banco Popular De Puerto Rico (In re Wedtech Corp.)*, 94 B.R. 293, 295 (S.D.N.Y. 1988). See also, *Shugrue v. Pension Benefit Guaranty Corporation (In re Ionosphere Clubs, Inc.)*, 142 B.R. 645 (S.D.N.Y. 1992)(District Court determined that preference action should remain in the bankruptcy court prior to trial because of bankruptcy court's familiarity with the bankruptcy case).

Further, bankruptcy courts commonly handle pre-trial matters when a motion to withdraw the reference is pending. See, e.g., *Bowers v. McGladrey & Pullen (In re Florida Hotel Properties, Ltd.)*, 163 B.R. 757, 760 (W.D. N.C. 1994); *Allied Stores Corp. v. Federal Insurance Co. (In re Federal Dept. Stores, Inc.)*, 144 B.R. 993, 997 (Bankr. N.D. Ohio 1992); *Furniture Renters of Am., Inc. v. Nynex Info. Resources Co. (In re Furniture Renters of Am., Inc.)*, 162 B.R. 728 (D.Md. 1994).

## NOTICE

The Liquidating Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; and (ii) those persons who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is required.

13.

## CONCLUSION

For all of the foregoing reasons, it is appropriate for the Bankruptcy Court to retain jurisdiction of the Tech Data Adversary Proceeding at this time. Accordingly, the Withdrawal Motion filed by Tech Data should be denied without prejudice. The Liquidating Trustee respectfully requests that the District Court deny the Motion without prejudice, and grant the Liquidating Trustee such other and further relief as the District Court deems just and proper.


Dated: Wilmington, Delaware    **MORRIS, NICHOLS, ARSHT & TUNNELL**
        August 1, 2005

*/s/ Daniel B. Butz*
William H. Sudell, Jr. (DE Bar No. 463)
Daniel B. Butz (DE Bar No. 4227)
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: (302) 658-9200

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
S. Margie Venus
Matthew S. Okin
Katy Gottsponer
1111 Louisiana Street, Suite 4400
Houston, TX 77002-5200
Telephone: (713) 220-5800

*Co-Counsel to Keith F. Cooper, as the Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust*

476741