# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| KEITH F. COOPER, As Liquidating Trustee Of The Bridgeport Holdings Inc. Liquidating Trust, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 (PJW) |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT TECH DATA CORPORATION'S REPLY
TO LIQUIDATING TRUSTEE'S (1) RESPONSE TO THE MOTION OF
TECH DATA CORPORATION FOR DETERMINATION OF CORE MATTER
STATUS AND (2) OBJECTION TO DEFENDANT TECH DATA CORPORATION'S
MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING FROM
THE UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

———————————————

| | |
|---|---|
| Howard A. Cohen (DE 4082) | Charles M. Tatelbaum |
| 1100 N. Market Street | Stephen C. Hunt |
| Wilmington, DE 19801 | 350 E. Las Olas Blvd., Suite 1700 |
| Telephone: (302) 467-4200 | Ft. Lauderdale, FL 33301 |
| Facsimile: (302) 467-4201 | Telephone: (954) 763-1200 |
| DRINKER BIDDLE & REATH LLP | Facsimile: (954) 766-7800 |
| | ADORNO & YOSS, LLP |

*Attorneys for Defendant and Movant,*
TECH DATA CORPORATION

WM\4577\1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| KEITH F. COOPER, As Liquidating Trustee Of The Bridgeport Holdings Inc. Liquidating Trust, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 (PJW) |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT TECH DATA CORPORATION'S REPLY
TO LIQUIDATING TRUSTEE'S (1) RESPONSE TO THE MOTION OF
TECH DATA CORPORATION FOR DETERMINATION OF CORE MATTER
STATUS AND (2) OBJECTION TO DEFENDANT TECH DATA CORPORATION'S
MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING FROM
THE UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

TECH DATA CORPORATION, the defendant and movant herein ("Tech Data" or the "Defendant"), by and through its undersigned counsel, submits this Reply to Liquidating Trustee's (1) Response To The Motion Of Tech Data Corporation For Determination Of Core Matter Status And (2) Objection To Defendant Tech Data Corporation's Motion To Withdraw Reference Of Adversary Proceeding From The United States Bankruptcy Court To The United States District Court For The District Of Delaware (the "Response") filed by plaintiff Keith F. Cooper (the "Plaintiff") and respectfully states as follows:

## REPLY TO PLAINTIFF'S ARGUMENTS

Due to the fact that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") cannot conduct a jury trial in this adversary proceeding, Tech Data's Motion to Withdraw the Reference (the "Motion to Withdraw") should be immediately granted.

In opposing the Motion to Withdraw, Plaintiff fails to acknowledge that the Bankruptcy Court cannot conduct a jury trial in this proceeding. A bankruptcy court has jurisdiction to conduct a jury trial only "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties" 28. U.S.C. § 157(e) (emphasis added). The United States District Court for the District of Delaware (the "District Court") has not designated the Bankruptcy Court to conduct a jury trial, nor has the Defendant consented to the Bankruptcy Court conducting a jury trial. Despite Plaintiff's failure to concede Defendant's right to a jury trial, based upon the fact that Defendant did not file a proof of claim in the above bankruptcy case, it has the right to a jury trial in the instant proceeding. Therefore, the Motion to Withdraw should be immediately granted.

Additionally, notwithstanding Plaintiff's argument to the contrary, the mere fact that the case is not "trial ready" does not preclude the District Court from immediately granting the Motion to Withdraw. In fact, in <u>Chad Shandler v. A J Oster Co.</u>, Civ. No. 05-00337 (GMS) the District Court recently granted a motion to withdraw the reference in a proceeding that was not "trial ready" and under similar circumstances to the instant proceeding.[1] Accordingly, Defendant submits that the instant proceeding should be immediately withdrawn from the Bankruptcy Court.

---

[1] Due to facts which are inapplicable to the instant proceeding, a motion to vacate the withdrawal order was filed with the District Court.

## **CONCLUSION**

Wherefore, Defendant requests that this Court enter an order withdrawing immediately the reference to the Bankruptcy Court and transferring this proceeding to the District Court for all purposes.

Dated: August 4, 2005

        Respectfully submitted,

        DRINKER BIDDLE & REATH LLP

        /s/ Howard A. Cohen
        Howard A. Cohen (DE 4082)
        1100 N. Market Street, Suite 1000
        Wilmington, DE 19801
        Telephone:    (302) 467-4200
        Facsimile:    (302) 467-4201

        - and -

        Of Counsel:
        ADORNO & YOSS, LLP
        Charles M. Tatelbaum (Fla.Bar No. 177540)
        Stephen C. Hunt (Fla.Bar No. 191582)
        350 E. Las Olas Blvd., Suite 1700
        Fort Lauderdale, FL 33301
        Telephone:    (954) 763-1200
        Facsimile:    (954) 766-7800

        Attorneys for Defendant and Movant,
        Tech Data Corporation