IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC. et al. | ) | Case No. 03-12825 (PJW) |
| | ) | |
|     Reorganized Debtors, | ) | |

| | | |
|---|---|---|
| | ) | |
| KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust, | ) ) ) | Civil Proc. No. 05-00622 (GMS) |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| TECH DATA CORPORATION | ) | |
| | ) | |
|     Defendant. | ) | |

### JOINT STATUS REPORT

**1.   Jurisdiction and Service**

Plaintiff's Position:

The parties agree that the Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334. This lawsuit is a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(E). Defendant, Tech Data Corporation ("Tech Data" or "Defendant"), filed a motion requesting that this Court withdraw the automatic reference of this matter to the bankruptcy court; that motion was granted on September 26, 2005. Venue is proper under 28 U.S.C. §§ 1408 and 1409. All parties in this action have been served and appeared herein.

Defendant's Position:

Defendant concurs with the Plaintiff's Position.

**2.   Substance of the Action**

Plaintiff's Position:

Plaintiff filed this lawsuit against Defendant, Tech Data, seeking the recovery of $19,176,871.27 in preferential transfers made to Tech Data (the "Transfers") during the 90-

day period immediately prior to the bankruptcy filings of Bridgeport Holdings, Inc., MicroWarehouse, Inc., MicroWarehouse of Ohio, Inc. and MicroWarehouse Gov/Ed, Inc. (collectively the "Debtors") on September 10, 2003 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Plaintiff is the liquidating trustee of the Bridgeport Holdings, Inc. Liquidating Trust (the "Trust"). Plaintiff was appointed by the Bankruptcy Court to oversee the Trust's operations including the pursuit various claims and causes of action belonging to the Debtors' estates, the liquidation any of the Debtors' remaining assets, and making distributions to the Debtors' unsecured creditors.

In his Complaint, the Plaintiff alleges that: (1) Defendant received the Transfers on account of debts owed by the Debtors to the Defendant; (2) the Transfers were transfers of an interest of the Debtors in property for or on account of an antecedent debt owed by the Debtors to the Defendant; (3) at the time of the Transfers, the Debtors were insolvent (as that term is defined in §§ 101(32) and 547 of the Bankruptcy Code); (4) due to its receipt of the Transfers, the Defendant has received more than it would have if (a) the Debtors' cases had been filed under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code; and (5) the making of these Transfers constitutes an avoidable preference under 11 U.S.C. § 547, and the Transfers are recoverable from the Defendant pursuant to 11 U.S.C. § 550.

Defendant's Position:

Defendant disputes the Plaintiff's allegations, specifically denying that the Debtors were insolvent and that the transfers were made on account of antecedent debts. Defendant (1) asserts the affirmative defense that the transactions between the Defendant and the Debtor took place in the ordinary course of business pursuant to Bankruptcy Code § 547(c)(2); (2)

2

asserts the affirmative defense that it provided new value to the Debtor, pursuant to Bankruptcy Code §§ 547(c)(1) and 547 (c)(4); (3) that it has rights to payment on a claim pursuant to Bankruptcy Code § 502(h); (4) that it has the right to seek a replacement lien pursuant to Bankruptcy Code § 550(e); (5) that statute and/or contract does not authorize the recovery of attorney's fees by the Plaintiff; and (6) that there is no debtor-creditor relationship between the respective transferor Debtor(s) and the Defendant.

**3.  Identification of Issues**

*See* Narrowing of Issues.

**4.  Narrowing of Issues**

Plaintiff's Position:

Plaintiff's case primarily consists of (1) proving the source, destination, and content of the Transfers, (2) establishing the insolvency of the Debtors at the time the Transfers were made (the Debtors are presumed to have been insolvent on and during the 90 day period prior to the Petition Date pursuant to §547 (f) of the Bankruptcy Code), and (3) proving that, due to the Transfers, the Defendant received more than it would have if the Debtors' cases were cases under chapter 7 of the Bankruptcy Code.

The relationship between the Debtors and the Defendant during the 90-day pre-petition period was intense. During this short time period, the Debtors made approximately 170 separate payments to the Defendant which were intended to satisfy more than 31,000 individual invoices from the Defendant to the Debtors. Plaintiff has attempted, through discovery, to identify which Transfers, if any the Defendant actually disputes having received and specifically which invoices Defendant believes each of these Transfers paid. Although more than 7 months ago Plaintiff served Defendant with Requests for Admission and Interrogatories seeking to obtain this information (on June 16, 2005), at present, the Defendant has failed to provide any responsive information that might be used to determine

which Transfers are disputed. Plaintiff believes that once the Defendant fully complies with the outstanding discovery requests, its claims will be very straightforward and significantly narrower than at present.

