## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: BRIDGEPORT HOLDINGS, INC., et al.[1] | Bankruptcy Case No. 03-12825 (PJW) |
| KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust,<br><br>     Plaintiff,<br><br>v.<br><br>TECH DATA CORPORATION,<br><br>     Defendant. | Civil Action No. 05-622 GMS |

## SCHEDULING ORDER

The Court, having conducted a status conference on January 26, 2006 (the "Status Conference") with respect to the above-captioned action (the "Action"); and the Court having considered the suggestions of counsel for the parties; and good cause appearing therefor,

IT IS ORDERED that:

1.    **Amendment of Pleadings.**   All motions to amend or supplement the pleadings shall be filed on or before forty-five (45) days from the date of the Status Conference.

2.    **Discovery Matters.**

    a.    **Fact Discovery Cut-Off.**   All fact discovery in these cases shall be initiated so that it will be completed on or before July 3, 2006.

    b.    **Discovery Disputes.**   Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.   Not less than forty-eight hours prior to the conference, by hand

---

[1] The Debtors are the following entities: Bridgeport Holdings, Inc., WHSU, Inc. f/k/a Micro Warehouse, Inc., WHSU Ohio, Inc. f/k/a Micro Warehouse of Ohio, Inc., WHSU Gov/Ed, Inc. f/k/a Micro Warehouse Gov/Ed, Inc., and WHSU International, Inc. f/k/a Micro Warehouse International, Inc.

delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO-PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

     3.     **Expert Disclosures and Discovery.**  The parties shall exchange their expert disclosures on or before July 28, 2006.  Any rebuttal expert reports are to be exchanged no later than August 11, 2006.  Expert depositions are to be completed by August 31, 2006.

     4.     **Mediation.**  The parties shall file a stipulation regarding appointment of a mediator.  An initial mediation session with counsel and clients shall be scheduled and take place on or prior to July 28, 2006.

     5.     **Case-Dispositive Motions.**  All case-dispositive motions, and accompanying opening brief and affidavits, if any, in support of the motion shall be served and filed on or before September 15, 2006.  Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.

     6.     **Applications by Motion.**  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or

correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7.      **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

8.      **Pretrial Conference**.  On February 6, 2007, the Court will hold a Pretrial Conference with counsel beginning at 11 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3) made applicable to these proceedings by Federal Rule of Bankruptcy Practice and Procedure 7026.  Thirty (30) days before the joint proposed pretrial order is due, Plaintiff's counsel shall forward to each Defendant's counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to Plaintiff's counsel any comments on the Plaintiff's draft as well as the information Defendant proposes to include in the proposed pretrial order.  The parties shall file with the Court a Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order located on the Court's website at www.ded.uscourts.gov on or before January 16, 2007.

9.      **Trial**.  These matters are scheduled for a five (5) day jury trial (subject to Plaintiff's right to challenge Defendant's jury demand) beginning on February 26, 2007.

10.     **This Order**.  Counsel for the Plaintiff shall cause a copy of this Order to be filed in this Action.

11.    **Amendments.**  This Order shall control the subsequent course of the Adversary Actions unless the parties stipulate in writing to any amendments to the deadlines set forth herein.

                                           _____

Honorable Gregory M. Sleet
United States District Court Judge

503880v2