February 23, 2006

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Wilmington, DE 19801

    Re:    *In re Bridgeport Holdings, Inc.*; *Keith F. Cooper v. Tech Data Corporation*; Civil Action No. 05-00622; In the United States District Court for the District of Delaware.

Dear Judge Sleet:

    In accordance with the scheduling order in the above-captioned lawsuit, this letter provides a brief factual background and agenda concerning the discovery dispute that will be addressed in a telephone conference before the Court on Monday, February 27, 2006 at 9:30 am. Despite numerous attempts to resolve this dispute, the parties have been unable to resolve their disagreement. I have conferred with Defendant's counsel regarding the contents of this letter, and Defendant has provided the additional information provided in Section III of this letter. Defendant has also requested that I include information regarding a discovery issue unrelated to the Defendant's privilege log, the purpose for which the conference was originally scheduled. I have informed Defendant's counsel that they must inform the Court of the need to hear their issue and prepare a separate letter agenda.

I.    FACTUAL BACKGROUND

    A.    This lawsuit is a preference action arising out of the bankruptcy cases filed by MicroWarehouse, Inc. and its affiliates (the "Debtors") in 2003. The Plaintiff, Keith Cooper, is the liquidating trustee appointed to oversee the liquidating trust established for the benefit of the estates' unsecured creditors, pursuant to the order confirming the Debtors' plan of liquidation. Plaintiff has sued to recover more than $19 million in transfers made by the Debtors to the Defendant during the 90-day period prior to the Debtors' Petition Date, September 10, 2003.

    B.    On July 22, 2005, in response to Plaintiff's First Set of Requests for Production, the Defendant provided the Plaintiff with the privilege log that is attached to this letter as <u>Exhibit A</u>.

    C.    On February 16, 2006, Defendant served Plaintiff with a supplemental response to Plaintiff's First Set of Requests for Production. On February 16, 2006, Defendant served Defendant's First Amended Privilege Log, which is attached hereto as <u>Exhibit B</u>.

    D.    Defendant has represented that on February 23, 2006, it served Plaintiff via electronic e-mail transmission with its Second Supplemental Response and Objections, consisting of over 1,000 documents, which were previously withheld as privileged communications. As of the time of this writing, Plaintiff had not received this supplemental production.

II.    PLAINTIFF'S STATEMENT OF THE DISPUTE

    Plaintiff takes issue with the format of Defendant's privilege log and with the assertion of a privilege for "Anticipation of Litigation" on most of the documents withheld by Defendant.

Page 2

    A.    Defendant's privilege log does not provide sufficient detail from which Plaintiff or the Court can determine the basis for any of the privileges asserted.

    B.    Of the 101 documents listed on the Defendant's First Amended Privilege Log, 94 have been withheld solely upon a claim of "Anticipation of Litigation" privilege (the "Disputed Documents").

1. The cause of action asserted against the Defendant did not arise until the Debtors filed their bankruptcy petitions on September 10, 2003, the Petition Date. Only two of the Disputed Documents were created after the claims arose on the Petition Date. Only 32 of the Disputed Documents were even created during the 90-day preference period from June 11, 2003 until September 10, 2003.

2. Regardless of the date created, the Disputed Documents are not communications between or on behalf of attorneys. The Disputed Documents appear to have been created in the ordinary course of the Defendant's business and not solely for the purpose of responding to possible litigation. They are therefore not protected by any privilege.

    C.  It is Defendant's burden to establish that a privilege actually applies to each document withheld.

III.    DEFENDANT'S STATEMENT

    A.    Defendant submits here are no other documents presently known to counsel that are responsive to the Plaintiff's discovery requests and for which a privilege would apply. Defendant agrees to submit the remaining privileged documents for an *in camera* review. Given the volume of transactions involved, and the number of years that have passed since the time period in question, Defendant continues to search for responsive documents, and shall make every effort to further supplement its discovery responses in the event that additional responsive documents are discovered or become available.

    B.    Defendant repeatedly advised Plaintiff that it was in the process of winnowing its privilege log, but Plaintiff made ex parte contact with the Court to schedule the instant discovery conference (in violation of the procedures for communications with chambers posted on the court's website), to schedule this discovery conference without the Defendant's prior knowledge. Defendant has always maintained that the core of its privileged documents would need to be submitted to the Court or a special master for in camera review, but believes that this discovery conference was scheduled to interdict Defendant's intended supplemental production of documents from its privilege log for the purpose of some ersatz litigation advantage. Defendant therefore challenges the Plaintiff's "maneuvering" on the privilege log issue as a waste of the Court's and counsel's time.

    Sincerely,

    Matthew S. Okin

Page 3

cc:  Stephen C. Hunt
     Howard A. Cohen
     William H. Sudell

Enclosures