IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC. et al. | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Reorganized Debtors, | ) | |

| | | |
|---|---|---|
| KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust, | ) ) ) ) | Civil Proc. No. 05-00622 (GMS) |
| Plaintiff, | ) ) | |
| TECH DATA CORPORATION | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

Pursuant to Federal Rule of Bankruptcy Procedure 7015(a) and Federal Rule of Civil Procedure 15(a), plaintiff Keith F. Cooper, as the Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust (the "Trustee" or "Plaintiff"), hereby moves (the "Motion") for leave to file the First Amended Complaint To Avoid Certain Transfers, To Recover Property And For Related Relief (the "Amended Complaint") against defendant Tech Data Corporation ("Tech Data" or "Defendant"). Pursuant to Rule 15.1 of the Local Rules of Civil Practice and Procedure for the United States District Court for the District of Delaware (the "Local Rules"), attached as Exhibit 1 hereto is a form of the Amended Complaint showing the respects in which it differs from the original Complaint, and attached as Exhibit 2 are two copies of the Amended Complaint. The grounds for the Motion are as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This is a core bankruptcy proceeding under 28 U.S.C. §157(b)(2)(E).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On January 13, 2005, Plaintiff initiated this adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") seeking to recover various transfers made to Defendant pursuant to 11 U.S.C. §§ 547 and 550 during the ninety days prior to the filing of the voluntary petitions of the above-captioned debtors and debtors in possession (the "Debtors").

5. On July 8, 2005, Defendant filed and served its answer to the Complaint.

6. On January 26, 2006, this Court held a status conference with respect to the Adversary Proceeding. In the scheduling order (the "Scheduling Order") entered by this Court, this Court ordered that all motions to amend or supplement the pleadings must be filed on or before forty-five (45) days from January 26, 2006. As the forty-fifth day was a Sunday, this Motion is being filed on the next available business day, Monday, March 13, 2006.

7. Counsel for Plaintiff has discussed the Motion with counsel for Defendant and provided a copy of the proposed Amended Complaint to counsel for Defendant. Counsel for Defendant has indicated that they have no objection to the relief requested by the Motion but requested twenty (20) days to respond to the Amended Complaint, once filed. Plaintiff has agreed to this request.

8. This Motion is timely given that it has been filed within the time required under the Scheduling Order.

9. The proposed Amend Complaint only reflects new theories of recovery under sections 548 and 544(b) of the Bankruptcy Code and applicable state law, which have been added as additional bases for Plaintiff's recovery.

## BASIS FOR RELIEF

10. Federal Rule of Civil Procedure 15(a), provides that leave to amend should be freely granted in the interest of justice. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings with leave of court. *See* Fed. R. Civ. P. 15(a). The Rule also provides that "leave shall be freely given when justice so requires." *Id.* Courts favor a policy of granting leave to amend in the interests of justice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). If the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, the plaintiff should be afforded an opportunity to test his claim on the merits. *Id.* In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment, the leave sought should be "freely given." *Id.* As (a) the Motion is timely under the Scheduling Order, (b) there is no prejudice to Defendant, and (c) Defendant has no objection to the Motion, Plaintiff submits that this Court should grant the Motion and grant Plaintiff leave to file the Amended Complaint.

## RULE 7.1.1 STATEMENT

11. In accordance with Rule 7.1.1 of the Local Rules, counsel for Plaintiff has contacted counsel for Defendant in an attempt to reach agreement with respect to the subject matter of the Motion, and counsel for Defendant has informed counsel for Plaintiff that Defendant has no objection to the relief requested by the Motion.

## WAIVER

12. In light of the nature of the relief requested, and because this Motion raises no novel issues of law, Plaintiff respectfully requests that this Court dispense with the

requirement for submission of a memorandum of law contained in Rule 7.1.2 of the Local Rules, except that Plaintiff reserves its right to file a brief in opposition to any objection to this motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant its Motion for Leave To File an Amended Complaint and enter an Order in the form attached as Exhibit 3 hereto.

Dated: March 13, 2006
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell, Jr. (No. 463)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus, Esq.
Matthew S. Okin, Esq.
Jonathan S. Schmitt, Esq.
1111 Louisiana St., 44th Floor
Houston, TX 77002
Telephone: (713) 220-5800

Counsel to the Plaintiff, Bridgeport Holdings, Inc. Liquidating Trust

510993