# EXHIBIT 1

IN THE UNITED STATES ~~BANKRUPTCY~~ DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC.~~,~~ et al. | ) | Case No. 03-12825 (PJW) |
| | ) | |
| | ) | ~~Jointly Administered~~ |
| ~~Debtors.~~ | ) | |
| Reorganized Debtors, | ) | |
| | ) | |
| KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings, Inc. ~~Liquidating Trust~~ | ) | Civil Proc. No. 05-00622 (GMS) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ~~Adv. Proc. No.~~ |
| | ) | |
| TECH DATA CORPORATION~~,~~ | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT TO AVOID CERTAIN
TRANSFERS, TO RECOVER PROPERTY AND FOR RELATED RELIEF**

Keith F. Cooper, as the Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust (the "Trustee"), respectfully files this First Amended Complaint to Avoid Certain Transfers, to Recover Property and for Related Relief against Defendant, Tech Data Corporation, and for cause states as follows:

~~I.~~ **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This is a core bankruptcy proceeding under 28 U.S.C. §157(b)(2)(E).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II. ~~RELEVANT~~ THE PARTIES ~~AND NON-PARTIES~~

4. The Trustee, ~~the~~ plaintiff herein, is the trustee of the liquidating trust (the "Liquidating Trust") established pursuant to the terms of the Official Committee of Unsecured Creditors' First Amended Plan of Distribution which was confirmed on September 24, 2004, in the above referenced bankruptcy proceeding ~~(the "Liquidating Trust")~~.

5. Tech Data Corporation, ~~the~~ defendant herein (the "Defendant"), is a corporation which maintains its principal place of business in Clearwater, Florida. The Defendant has previously been served with citation herein and has appeared and answered. The Defendant may be served with ~~summons and a copy of this Complaint pursuant to Bankruptcy Rule of Procedure 7004 (b)(3) by mailing the summons and Complaint via first class mail to its Chief Executive Officer, Steven A. Raymund, at 5350 Tech Data Drive, Clearwater, Florida 33760.~~ this First Amended Complaint through its attorneys of record: Charles M. Tatelbaum, Adorno & Yoss LLP, 350 Las Olas Blvd., Suite 1700, Fort Lauderdale, FL 33301 and Howard A. Cohen, Drinker Biddle & Reath LLP, 1100 N. Market St., Suite 1000, Wilmington, DE 19801.

## ~~III.~~ FACTUAL BACKGROUND

A.      The Bankruptcy Cases.

6.      On September 10, 2003 (the "Petition Date"), Bridgeport Holdings Inc. and its domestic affiliates (the "Debtors") filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

7.      ~~The Debtors' chapter 11 cases were consolidated with one another for procedural purposes only.~~

7.      ~~8.~~ On July 27, 2004, the Official Committee of Unsecured Creditors of the Debtors filed its proposed First Amended Plan of Distribution for Bridgeport Holdings Inc. and its Debtor Affiliates (the "Plan").

8.      ~~9.~~ On September 24, 2004, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"), and on October 14, 2004, the Plan became effective.

9.      ~~10.~~ Pursuant to the terms of the Plan and the Confirmation Order, the Trustee, on behalf of all of the beneficiaries of the Liquidating Trust, is the designated representative of the Debtors' estates with respect to, and has been assigned, all causes of action arising under sections 542, 543, 544, 547 through 551, and 553 of the Bankruptcy Code.

~~IV.     AVOIDANCE OF PREFERENTIAL TRANSFERS~~

10.     In the Confirmation Order, the Bankruptcy Court found that consolidation of the Debtors' individual estates was both necessary and appropriate. The Confirmation Order provided that for purposes of the Plan and the transactions contemplated thereby,

which includes the formation of the Liquidating Trust and pursuit of preference claims, "all assets and liabilities of the Debtors shall be treated as though they were merged . . . ." Confirmation Order at ¶ 12.

B.     The Relationship Between the Defendant and the Debtors.

11.    ~~The Trustee adopts and incorporates by reference the allegations in Paragraphs 1 through 10 above as if fully set forth herein.~~ The Debtors and the Defendant transacted business with each other for more than two years prior to the Petition Date. Other than during the final three months of this relationship, the Defendant sold product to the Debtors on terms requiring payment within thirty days of invoice. The Debtors' ability to purchase from the Defendant on these terms was subject to an aggregate credit limit for all outstanding invoices owed by the Debtors (the "Credit Limit").

