# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In the Matter of:

BRIDGEPORT HOLDINGS, INC., et al.,

    Debtors.
_____/
KEITH F. COOPER, As Liquidating
Trustee Of The Bridgeport Holdings Inc.
Liquidating Trust,

    Plaintiff,

        v.                              Civil Action No. 05-622 GMS

TECH DATA CORPORATION,

    Defendant.
_____/

## DEFENDANT TECH DATA'S MEMORANDUM OF POINTS
## AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
## COUNTS II AND III OF THE FIRST AMENDED COMPLAINT

Dated: April 7, 2006

| | |
|---|---|
| Howard A. Cohen (DE 4082) | Stephen C. Hunt (Admitted *Pro Hac Vice*) |
| DRINKER BIDDLE & REATH LLP | ADORNO & YOSS LLP |
| 1100 N. Market Street, Suite 1000 | 350 E. Las Olas Boulevard, Suite 1700 |
| Wilmington, DE 19801 | Fort Lauderdale, FL 33301 |
| Telephone: (302) 467-4200 | Telephone: (954) 763-1200 |
| Facsimile: (302) 467-4201 | Facsimile: (954) 766-7800 |

*Attorneys for Defendant,*
*Tech Data Corporation*

WM\5618\1

TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. STANDARD OF REVIEW ................................................................................... 1

III. LEGAL ARGUMENT ........................................................................................... 3

The Statute of Limitations Has Run on Counts II and III of the First
Amended Complaint, and No Action May Be Maintained Pursuant
Thereto ................................................................................................................... 3

IV. CONCLUSION ...................................................................................................... 6

**TABLE OF AUTHORITIES**

Page

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986) ............................................ 2, 3

*Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ........................................................................................ 1

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986) .................................................. 2

*Cooper v. Tech Data (In re Bridgeport Holdings, Inc.)*,
  2005 Bankr. LEXIS 1552, *40 (Bankr. D. Del. 2005) .................................................... 4

*Cunningham v. Insurance Co. of North America*,
  530 A.2d 407 (Pa. 1987) ................................................................................................ 4

*DeHart v. Horn*,
  390 F.3d 262 (3d Cir. 2004) .......................................................................................... 3

*Glassman v. Computervision Corp.*,
  90 F.3d 617 (1st Cir. 1996) ............................................................................................ 1

*Hancock Indus. v. Schaeffer*,
  811 F.2d 225 (3d Cir. 1987) .......................................................................................... 3

*Hipkiss v. Hashem (In re Hashem)*,
  2000 Bankr. LEXIS 1132, *2 (Bankr. E.D. Pa. 2000) .................................................... 3

*In re Exxon Mobil Corp. Sec. Litig.*,
  387 F. Supp. 2d 407 (D. N.J. 2005) ................................................................................ 1

*In re Narrows Branch Coal, Inc.*,
  1999 Bankr. LEXIS 1932, *3 (Bankr. E.D. Ky. 1999) .................................................... 4

*In re Rockefeller Ctr. Props. Secs. Litig.*,
  311 F.3d 198 (3d Cir. 2002) .......................................................................................... 1

*Mantz v. Chain*,
  239 F. Supp. 2d 486 (D. N.J. 2002) ................................................................................ 3

*Nelson v. County of Allegheny*,
  60 F.3d 1010 (3d Cir. 1995) .......................................................................................... 4

*Nelson v. Pilkington PLC (In re Flat Glass Antitrust Litig.)*,
  385 F.3d 350 (3d Cir. 2004) .......................................................................................... 2

*Prima v. Darden Restaurants, Inc.*,
  78 F. Supp. 2d 337 (D. N.J. 2000) ................................................................................ 1

*Sharp v. Temple (In re Commercial Fin. Servs.)*,
  294 B.R. 164 (Bankr. N.D. Okla. 2003) ........................................................................ 4

*United States v. Dell'Aquilla,*
  150 F.3d 329 (3d Cir. 1998) ............................................................................ 2

*United States v. Kubrick,*
  444 U.S. 117 (1979) ........................................................................................ 5

**Statutes**

11 U.S.C. § 1104 .................................................................................................. 4

11 U.S.C. § 544(b) ............................................................................................... 5

11 U.S.C. § 546 .................................................................................................... 4

11 U.S.C. § 548(a)(1)(B) ............................................................................. 3, 4, 5

11 U.S.C. § 702 .................................................................................................... 4

I.  **INTRODUCTION**

In support of its simultaneously filed Motion to Dismiss Counts II and III of the First Amended Complaint, made pursuant to Federal Rule of Civil Procedure 12, Defendant Tech Data Corporation ("Defendant" or "Tech Data") respectfully submits this memorandum of law in accordance with Rule 7.1.3 of the Local Rules of Civil Practice and Procedure. It is the position of Tech Data that these Counts alleging fraudulent transfers cannot be sustained by the facts thus far alleged in any pleadings before this honorable Court, and such being the case, dismissal is just and proper for failure to state a claim upon which relief can be granted.

II.  **STANDARD OF REVIEW**

A claim should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Exxon Mobil Corp. Sec. Litig.*, 387 F. Supp. 2d 407, 413-14 (D. N.J. 2005) (quoting *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002) (citations omitted)). While "[i]n deciding a Rule 12(b)(6) motion, courts must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party,"[1] they are nevertheless not compelled to credit "bald assertions" or "legal conclusions" as alleged in a complaint. *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)). Legal conclusions draped in the guise of factual allegations do not benefit from the presumption of truthfulness. *Prima v. Darden Restaurants, Inc.*, 78 F. Supp. 2d 337 (D. N.J. 2000).

