IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC. et al. | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Reorganized Debtors, | ) | |

| | | |
|---|---|---|
| KEITH F. COOPER, as Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust, | ) ) ) ) | Civil No. 05-00622 (GMS) |
| Plaintiff, | ) ) | |
| TECH DATA CORPORATION | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William H. Sudell, Jr. (No. 0463)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302).658-9200

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus
Matthew S. Okin
Jonathan S. Schmitt
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800
  Attorneys for Plaintiff, Keith F. Cooper,
  as Liquidating Trustee of the Bridgeport Holdings,
  Inc. Liquidating Trust

April 17, 2006

i.

TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF PROCEEDING AND STATEMENT OF FACTS | 2 |
| SUMMARY OF ARGUMENT | 4 |
| ARGUMENT | 4 |
|     I. STANDARD OF REVIEW | 4 |
|     II. FED. R. CIV. P. 15 APPLIES TO BANKRUPTCY ADVERSARY PROCEEDINGS. | 5 |
|     III. COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT "RELATE BACK" TO THE ORIGINAL COMPLAINT UNDER FED. R. CIV. P. 15(C)(2) BECAUSE BOTH COUNTS ARE BASED ON THE SAME CONDUCT, TRANSACTIONS, AND OCCURRENCES SET FORTH IN THE ORIGINAL COMPLAINT. | 5 |
|         A. The "Relation Back" Doctrine. | 5 |
|         B. Application of the Relation Back Doctrine In Similar Cases. | 7 |
|         C. Plaintiff's Amended Petition Relates Back to the Original Petition. | 10 |
| CONCLUSION | 11 |

ii.

# TABLE OF CITATIONS

<u>Cases</u> <u>Page(s)</u>

*Bensel v. Allied Pilots Ass'n*,
    387 F.3d 298 (3d Cir. 2004)      6, 10

*In re Art & Co., Inc.*,
    179 B.R. 757 (Bankr. D. Mass. 1995)      7

*In re Bridgeport Holdings, Inc.*,
    326 B.R. 312 (Bankr. D. Del. 2005)      2

*In re Frank Santora Equip. Corp.*,
    256 B.R. 354 (Bankr. E.D.N.Y. 2000)      5, 7, 8

*In re Gerardo Leasing, Inc.*,
    173 B.R. 379 (Bankr. N.D. Ill. 1994)      7, 8

*In re Global Link Telecom Corp.*,
    327 B.R. 711 (Bankr. D. Del. 2005)      4, 7

*In re Molded Acoustical Prods., Inc.*,
    150 B.R. 608 (E.D. Pa. 1993)      6, 7, 9

*In re Rockefeller Ctr. Props., Inc. Securities Litig.*,
    311 F.3d 198 (3d Cir. 2002)      4

*In re Universal Factoring Co.*,
    279 B.R. 297 (Bankr. D. Okla. 2002)      5, 7, 9

<u>Statutes and Other Authorities</u>

11 U.S.C. § 544      1, 3, 5

11 U.S.C. § 548      1, 3, 5

6 DEL. C. § 1301      1

Fed. R. Bankr. P. 7008      2

FED. R. BANKR. P. 7015      4, 5

Federal Rule of Civil Procedure 12      2, 4

Federal Rule of Civil Procedure 15      passim

Federal Rule of Civil Procedure 8      2

1.

Defendant Tech Data Corporation's ("Defendant") motion to dismiss erroneously alleges that Counts II and III of the Plaintiff's First Amended Complaint ("Amended Complaint") are barred by the statute of limitation. In fact, Counts II and III of the Amended Petition seek recovery of the identical transfers that were the basis of the Plaintiff's Original Complaint ("Original Complaint"). Moreover, the Amended Complaint concerns the same time period and conduct between the parties as the Original Complaint. The Amended Complaint merely utilizes two additional legal theories to recover these transfers: <u>Count II</u>- recovery of fraudulent transfers pursuant to § 548(b)(1)(B) of the Bankruptcy Code; and <u>Count III</u>- recovery of fraudulent transfers pursuant to the Delaware Uniform Fraudulent Transfer Act, 6 DEL. C. § 1301, *et seq.*, made applicable by § 544(b) of the Bankruptcy Code.

