IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In the Matter of:

BRIDGEPORT HOLDINGS, INC., et al.,

    Debtors.
_____/

KEITH F. COOPER, As Liquidating
Trustee Of The Bridgeport Holdings Inc.
Liquidating Trust,

    Plaintiff,

    v.                              Civil Action No. 05-622

TECH DATA CORPORATION,

    Defendant.
_____/

**REPLY BRIEF BY DEFENDANT TECH DATA CORPORATION
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNTS
II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Howard A. Cohen (DE 4082) | Stephen C. Hunt |
| DRINKER BIDDLE & REATH LLP | (Admitted Pro Hac Vice) |
| 1100 N. Market Street, Suite 1000 | ADORNO & YOSS LLP |
| Wilmington, DE 19801 | 350 East Las Olas Boulevard, Suite 1700 |
| Telephone: (302) 467-4200 | Fort Lauderdale, FL 33301 |
| Facsimile: (302) 467-4201 | Telephone: (954) 763-1200 |
| | Facsimile: (954) 766-7800 |

*Attorneys for Defendant, Tech Data Corporation*

Dated: April 25, 2006

WM\5674\1

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL CONSIDERATIONS AND ISSUES, AND PROCEDURAL HISTORY (FROM WITHIN THE COURT'S RECORD) | 2 |
| III. | ARGUMENT | 5 |
|  | POINT I: BECAUSE THE PLAINTIFF'S FIRST AMENDED COMPLAINT ASSERTS DIFFERENT, TIME-BARRED THEORIES OF RECOVERY, THAT DO NOT RELATE BACK TO HIS ORIGINAL COMPLAINT, COUNTS II AND III OF THE FIRST AMENDED COMPLAINT MUST BE DISMISSED | 5 |
|  | A. The New Fraudulent Transfer Counts Do Not "Relate Back." | 5 |
|  | POINT II: IN THE ALTERNATIVE, AND ONLY IN THE EVENT THAT THE COURT DENIES THE PRIMARY RELIEF SOUGHT BY TECH DATA DISMISSING COUNTS II AND III OUTRIGHT, THE PLAINTIFF SHOULD BE ENJOINED FROM ASSERTING ANY CAUSE THE RECOVERY OF ALLEGED FRAUDULENT TRANSFERS OUTSIDE OF THE 90-DAY PREFERENCE PERIOD | 11 |
| IV. | CONCLUSION | 13 |

TABLE OF AUTHORITIES

Page

**Cases**

*Bechtel v. Robinson,*
  886 F.2d 644 (3d Cir. 1989) .................................................................................. 10
*Cureton v. National Collegiate Athletic Ass'n.,*
  252 F.3d 267 (3d Cir. 2001) .................................................................................... 9
*Grace v. Rosenstock,*
  169 F.R.D. 473 (E.D.N.Y. 1996) ............................................................................ 6
*Hunt v. Amer. Bank & Trust Co. of Baton Rouge,*
  783 F.2d 1011 (11th Cir. 1986) .............................................................................. 7
*In re Kruszynski,*
  150 B.R. 209 (Bankr.W.D.Ill. 1993) ....................................................................... 6
*In re Smith,*
  204 B.R. 358 (Bankr.E.D.N.Y. 1997) ..................................................................... 6
*Merican, Inc. v. Caterpillar Tractor Co.,*
  596 F.Supp. 267 (3d Cir. 2001) .............................................................................. 8
*Peltz v. CTC Direct, Inc.,*
  307 B.R. 787 (Bankr. D. Del. 2004) ..................................................................... 11
*SS. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Dev. Fund Co.,*
  608 F.2d 28 (2d Cir. 1979) ..................................................................................... 6

**Statutes**

Bankruptcy Code Section 544(b) ................................................................................. 5
Bankruptcy Code Section 546(a) .............................................................................. 2, 9
Bankruptcy Code Section 546(a)(1)(A) ....................................................................... 2
Bankruptcy Code Section 547 ...................................................................................... 5
Bankruptcy Code Section 547(b) .............................................................................. 3, 8
Bankruptcy Code Section 547(b)(2) ............................................................................. 2
Bankruptcy Code Section 547(b)(4)(A) ................................................................ 10, 12
Bankruptcy Code Section 548 .................................................................................. 5, 10
Bankruptcy Code Section 548(a)(1) ............................................................................. 7