In relation to the above-referenced transfers to Tech Data, also at issue is the specific MicroWarehouse entity that was obligated on each Tech Data invoice. Three separate entities existed, but Tech Data treated the Debtors as a single account and all payments (for all three entities) were made by a single entity, MicroWarehouse, Inc. Plaintiff believes that responsiveness to discovery requests and depositions will enable resolution of this issue.

Upon resolution of these issues, Plaintiff should be able to try the majority of the elements of its cause of action by stipulating to the basic facts, leaving the trial to focus primarily on the Defendant's affirmative defenses.

<u>Defendant's Position:</u>

The Defendant disputes much of the Plaintiff's Position as stated above as being an inaccurate and biased description of prior events and the current status of this matter. Issues currently exists between the parties regarding discovery compliance, and the purpose of this Joint Statement should not serve as a substitute for a discovery motion, and compliance with the Local Rules pertaining to discovery disputes. For its part, Defendant maintains that the Plaintiff has failed to comply with its initial written discovery requests to a substantial degree. Further, Defendant maintains that the Plaintiff is several weeks outstanding with a second set of written document requests, with no prospect of when the Plaintiff shall be in compliance therewith. Defendant expects that the parties shall confer and continue to amicably resolve outstanding discovery issues, and that the Local Rules shall be complied with before discovery motions are filed with the Court.

Notwithstanding the above, given the denials, defenses and affirmative defenses raised by the Defendant, and absent a ruling on a dispositive motion by the Court, the

Defendant does not anticipate that the legal issues are capable of being narrowed in the near future.

**5.  Relief**

Plaintiff's Position:

Plaintiff seeks the avoidance of the transfer payments to Tech Data totaling $19,176,871.27 as preferential transfers pursuant to § 547 of the Bankruptcy Code. The Plaintiff also seeks pre-judgment interest, costs, and attorney's fees.

Defendant does not have any counterclaim in this lawsuit.

Defendant's Position:

Defendant claims that the Plaintiff is not entitled to any relief.

**6.  Amendment of Pleadings**

Plaintiff's Position:

Plaintiff is not requesting any amendments to the pleadings at this time. Plaintiff does, however, anticipate that he may seek to amend his complaint in the future in order to plead an alternative cause of action for recovery of the Transfers as fraudulent transfers pursuant to § 548 of the Bankruptcy Code.

Defendant previously filed a motion to dismiss this lawsuit based in part upon the theory that the Plaintiff had not plead its cause of action with the necessary sufficiency to satisfy Federal Rule of Civil Procedure 8 (the "Motion to Dismiss"). The Defendant maintained in the Motion to Dismiss that the Plaintiff was required to identify the specific Debtor making each Transfer and to identify the specific Debtor who owed each debt that was satisfied by a Transfer. The Bankruptcy Court denied the Motion Dismiss on July 1, 2005, finding in part that the Plaintiff had satisfied the applicable requirements for notice pleading.

Plaintiff maintains that the Debtors and their creditors routinely disregarded any legal distinction between each of the Debtors and that creditors, including the Defendant, expected that they would have recourse against all of the Debtors' assets in order to collect their debts. Because of this co-mingling of the assets, liabilities and identities of the various Debtors, the Bankruptcy Court, in its September 21, 2004 order confirming the Official Committee of Unsecured Creditors' First Amended Plan of Distribution for Bridgeport Holdings, Inc. and its Debtor Affiliates, specifically found that "all assets and liabilities of the Debtors shall be treated as though they were merged," and that "any obligation of any Debtor and all guarantees thereof shall be deemed to be one obligation of the consolidated Debtors . . . ." The Bankruptcy Court's finding regarding the propriety of consolidating the Debtors for purposes of paying claims makes it unnecessary for the Plaintiff to distinguish between the Debtors in order to prove its prima facie case under § 547(b) of the Bankruptcy Code. The Plaintiff expects, however, that out of an abundance of caution, it will seek to add an alternative cause of action for fraudulent transfer. As this additional cause of action will be based upon the identical facts and circumstances as the cause of action already plead by Plaintiff, an amendment will not cause any prejudice to Defendant or delay the trial of this lawsuit.

<u>Defendant's Position:</u>

Defendant suggests that rather than rely upon the Plaintiff's statements above (which are disputed) the Court should set a deadline by which amendments to pleadings must be filed.

**7.   Joinder of Parties**

The parties do not anticipate joining any additional parties.

**8.     Discovery**

Plaintiff's Position:

Because this is not a complex lawsuit, discovery has been – and should continue to be – very straightforward. The parties have worked together in good faith to conduct discovery prior to receiving a scheduling order from this Court. Under a previous agreed scheduling order in the bankruptcy court, the parties were to complete fact discovery by November 30, 2005 and expert discovery by January 31, 2006. At present, Plaintiff believes that discovery can be completed in 3-4 months.

To date, both sides have served written discovery requests and the Defendant's corporate representative has been deposed. The parties have agreed to further depositions of agreed witnesses as outlined below.