12.    For the majority of the time in which the Debtors and the Defendant conducted business with each other, the Debtors paid the various invoices submitted to them by the Defendant via check drawn upon a bank account (the "Cash Account") maintained in the name of Debtor, MicroWarehouse, Inc. ("MWI"). The Cash Account was used to pay all obligations incurred by the Debtors without regard to specifically which Debtor had incurred such obligation. Similarly, the Cash Account contained funds generated through the operations of all of the Debtors.

13.    The Defendant's actions demonstrate that it did not differentiate in any substantive way between the obligations owed to it by the different Debtors. In particular, the Defendant maintained the Credit Limit based upon the aggregate purchases of all of the Debtors. Further, the Defendant applied the checks it received which were drawn upon

the Cash Account to outstanding invoices and reduced the Credit Limit balance without regard to the specific Debtors that may have made the underlying purchases reflected on the invoices being paid.

14. For their part, the Debtors also did not distinguish between purchases made by different Debtors. The Debtors paid all of the Defendant's invoices using funds from the Cash Account; generally paying multiple invoices with a single check without regard to which Debtor made each purchase.

15. ~~12. During the 90-day period prior to the Petition Date~~ From June 10, 2003 through the Petition Date, the Debtors, ~~upon information and belief,~~ transferred $19,176,871.27 (the "Payments") to the Defendant. A detailed listing of each of the Payments is shown on Exhibit "A" to the First Amended Complaint.

## COUNT I
### (Avoidance Of Preferential Transfers Pursuant to § 547 of the Bankruptcy Code)

16. The Trustee adopts and incorporates by reference the allegations in Paragraphs 1 through 15 above as if fully set forth herein.

17. The Defendant received the Payments during the 90-day period immediately prior to the Petition Date.

18. ~~13.~~ The Defendant received the Payments on account of debts owed by the Debtors.

19. ~~14.~~ The transfer of the Payments was a transfer of an interest of the Debtors in property for or on account of an antecedent debt owed by the Debtors to the Defendant.

<u>20.</u>    <u>The Debtors' estates were consolidated in the Plan, and all of their assets and liabilities merged. For the purposes of this cause of action, therefore, the debts owed to the Defendant by each Debtor may be treated as though they were owed by the Debtors' consolidated estates. Further, for purposes of this cause of action, the Payments may be treated as though they were paid by the Debtors' consolidated estates. Such consolidated treatment is further supported by the course of dealing between the Defendant and the Debtors.</u>

<u>21.</u>    ~~15.~~ At the time of the Payments, the Debtors were insolvent (as that term is defined and used in ~~Sections~~§ <u>§</u> 101(32) and 547 of the Bankruptcy Code).

<u>22.</u>    ~~16.~~ The transfer of the Payments to the Defendant has enabled the Defendant to receive more than it would have received if (a) the Debtors' cases were cases under ~~Chapter~~<u>chapter</u> 7 of the Bankruptcy Code, (b) the transfers had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

<u>23.</u>    ~~17.~~ The transfer of the Payments constitutes an avoidable preference under ~~11 U.S.C. § 547,~~<u>§ 547 of the Bankruptcy Code,</u> and the Payments are recoverable from the Defendant pursuant to ~~11 U.S.C. § 550.~~<u>§ 550 of the Bankruptcy Code.</u>

<u>24.</u>    ~~18.~~ By reason of the foregoing, the Trustee is entitled to a judgment avoiding, recovering, and preserving for the benefit of the Debtors' estates the Payments or the value thereof transferred to the Defendant.

~~19. The Trustee reserves the right to further object to the claims of the Defendant to the extent that discovery in this matter raises additional issues, or as a result of the proof(s) of claim filed by the Defendant.~~

## COUNT II
### (Fraudulent Transfers Under § 548(a)(1)(B) of the Bankruptcy Code)

25. The Trustee adopts and incorporates by reference the allegations in Paragraphs 1 through 15 above as if fully set forth herein.