---

[1] *Id.*

If this Court treats this motion as one for partial summary judgment, it is noted that summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L. Ed. 2d 265, 276 (1986); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L. Ed. 2d 202, 214 (1986).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552, 91 L. Ed. 2d at 273. After the moving party has satisfied its burden of proof, the nonmoving party has the burden of setting forth specific facts showing the existence of a genuine issue of material fact for trial by way of an affirmative showing of evidence, as opposed to conclusory allegations or denials. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511, 91 L. Ed. 2d at 202.

In applying the summary judgment standard, a court is obligated to examine the factual record and draw reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Nelson v. Pilkington PLC (In re Flat Glass Antitrust Litig.)*, 385 F.3d 350, 357 (3d Cir. 2004). However, the existence of an alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment, as summary judgment is only improper if there is a genuine issue of material fact. *United States v. Dell'Aquilla*, 150 F.3d 329, 332 (3d Cir. 1998) (citing

*Anderson*, 477 U.S. at 247–48). A factual dispute is "genuine" for summary judgment purposes if a reasonable jury could return a verdict for the non-moving party. *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987). A fact is "material" if it might affect the outcome of the suit under governing substantive law. *DeHart v. Horn*, 390 F.3d 262, 267 (3d Cir. 2004).

Pursuant to Rule 56(d), summary judgment may be rendered upon only a portion of the case, if it is possible to dispose entirely of one or more counts of the complaint. *See Hipkiss v. Hashem (In re Hashem)*, 2000 Bankr. LEXIS 1132, *2 (Bankr. E.D. Pa. 2000). Partial summary judgment in favor of the moving party may be granted in a case where "the non-movant's evidence on any essential element of the claims asserted is merely 'colorable' or is 'not significantly probative.'" *Mantz v. Chain*, 239 F. Supp. 2d 486, 495 (D. N.J. 2002).

### III.   LEGAL ARGUMENT

Tech Data respectfully seeks entry of an Order granting this Motion and dismissing Counts II and III of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012, and for certain other and further relief.

**The Statute of Limitations Has Run on Counts II and III of the First Amended Complaint, and No Action May Be Maintained Pursuant Thereto**

The Liquidating Trustee's count for receipt of fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code is fatally flawed in that the statute of limitations for bringing such an action has expired. The relevant section allows that a trustee may bring an avoidance action against a transfer made within one year of the bankruptcy petition, provided that the debtor received less than a reasonably equivalent

value in exchange. 11 U.S.C. § 548(a)(1)(B) (2006). However, "an action pursuant to § 548 must be filed within the time limits set out in 11 U.S.C. § 546." *In re Narrows Branch Coal, Inc.*, 1999 Bankr. LEXIS 1932, *3 (Bankr. E.D. Ky. 1999); *see also Sharp v. Temple (In re Commercial Fin. Servs.)*, 294 B.R. 164 (Bankr. N.D. Okla. 2003). Section 546 of the Bankruptcy Code provides a two-year statute of limitations for the filing of any actions pursuant to Code sections 544, 545, 547, 548 or 553. According to the Bankruptcy Court's opinion, the Section 546 limitations period ran on September 10, 2005. *Cooper v. Tech Data (In re Bridgeport Holdings, Inc.)*, 2005 Bankr. LEXIS 1552, *40 (Bankr. D. Del. 2005). However, no mention was even made of an action for fraudulent transfer until the filing of the First Amended Complaint on March 13, 2006, approximately two years and six months after the filing of the initial bankruptcy petition, and well in excess of the two-year limitation period prescribed by Section 546. While Section 546(a)(1)(B) provides that avoiding powers can alternately extend for up to one year after the appointment or election of a first trustee, this applies only to trustees elected or appointed pursuant to 11 U.S.C. §§ 702, 1104. As the Plaintiff in this case is a liquidating trustee with an appointment resulting from confirmation of the bankruptcy plan, the one-year extension granted by Section 546 does not apply.

"Statutes of limitations ensure that defendants are 'protected against the prejudice of having to defend against stale claims, as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs.'" *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995) (quoting *Cunningham v. Insurance Co. of North America*, 530 A.2d 407, 409 (Pa. 1987)). "Statutes of limitations, which are found and approved in all systems of enlightened

jurisprudence, represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (citations omitted).  "These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *Id.*

*(Remainder of page intentionally left blank)*

## IV.    CONCLUSION

The two-year statute of limitations has expired on Count II by virtue of the Liquidating Trustee's reliance upon Section 548(a)(1)(B), and likewise on Count III by his reliance on Section 544(b). Even taking all factual allegations of the First Amended Complaint at face value, no relief may be justified upon a claim barred by the statute of limitations. Accordingly and respectfully, Tech Data requests the dismissal of Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted or, alternatively, a motion for partial summary judgment in favor of Tech Data as to Counts II and III.

Dated: April 7, 2006                                  **DRINKER BIDDLE & REATH LLP**

/s/  Howard A. Cohen
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE  19801
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

- and -

Stephen C. Hunt (Admitted *Pro Hac Vice*)
ADORNO & YOSS LLP
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile:  (954) 766-7800

Attorneys for Defendant,
Tech Data Corporation