When an amended pleading, such as the Amended Complaint, asserts a claim arising out of the same conduct, transaction, or occurrence set forth in the original pleading, the amendment "relates back" to the date of the original pleading. FED. R. CIV. P. 15(c). Counts II and III of the Amended Complaint therefore relate back to the Original Complaint and are not barred by the statute of limitations. Defendant's Motion to Dismiss, while citing the applicable statute of limitations, fails to mention the "relation back" doctrine or FED. R. CIV. P. 15(c), nor does it even attempt to explain why that doctrine is not applicable in this case. Because Counts II and III of the Amended Complaint arise out of the same conduct, transactions, and occurrences set forth in Plaintiff's Original Complaint, these Counts relate back to the prior pleading, and Defendant's Motion to Dismiss should be denied.

2.

## NATURE AND STAGE OF PROCEEDING AND STATEMENT OF FACTS

On September 11, 2003, Bridgeport Holdings, Inc. filed its Voluntary Petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

Plaintiff's Original Complaint against Defendant Tech Data was filed on January 13, 2005 in the United States Bankruptcy Court for the District of Delaware. *See* App. A (Original Complaint). In his Complaint, Plaintiff sought to avoid transfers in the amount of $19,176,871.27 (the "Payments") that were made to Defendant during the 90-day preference period prior to the date on which Bridgeport Holdings, Inc. filed for bankruptcy. These Payments were identified on a separate Exhibit A that was attached to, and filed with, the Original Complaint. *See* App. A.

On February 14, 2005, Defendant filed a motion to dismiss the Original Complaint under FED. R. CIV. P. 12(b)(6); in that motion, Defendant complained that the Original Complaint failed to comply with the notice pleading requirements of FED. R. CIV. P. 8 (adopted by FED. R. BANKR. P. 7008 in adversary proceedings). Defendant's motion was denied in an opinion by the Bankruptcy Court issued on July 1, 2005. *In re Bridgeport Holdings, Inc.*, 326 B.R. 312 (Bankr. D. Del. 2005). Specifically, the Court found "no merit" to Defendant's assertion that the Original Complaint failed to comply with FED. R. BANKR. P. 7008 because the "complaint satisfies the notice pleading standard . . . ." *Id.* at 328.

On August 23, 2005, Defendant sought to withdraw the reference to this Court, which was granted on September 27, 2005.

3.

On January 26, 2006, this Court held a status conference concerning this case. Subsequently, a scheduling order was entered that required all pleadings to be amended by March 13, 2006. *See* App. B (Scheduling Order).

On March 13, 2006, Plaintiff filed his First Amended Complaint. *See* App. C (Amended Complaint). The Amended Complaint was based on the same conduct alleged in the Original Complaint. *Compare* App. A (Original Complaint) *with* App. C (Amended Complaint). The legal theories raised in the Amended Complaint (fraudulent transfers under §§ 544(b) and 548(a)(1)(B) of the Bankruptcy Code) concern the same transactions referenced in the Original Complaint. *Id.* As in the Original Complaint, a list of these Payments was appended to the Amended Complaint as Exhibit A. *Id.* No additional or new payments were sought in the Amended Complaint; only theories of recovery were added to the Amended Complaint.

Defendant filed a Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint on April 7, 2006. Defendant claims that these counts were filed after the statute of limitations expired. Defendant, however, does not even address the "relation back" doctrine of FED. R. CIV. P. 15(c) in its Motion.

To date, Defendant has not taken any depositions in this lawsuit. In accordance with the scheduling order, the deadline for fact discovery is July 3, 2006.

Trial of this lawsuit is set for February 26, 2007.

4.

## SUMMARY OF ARGUMENT

Defendant's motion is fatally flawed. Defendant filed this motion without even mentioning the "relation back" doctrine under FED. R. CIV. P. 15 and FED. R. BANKR. P. 7015. No case law concerning "relation back" was cited by Defendant, likely because the cases on point indicate that the statutory claims raised in Plaintiff's Amended Complaint relate back to the Original Complaint and are, therefore, not barred by the statute of limitations. Accordingly, Defendant's motion is without merit and should be denied.

## ARGUMENT

### I. STANDARD OF REVIEW.

Under Rule 12(b)(6), "the movant must show 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *In re Global Link Telecom Corp.*, 327 B.R. 711, 715 (Bankr. D. Del. 2005), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable references in favor of the non-moving party." *In re Rockefeller Ctr. Props., Inc. Securities Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The inquiry is not whether the plaintiff will ultimately prevail, but whether he should be afforded an opportunity to offer evidence in support of his claims. *Id.*; *In re Global Link*, 327 B.R. at 715. In sum, "[w]here the defendant alleges that the plaintiff's claims are untimely, dismissal is improper unless it appears beyond doubt that the plaintiff's claim is barred by the

5.

applicable statute of limitations." *In re Universal Factoring Co.*, 279 B.R. 297, 307 (Bankr. D. Okla. 2002) (citation omitted).

II. FED. R. CIV. P. 15 APPLIES TO BANKRUPTCY ADVERSARY PROCEEDINGS.

Rule 7015 of the Federal Rules of Bankruptcy Procedure, titled "Amended and Supplemental Pleadings," expressly states that FED. R. CIV. P. 15 applies in adversary proceedings, such as this case. *See* FED. R. BANKR. P. 7015. Accordingly, the "relation back" doctrine outlined in FED. R. CIV. P. 15(c) is applicable to Counts II and III of Plaintiff's Amended Complaint, which arise under Sections 544(b) and 548(a)(1)(B) of the Bankruptcy Code. *See* App. C; *see also In re Frank Santora Equip. Corp.*, 256 B.R. 354, 367 (Bankr. E.D.N.Y. 2000) ("Fed. R. Bankr. P. 7015 expressly makes Fed. R. Civ. P. 15 applicable to adversary proceedings.").

III. COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT "RELATE BACK" TO THE ORIGINAL COMPLAINT UNDER FED. R. CIV. P. 15(C)(2) BECAUSE BOTH COUNTS ARE BASED ON THE SAME CONDUCT, TRANSACTIONS, AND OCCURRENCES SET FORTH IN THE ORIGINAL COMPLAINT.

A. The "Relation Back" Doctrine.

The Federal Rules of Civil Procedure contemplate that there will be occasions when, after a claim is filed, additional legal theories need to be added and the pleadings amended, possibly after the statute of limitations has expired on the amended claim. Such amended claims are not time-barred if they "relate back" to the date of the original, timely-filed pleading. Accordingly, FED. R. CIV. P. 15(c)(2) provides:

6.

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

In this case, it is patently clear that the Counts II and III in Plaintiff's Amended Petition arose out of the same conduct, the same transactions (the Payments), and the same occurrences as those set forth in the Original Petition. *Compare* App. A *with* App. C.

Rule 15(c) is "premised on the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004); *see also In re Molded Acoustical Prods., Inc.*, 150 B.R. 608, 613 (E.D. Pa. 1993) ("Relation back under Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction has been given all the notice that the statutes of limitation are intended to afford.").

The application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings; an amended pleading that "merely expounds upon and further details the factual scenario" provides fair notice to a defendant. *Bensel*, 387 F.3d at 310. "Generally, an amended complaint will relate back if it merely adds a new legal ground for relief, changes the date and location of the transaction alleged, . . . [or] spells out the details of the transaction originally alleged . . . ." *In re Global Link*, 327

7.

B.R. at 716 (citation omitted).[1] In essence, "[i]f the new counts have the same factual basis as the original count, then the amendments arise 'out of the same transaction' as the original pleading and thus relate back under Rule 15(c)." *In re Gerardo Leasing*, 173 B.R. at 388-89.

      B.      Application of the Relation Back Doctrine In Similar Cases.

There are cases on point with the facts of this lawsuit and additional cases that are factually similar. In cases where the plaintiff/trustee has amended a complaint to state claims for fraudulent transfer based on the ***same payments*** outlined in an original petition seeking avoidance of preferential transfers, courts have found that the amended pleading relates back to the original complaint under Rule 15(c). *See, e.g., In re Global Link*, 327 B.R. at 711, 715-17; *In re Frank Santora Equipment*, 256 B.R. at 354, 367; *In re Gerardo Leasing*, 173 B.R. at 379, 388-91; *In re Molded Acoustical Prods.*, 150 B.R. at 608, 612-13.[2]

---

[1]    *See also In re Universal Factoring Co.*, 279 B.R. 297, 303 (Bankr. N.D. Okla. 2002) ("As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts."); *In re Gerardo Leasing, Inc.*, 173 B.R. 379, 388 (Bankr. N.D. Ill. 1994) ("It has thus been well established that an amended complaint will relate back, notwithstanding the bar of the statute of limitations, if it merely adds a new legal ground for relief . . . ."); *In re Art & Co., Inc.*, 179 B.R. 757, 763 (Bankr. D. Mass. 1995) (stating that "relation back is permissible if a plaintiff seeks to . . . state a new legal theory of relief, or amplify the facts alleged in the prior complaint").

[2]    There is a split of authority when a plaintiff amends a complaint and seeks recovery of additional payments not alleged in the original complaint. No such problem exists in this case, where the Payments listed in Exhibit A to the Original Complaint are the exact same Payments sought to be recovered in the Amended Complaint (also outlined in Exhibit A to that pleading), just under different legal theories. *Compare* App. A *with* App. C. Clearly, Plaintiff's Original Complaint put Defendant on notice that it was being sued for its conduct relating to these Payments.

8.

In *In re Frank Santora Equip.*, the trustee filed an original complaint seeking to avoid certain payments as preferential transfers, and then later filed a second amended petition alleging that these same payments constituted fraudulent transfers. 256 B.R. at 361. The court noted that the plaintiff/trustee's "Second Amended Complaint must relate back to the Amended Complaint or else the fraudulent conveyance claims would be barred by the two-year statute of limitations." *Id.* at 367. In finding that the second amended pleading was not barred by the statute of limitations because it related back to the first amended complaint, the court held:

> ***The transactions sued upon between the Trustee and NatWest are one and the same*** under either 11 U.S.C. § 547 (preferences) and 11 U.S.C. §§ 544(b)(1) and 550 and DCL §§ 273 et. seq. (fraudulent conveyances), and ***Nat West is in the same position to defend whether it be a preference claim or a fraudulent conveyance claim*** . . . .

*Id.* (emphasis added).

*In re Geraldo Leasing* presented a situation where the trustee initially asserted fraudulent transfer claims under Illinois law and later amended the complaint to avoid the payments as fraudulent and preferential transfers under the Bankruptcy Code. 173 B.R. at 386. The court recognized that "*[w]hen the same transaction gives rise to both the claim in the original pleadings and the claim asserted in the amendment, then the defendant has received fair notice that he is being sued for his conduct in that transaction.*" *Id.* at 391 (citation omitted) (emphasis added). Accordingly, construing the facts presented in the light most favorable to the plaintiff, the court found that the claims outlined in plaintiff's amended complaint were not barred by limitations. *Id.* at 391-92.

9.

*In re Universal Factoring* presented a scenario where the trustee first sued under Oklahoma law and then amended his complaint to add a claim for fraudulent transfer under the Bankruptcy Code. The court recognized that, "[f]or relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." 279 B.R. at 303 (citation omitted). The court further noted that "the claim alleged in the Trustee's Amended Complaint need not arise from the same transaction or occurrence attempted to be set forth in the Original Complaint, so long as it springs from the same conduct." *Id.* at 306. In this instance, the court found that the trustee "merely amended the complaint to include a second statutory provision under which he seeks relief." *Id.* at 306. Accordingly, the court found that the fraudulent transfer claims in the amended complaint were not time barred because they related back to the original complaint. *Id.* at 307.

In *In re Molded Acoustical Prods.*, the original complaint sought to avoid preferential transfers. 150 B.R. at 611. When it became apparent that one payment occurred after the debtor filed for bankruptcy (on the eve of trial), the trustee sought to amend the petition to recover the post-petition payment as a fraudulent transfer. *Id.* The District Court noted that the defendant could not "deny that the alleged preferential transfers and the post-petition transfer are factually related to an on-going business relationship existing at the time between [the parties]." *Id.* at 613. Moreover, because the trustee had sought payment for the disputed payment throughout the lawsuit, the court found that the defendant had notice concerning this payment and that the relation back doctrine applied. *Id.*

C.  Plaintiff's Amended Petition Relates Back to the Original Petition.

It is clear that Counts II and III of the Amended Petition "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). Both Counts II and III seek to recover payment for the same transactions outlined in the Original Petition. *Compare* App. A *with* App. C. Both counts are based on the same conduct between the debtor and the Defendant, during the same time period (between June 10, 2003 and September 10, 2003). *Id.* As stated by the Third Circuit in the *Bensel* case, "the additional [claims] particularized in the . . . Amended Restated Complaint derive directly from the factual circumstances adumbrated in the original Complaint." 387 F.3d at 310. Like the defendant in *Bensel*, Defendant Tech Data "was unquestionably on notice that it would be held liable for every possible [claim] occasioned by the outlined facts." *Id.*

Because Counts II and III of Plaintiff's Amended Complaint relate back to the date the Original Complaint was filed, there is no statute of limitations violation. Accordingly, Defendant cannot meet its burden of proof and Defendant's motion to dismiss should be denied.

11.

## CONCLUSION

For the reasons stated herein, Plaintiff's Amended Complaint relates back to the Original Complaint and Defendant's motion to dismiss should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Daniel B. Butz

William H. Sudell, Jr. (No. 0463)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

- and -

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus
Matthew S. Okin
Jonathan S. Schmitt
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Attorneys for Plaintiff, Keith F. Cooper,
as Liquidating Trustee of the Bridgeport Holdings,
Inc. Liquidating Trust

April 17, 2006

516108v2