**Rules**

Federal Rules of Bankruptcy Procedure, Rule 7015 .................................................... 5
Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................................... 11
Federal Rules of Civil Procedure, Rule 15(c) .................................................... 5, 6, 10
Federal Rules of Evidence, Rule 201 ........................................................................... 1
Local Rules of Civil Practice and Procedure, Rule 7.1.2 ............................................ 1
Rule 8(f) ...................................................................................................................... 11
Rule 9 .......................................................................................................................... 11

## I. **INTRODUCTION**

Defendant Tech Data Corporation ("Defendant" or "Tech Data") respectfully submits this Reply Brief (the "Reply") to the Plaintiff's Response to Defendant's Motion to Dismiss Counts II and III of the Plaintiff's First Amended Complaint (the "Plaintiff's Response") and in further support of its Motion to Dismiss (the "Motion") in accordance with Rule 7.1.2 of the Local Rules of Civil Practice and Procedure.

In the Plaintiff's Response, he proposes several reasons for the denial of the Motion. However, it is respectfully submitted that the Plaintiff has missed the point, as none of these reasons cited serve as adequate grounds to deny the Motion to Dismiss. In point of fact, the Plaintiff's First Amended Complaint is, in Major League Baseball terminology, a "balk" in that, for the reasons set forth herein, the First Amended Complaint is fatally flawed. The First Amended Complaint, with its new fraudulent transfer courts, is so flawed because the Plaintiff, having waited until the last possible day to file an amended pleading, now asserts two new wholly divergent and inconsistent causes of action that are time barred, and do not "relate back" to his original Complaint. As will be further explained infra, the Plaintiff is late off of the bench in asserting divergent substantive claims, based upon a different time period, that are not supported by the same, identical evidence as his original Complaint.

Tech Data therefore respectfully requests that the Court grant its Motion and dismiss Counts II and III of the First Amended Complaint.

## II. **FACTUAL CONSIDERATIONS AND ISSUES, AND PROCEDURAL HISTORY (FROM WITHIN THE COURT'S RECORD)**

The Court is requested to take judicial notice of certain adjudicative facts that are within the scope of the record, pursuant to Federal Rule of Evidence 201.

1. The Debtors' bankruptcy cases were commenced on September 10, 2003 (the "Petition Date").

2. The Akin Gump law firm, which represents the Plaintiff in this case, was retained as counsel for the official committee of unsecured creditors within the first weeks following the Petition Date.

3. On July 27, 2004 the Creditors' Committee filed its First Amended Plan of Distribution. The First Amended Plan, which was submitted by the Committee's counsel, the Akin Gump law firm, made provisions for the prosecution of all avoidance actions by the Plaintiff, including the instant litigation.

4. On September 24, 2004 (the "Confirmation Date"), the First Amended Plan was approved by the Bankruptcy Court.

5. The ninety (90) day period for avoidance of transfers described in Section 547(b)(2) of the Bankruptcy Code commenced on June 12, 2003 (the "Preference Period").

6. The deadline to commence avoidance actions is set forth in Section 546(a) of the Bankruptcy Code. Because the Plaintiff is the trustee of a creditor's trust, and not a statutory bankruptcy trustee, he was obligated to commence all avoidance actions within the two (2) year period set forth in Bankruptcy Code Section 546(a)(1)(A), or September 10, 2005.

7. The Akin Gump law firm and the Plaintiff have each had actual direct, personal knowledge of the Preference Period, the Bankruptcy Code Section 546(a) statute of limitations and their obligations with respect to the prosecution of avoidance actions since, at the least, the Confirmation Date.

8. On January 13, 2005 the Plaintiff commenced the instant case in the Bankruptcy Court with the filing of a Complaint against Tech Data for the avoidance of alleged preferential

transfers. The Complaint states one count for the recovery of alleged preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

  9.  Paragraph 12 of the Complaint states:

> During the 90-day period prior to the Petition Date, the Debtors, upon information and belief, transferred $19,176,871.27 (the "Payments") to the Defendant. A detailed listing of each of the Payments is shown on Exhibit "A" to the Complaint.

Exhibit "A" is attached to the Original Complaint, and lists a series of alleged transfers to Tech Data.

  10.  On February 14, 2005, Tech Data filed a Motion to Dismiss the Original Complaint, to which the Plaintiff responded and Tech Data replied. Tech Data had asserted that the Plan did not properly reserve authority to commence the instant cause of action, but, importantly, Tech Data also complained that the Complaint <u>was not specific enough</u> to satisfy even the broad notice pleading requirements of Rule 8 for a preference case.

  11.  On July 1, 2005 the Motion to Dismiss was denied by the Bankruptcy Court., Not surprisingly, the Bankruptcy Court summarily upheld the lawsuit reservation language in the Plan that it had previously approved. On the lack of specificity issue for the original Complaint, the Bankruptcy Court observed as follows:

> Tech Data also asserts that the complaint fails to comply with Bankruptcy Rule 7008 and, alternatively, seeks dismissal on that basis. I find no merit to that assertion. The complaint satisfies the notice pleading standard and further details regarding the many transfers can easily be fleshed out <u>in the discovery process</u>.

A copy of Bankruptcy Judge Walsh's July 1, 2005 Opinion is annexed hereto and made a part hereof as Exhibit "A."

12. On July 8, 2005 Tech Data filed its Answer, Affirmative Defenses and Jury Demand. The Plaintiff did not thereafter seek to amend his Complaint to include any additional factual allegations, until his Motion for leave to file the First Amended Complaint.

13. On February 3, 2006 this Court entered an endorsement order on the docket setting forth certain deadlines. Pursuant to the underlying agreed form of Scheduling Order, it was So Ordered by the Court that the last date to file amended pleadings would be March 13, 2006.

14. On March 30, 2006 the Court entered an Order authorizing the filing of the filing of the First Amended Complaint, and granting Tech Data twenty (20) days to answer or otherwise respond.

15. Since the entry of the March 30 Order, the First Amended Complaint has never been separately filed on the docket by the Plaintiff. Rather the First Amended Complaint only exists on the docket, in an unsigned form, as an attachment to the Motion for leave to file a First Amended Complaint and is without any attached exhibit. Thus, the First Amended Complaint has never been "officially" filed after leave was granted.

16. On April 7, 2006, in an abundance of caution, Tech Data filed its Motion to Dismiss the unsigned First Amended Complaint.

17. On April 15, 2006 the Plaintiff filed his Response opposing the Motion.

18. Tech Data now filed this Reply Brief in further support of its Motion.

### III. ARGUMENT

### POINT I

**BECAUSE THE PLAINTIFF'S FIRST AMENDED COMPLAINT ASSERTS DIFFERENT, TIME-BARRED THEORIES OF RECOVERY, THAT DO NOT RELATE BACK TO HIS ORIGINAL COMPLAINT, COUNTS II AND III OF THE FIRST AMENDED COMPLAINT MUST BE DISMISSED**

While the Plaintiff's original Complaint asserted one theory of recovery—recovery of preferential transfers under Section 547 of the Bankruptcy Code—his First Amended Complaint includes divergent fraudulent transfer theories of recovery under Sections 548 and 544(b) of the Bankruptcy Code, the latter in conjunction with state fraudulent transfer law.  The original Complaint does not provide "fair notice" of these fraudulent transfer theories, and the offending Counts II and III of the First Amended Complaint should therefore be dismissed.

A.   The New Fraudulent Transfer Counts Do Not "Relate Back."

In asserting the relation back doctrine, the Plaintiff apparently concedes that his new fraudulent transfer theories are otherwise time barred.

The "relation back" doctrine is set forth in Rule 15(c) of the Federal Rules of Civil Procedure, applicable by operation of Rule 7015 of the Federal Rules of Bankruptcy Procedure. Rule 15(c) states:

> Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

Fed.R.Civ.P. 15(c). In construing Rule 15(c), it appears that subsections (1) and (3) have no bearing on relation back in the instant case. Rather, the Plaintiff appears to solely rely upon Rule 15(c)(2) as a basis to include the newly added time barred claims.

An amendment to a complaint asserting a new legal theory must "relate back to the date of the original pleading" under Rule 15(c) if it has the same factual basis as the original count and would be supported by the same evidence. *In re Kruszynski*, 150 B.R. 209 (Bankr.W.D.Ill. 1993). Courts will not permit an amended pleading to relate back to the original "where the movant has engaged in undue delay, where the amendment would cause undue prejudice, or where the amendment would be futile." *See, e.g., Grace v. Rosenstock*, 169 F.R.D. 473, 479 (E.D.N.Y. 1996) *citing SS. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) (leave to add a new cause of action will not be granted unless the movant has "colorable grounds for relief" under the new claim.). Undue prejudice occurs when the amendment seeks to add a new claim based upon a different time period, upon different causes of action and different facts are alleged and the original complaint did not provide fair notice of the new claim. *In re Smith*, 204 B.R. 358 (Bankr.E.D.N.Y. 1997).

In *Grace v. Rosenstock*, the plaintiff sought to amend his complaint to, *inter alia*, assert causes of action for fraudulent transfer. As with the instant case, because those new fraudulent transfer counts were time-barred, the plaintiff argued that the claims related back to the date of filing of the original complaint. The district court observed that relation back of amendments were generally permitted to correct a "procedural deficiency" or modify facts. In refusing to permit the amendments to include fraudulent new transfer counts, the *Grace* court continued to observe that "courts do not permit the use of Rule 15(c) to add allegations concerning an entirely different transaction or set of facts. *Grace v. Rosenstock*, 169 F.R.D. at 480 (internal citations

omitted). *See also, Hunt v. Amer. Bank & Trust Co. of Baton Rouge*, 783 F.2d 1011, 1014 (11th Cir. 1986) (ruling that separate new allegations of fraudulent transfer did not relate back to the original complaint).

The Plaintiff suggests that his new, time-barred, fraudulent transfer counts relate back to the original preference Complaint in this action, and, of necessity, argues that "the conduct, transaction or occurrence" from the original Complaint provided legally sufficient notice to Tech Data of its new claims. However, a review of the Complaint and the First Amended Complaint will reveal that the Plaintiff's argument is flawed and must be denied.

The original Complaint limited itself to the ninety (90) day preference period

By contrast, the First Amended Complaint now asserts causes of action with "reach back" beyond the ninety (90) day Preference Period. Fraudulent transfer actions under Bankruptcy Code Section 548(a)(1) have a "reach back" period of up to one (1) year. And fraudulent transfer actions, under the alleged applicable state law, have a "reach back" period of four (4) years. Defendant has never before been put on notice of the possibility of claims outside of the Preference Period. Since written fact discovery commenced during the Summer of 2005, and the fact discovery period is scheduled to conclude in several weeks, Tech Data is prejudiced by the addition of the new claims. Further, instead of referencing the ninety (90) day Preference Period, the First Amended Complaint now expressly includes transactions that took place from "June 10, 2003" going forward. Since the Preference Period commenced on June 12, 2003, the Plaintiff is seeking, at a minimum, to recover two extra days' worth of transfers in his First Amended Complaint.[1]

---

[1] Since the Plaintiff has not attached an Exhibit "A" to his First Amended Complaint, it is not possible to know whether he is seeking to avoid the same transfers that were listed on Exhibit "A" to the original Complaint.

WM\5674\1                                              7

The facts pertaining to the Plaintiff's original Complaint attempts to set forth the necessary facts to establish liability under Bankruptcy Code Section 547(b). However, in order to establish fraudulent transfer liability, the Plaintiff must establish different elements, and hence, different operative facts. In pertinent part, the elements of a fraudulent transfer count require proof that less than reasonably equivalent value was transferred, and that the debtor was insolvent or rendered insolvent on the date of each transfer (no presumption of insolvency), was engaged in business while unreasonable capitalized, and incurred debts beyond its ability to pay the debts as matured.

The underlying facts that are needed in order to make a *prima facie* showing of a preference simply will not make a *prima facie* showing of fraudulent transfer liability. Beyond the mandatory proving of insolvency under the new fraudulent transfer count (an issue contested in a preference action only if raised in a defense by a defendant, and not determinable from relating back to the four corners of the original complaint), the Plaintiff will require proofs and discovery of facts and expert testimony regarding the "unreasonable capitalization of the debtor while engaged in business" and the debtor's "ability to pay debts as they came due." These factual allegations go well outside of the elements of a preference case, and will subject Tech Data to undue and unreasonable hardship.

Plaintiff's undue delay in bringing his claim also justifies denying his motion. "The [l]onger the moving party delays in seeking leave to amend, the more likely it is that the non-moving party has suffered prejudice." *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F.Supp. 267, 273 (3d Cir. 2001)(holding that a motion for leave to amend is properly denied when it places unfair burden on the opposing party and the movant's reason for the delay is insufficient. Delay becomes undue when it places an unfair burden on the opposing party and the movant's

reason for the delay is insufficient. *Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267, 273 (3d Cir. 2001) (motion for leave to amend properly denied where theory to be newly asserted could have been raised earlier in the proceedings). The burden rests with the moving party in seeking to justify the delay in seeking leave to amend.

In this case, where the Plaintiff has been "trustee" since the Confirmation Date and his counsel have been counsel intimately involved with the bankruptcy case since shortly after the Petition Date, there is no excuse for their delay in timely filing the fraudulent transfer counts earlier in this proceeding, and certainly before the expiration of the limitations period, as found in Bankruptcy Code Section 546(a). Counts II and III of the First Amended Complaint should therefore be dismissed.

## POINT II

### IN THE ALTERNATIVE, AND ONLY IN THE EVENT THAT THE COURT DENIES THE PRIMARY RELIEF SOUGHT BY TECH DATA DISMISSING COUNTS II AND III OUTRIGHT, THE PLAINTIFF SHOULD BE ENJOINED FROM ASSERTING ANY CAUSE THE RECOVERY OF ALLEGED FRAUDULENT TRANSFERS OUTSIDE OF THE 90-DAY PREFERENCE PERIOD

In the alternative, Tech Data respectfully requests that the Court restrict the Plaintiff from asserting causes for recovery of any alleged fraudulent transfers that occurred prior to the ninety (90) day preference period provided in Bankruptcy Code Section 547(b)(4)(A). Counts II and III are the product of amendment pursuant to Federal Rule of Civil Procedure 15(c), and it has long been established that relation back under Rule 15(c) is operative only for those claims and defenses that arise "out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Bechtel v. Robinson*, 886 F.2d 644, 651 (3d Cir. 1989) (quoting FED. R. CIV. P. 15(c)). Thus, to the extent that the new fraudulent transfer allegations are predicated upon the factual circumstances of the original preference allegations, no transfers other than those that occurred during the ninety (90) day preference period may be considered as fraudulent transfers under Bankruptcy Code Section 548.

There are number of factors which suggest that the Plaintiff is trying to play "hide the ball" here. First, the Plaintiff has failed to append any list to the First Amended Complaint identifying, even roughly, the particular transactions he seeks to avoid. Second, the Plaintiff is now asserting causes of action that have "look back" or avoidance periods of one and four years, respectively. Third, the Plaintiff has moved off of a look back period in ninety (90) days, and now apparently seeks to recover transfers earlier than the Preference Period. Accordingly, some limiting instruction as to the Plaintiff's ability to dodge and weave under the broad rubric of notice pleading is necessary, to prevent prejudice and irreparable hard to Tech Data.

WM\5674\1                                        10

By the Plaintiff's own admission, "[i]n cases where the plaintiff/trustee has amended a complaint to state claims for fraudulent transfer based on the **same payments** outlined in an original petition seeking avoidance of preferential transfers, courts have found that the amended pleading relates back to the original complaint under Rule 15(c)." *Plaintiff's Response*, page 7 (emphasis in original). The Plaintiff's entire justification for the applicability of the relation back doctrine revolves around the assertion, by the Plaintiff that no transfers other than those alleged in the Initial Complaint, are being added to the First Amended Complaint. "Both Counts II and III seek to recover payment for the **same transactions** outlined in the Original Petition." *Id.* at page 10 (emphasis added).

The Plaintiff would not be entitled to employ the relation back doctrine to plead new transfers outside this period, as admitted by the Plaintiff in its Reply and supported by the authorities cited to therein. For where a plaintiff "has not produced any evidence to suggest that the Defendants had notice that the new transactions were subject to recovery.... the new transactions do not fall within the previously alleged "conduct, transaction, or occurrence" as contemplated by Rule 15(c)(2)." *Peltz v. CTC Direct, Inc.*, 307 B.R. 787, 793 (Bankr. D. Del. 2004). The Initial Complaint complains only of transfers "[d]uring the 90-day period prior to the Petition Date," and to these transfers the Plaintiff's First Amended Complaint must now be restricted in the interests of justice, basic fairness, and the long-standing jurisprudence of this district.

## IV. CONCLUSION

Counts II and III of the Plaintiff's First Amended Complaint should be dismissed for failing to state a claim upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12(b)(6), for lack of specificity pursuant to Rule 9 and failure to plead so as to do substantial justice, in accordance with Rule 8(f). In the alternative, and only in the event that the Court denies the primary relief sought, Tech Data respectfully requests that, consonant with applicable jurisprudence, any fraudulent transfers alleged in Counts II and/or III be required to arise out of the same conduct, transaction, or occurrence set forth in the original Complaint and, thus, fall within the ninety (90) day preference period described in Bankruptcy Code Section 547(b)(4)(A).

Dated: April 25, 2006                   **DRINKER BIDDLE & REATH LLP**

/s/ Howard A. Cohen
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

Stephen C. Hunt
ADORNO & YOSS LLP
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

Attorneys for Defendant and Movant,
Tech Data Corporation