There is dispute concerning the discovery responses and production of documents by both sides. The Defendant has refused to produce a number of responsive, relevant documents – generally electronic mail between Tech Data employees – under the guise that such e-mails are privileged. Plaintiff vigorously disputes this characterization as an improper shielding of discoverable documents. Moreover, Plaintiff contends that the Defendant has filed to provide meaningful responses to Plaintiff's interrogatories and requests for admission. Unless there is resolution to this issue in the immediate future, Plaintiff may seek assistance of the court. However, it is Plaintiff's hope that further court intervention may be avoided.

In future discovery, Plaintiff plans to depose at least two more of Defendant's current employees and at least one former employee of the Debtors. Defendant plans to depose at least two people related to the Trust. The parties anticipate that they will enlist one expert each. To simplify expert discovery, the parties are willing to exchange expert reports in

advance of the deposition date. Assuming that the above-mentioned discovery disputes can be resolved, discovery should be complete at the end of May 2006.

Defendant's Position:

The Defendant asserts that the above recitation by the Plaintiff does not accurately set forth the Defendant's position. Further discovery must be conducted by way of completion of outstanding written discovery, with the strong probability that there will be further written discovery requests propounded based upon the responses. The Defendant will depose such fact witnesses as are necessary after a review of the completed written discovery. Defendant currently contemplates as many as three expert witnesses, and expects that these witnesses will be deposed by the Plaintiff. The Defendant further expects to depose any experts designated by the Plaintiff.

Due to the numerosity of the transactions, and the complexity of the issues, the Defendant believes that a realistic discovery deadline should be August 31, 2006.

**9.     Estimated trial length.**

Plaintiff's Position:

Plaintiff estimates that three days will be required for trial.

Defendant's Position:

Defendant estimates that a trial by jury will require a minimum of five to six full days (until 5:15 p.m.).

**10.    Jury Trial**

Defendant has demanded a jury trial. Plaintiff disputes that Defendant is entitled to a jury trial.

**11.    Settlement**

Plaintiff's Position:

There have been no settlement discussions as of this date. The parties, however, previously discussed the potential for mediation of this matter in February 2006,. Both parties are willing to mediate this dispute upon completion of the depositions outlined above. Furthermore, Plaintiff is amenable to the appointment of a magistrate for mediation proceedings.

Defendant's Position:

The Defendant agrees with most of the above statements, except believes that a mediator from the District's bankruptcy court mediation panel would be more familiar with the complex legal issues presented than a magistrate judge. Accordingly, the Defendant does not presently consent to the jurisdiction of the magistrate judge for non-dispositive motion practice or mediation.

**12.    Other matters**

Plaintiff's Position:

While in the bankruptcy court, the parties had already agreed on a scheduling order in this lawsuit. Under that order, all fact discovery was to be completed by November 30, 2005 and all expert discovery by January 31, 2006. There is nothing that prevents entry of a similar scheduling order, adjusted only to account for the assumption of this matter by this Court.

Defendant's Position:

The Defendant asserts that the above comments do not accurately reflect the Defendant's position or the procedural history of this matter. During a bankruptcy court status conference, the Defendant advised the bankruptcy judge and Plaintiff that it would be asserting a jury demand and moving to withdraw the reference of this adversary proceeding.

With respect to a scheduling order, Defendant asserted through counsel that such was to be an interim order only, with the expectation and reservation of rights that the schedule would be revisited after the resolution of Defendant's motion to withdraw the reference. Upon the withdrawal of the reference by this Court, the Defendant promptly requested a scheduling conference in order to re-visit the interim scheduling order issued by the bankruptcy court.

The parties have conferred on each of the matters outlined herein.

Dated: January 19, 2006

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | DRINKER, BIDDLE & REATH LLP |
| /s/ Daniel B. Butz<br>William Sudell (No. 0463)<br>Daniel B. Butz (No. 4227)<br>1201 North Market Street<br>Wilmington, DE 19899<br>(302) 575-7284<br>(302) 425-4685 (fax) | /s/ Howard A. Cohen<br>Andrew J. Flame (DE 4398)<br>Howard A. Cohen (DE 4082)<br>1100 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 467-4200<br>Facsimile: (302) 467-4201 |
| -and- | -and- |
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>S. Margie Venus<br>Matthew S. Okin<br>Jonathan S. Schmitt<br>1111 Louisiana Street, 44th Floor<br>Houston, TX 77002<br>(713) 220-5800<br>(713) 236-0822 (fax) | ADORNO & YOSS LLP<br>Charles M. Tatelbaum<br>(Admitted Pro Hac Vice)<br>Stephen C. Hunt<br>(Admitted Pro Hac Vice)<br>350 E. Las Olas Blvd., Suite 1700<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 763-1200<br>Facsimile: (954) 766-7800 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

502786