26. To the extent any of the factual or legal allegations made in support of the following cause of action are inconsistent with any of the factual or legal allegations made in support of Count I, above, such factual and legal allegations are hereby plead in the alternative to those made in Count I, as permitted pursuant to Federal Rule of Civil Procedure 8(e)(2).

27. Under § 548(a)(1)(B) of the Bankruptcy Code, a transfer is avoidable if (i) such transfer was made or incurred on or within one year before the date of the filing of the petition, (ii) the debtor did not receive reasonably equivalent value for the property transferred, and (iii) one of the following three tests is satisfied:

   (a) the debtor was insolvent on the date such transfer was made or such obligation incurred, or became insolvent as a result of such transfer or obligation;

   (b) the debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was unreasonably small capital; or

   (c) the debtor intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a)(1).

28. With respect to the conveyance to the Defendant by MWI of each of the Payments, (i) each Payment was made within one year of the Debtors' bankruptcy filing; (ii) MWI received less than reasonably equivalent value in exchange for the Payments; and (iii) MWI was insolvent at the time the conveyance was made.

29. Accordingly, the Payments should be avoided as fraudulent conveyances, and the full amount of the Payments, plus interest, should be recovered and preserved in their entirety for the benefit of the Debtors' unsecured creditors.

## COUNT III
### (Fraudulent Transfer Under Section 544(b) of the Bankruptcy Code and Applicable Law)

30. The Trustee adopts and incorporates by reference the allegations in Paragraphs 1 through 15 above as if fully set forth herein.

31. To the extent any of the factual or legal allegations made in support of the following cause of action are inconsistent with any of the factual or legal allegations made in support of Count I, above, such factual and legal allegations are hereby plead in the alternative to those made in Count I, as permitted pursuant to Federal Rule of Civil Procedure 8(e)(2).

32. Upon information and belief, there are unsecured creditors of the Debtors holding allowed unsecured claims under § 503 of the Bankruptcy Code, and such unsecured creditors have unsecured claims against the Debtors' estates that existed before, on and after the date of the Payments.

33. In making the Payments to the Defendant, MWI made a conveyance for which it did not receive fair consideration or reasonably equivalent value and, at that time, (i) was insolvent, or became insolvent as a result of such payment; or (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

34. The Payments each constitute a fraudulent transfer in accordance with the Delaware Uniform Fraudulent Transfer Act, 6 Del.C. § 1301, *et seq.*, made applicable by § 544(b) of the Bankruptcy Code.

35. Pursuant to § 544(b) of the Bankruptcy Code, applicable Delaware law, and § 550(a) of the Bankruptcy Code, the Payments constitute avoidable fraudulent transfers. Accordingly, the Payments should be avoided as fraudulent transfers, and the full amount of the Payments, plus interest, should be recovered and preserved in their entirety for the benefit of the Debtors' unsecured creditors.

## ~~VII.~~ PRAYER FOR RELIEF

WHEREFORE, the Trustee requests that judgment be entered against the Defendant:

a. ~~Avoiding~~avoiding the transfer of the Payments as preferential transfers pursuant to ~~section~~§ 547 of the Bankruptcy Code;

b. ~~Granting judgment against the Defendant~~in the alternative, avoiding the transfer of the Payments as fraudulent transfers pursuant to ~~section 550~~§ 548 of the Bankruptcy Code; ~~in the~~

c. in the alternative, avoiding the transfer of the Payments as fraudulent transfers under Delaware law, made applicable pursuant to § 544(b) of the Bankruptcy Code;

d. in all instances, granting judgment against the Defendant pursuant to § 550 of the Bankruptcy Code in an amount to be determined at trial, plus such other and further amounts as may be proven at trial, plus pre-judgment interest, costs and attorney's fees; and

~~c.    Granting~~    e. granting such other and further relief as is just and proper.

Dated: March 15, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL

William Sudell (No. 0463)
Daniel B. Butz (No. 4227)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 575-7284
Fax:    (302) 425-4685

- and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
S. Margie Venus
Matthew S. Okin
~~Katy Gottsponer~~
Jonathan S. Schmitt
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Phone: (713) 220-5800
Fax: (713) 236-0822

**ATTORNEYS FOR PLAINTIFF, KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust**