IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **BRIDGEPORT HOLDINGS, INC. et al.** | ) | **Case No. 03-12825 (PJW)** |
| | ) | |
| **Reorganized Debtors,** | ) | |

---

| | | |
|---|---|---|
| | ) | |
| **KEITH F. COOPER, as Liquidating Trustee** | ) | |
| **of the Bridgeport Holdings, Inc. Liquidating Trust,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Proc. No. 05-00622 (GMS)** |
| | ) | |
| **TECH DATA CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Keith F. Cooper, as the Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust ("Plaintiff") asks this Court to strike certain portions of Defendant Tech Data Corporation's Reply Brief (the "Reply Brief") in Support of its Motion to Dismiss Counts II and III of the First Amended Complaint or, Alternatively, for Partial Summary Judgment for Counts II and III of the First Amended Complaint (the "Motion to Dismiss"), because new issues were raised in the Reply Brief that were not presented in the initial Motion to Dismiss.

1.  The Reply Brief violates Rule 7.1.3(c)(2) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules"), which states that the party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief by raising the following new allegations. *See, e.g., Watkins v. New Castle County*, 374 F.Supp.2d 379, 393-94

(D. Del. 2005) (refusing to consider argument not presented in opening brief); *Advanced Med. Optics, Inc. v. Alcon, Inc.*, 361 F.Supp.2d 404, 418 n.8 (D. Del. 2005) (same).

      2.     First, in paragraph 15 of the Reply Brief, Defendant claims – for the first time – that Plaintiff's "First Amended Complaint was never 'officially' filed." Reply Brief, at ¶ 15. Plaintiff, therefore, never had the opportunity to respond to this argument and this reference should be stricken from the Reply Brief.[1]

      3.     Similarly, Defendant waited until the Reply Brief to notify Plaintiff of a missing exhibit in its Amended Complaint; Defendant uses this basis to attempt to establish that the Amended Complaint sets forth "new" or "different" transactions from the Original Complaint. *See* Reply Brief, at p. 7, n.1.[2] This argument was not raised in the original Motion to Dismiss and should be stricken from the Reply Brief.

      4.     Furthermore, Defendant waited until its reply brief to allege prejudice because it "has never before been put on notice of the possibility of claims outside the preference period," and that "Plaintiff is seeking, at a minimum, to recover two extra days' worth of transfers in his First Amended Petition." Reply Brief, at p. 7.[3] This was not previously alleged and should be stricken from the Reply Brief.

---

[1]    Plaintiff notes, however, that Local Rule 15.1 provides that "[t]he amended pleading shall be deemed filed as of the date of an order allowing the amendment, unless the order otherwise provides." D. Del. LR. 15.1.

[2]    The omission of Exhibit A to Plaintiff's Amended Complaint was unintentional and will be supplemented to the Court and to Defendant under separate cover. As stated in Plaintiff's response to the Motion to Dismiss, Exhibit A to the Amended Complaint is the same document as Exhibit A to the Original Complaint and, necessarily, outlines the exact same payments and transactions set forth in Plaintiff's Original Complaint.

[3]    As noted above, the payments Plaintiff seeks to recover in Counts II and III of the Amended Complaint are identical to the payments sought to recover in the his Original Complaint.

WHEREFORE, the Plaintiff respectfully requests that arguments raised for the first time in Defendant's reply brief should be stricken pursuant to Local Rule 7.1.3(c)(2).

Dated:  April 28, 2006
          Wilmington, Delaware          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William H. Sudell, Jr. (No. 463)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

                    - and -

AKIN GUMP STRAUSS HAUER& FELD LLP
S. Margie Venus
Matthew S. Okin
Jonathan S. Schmitt, Esq.
1111 Louisiana St., 44th Floor
Houston, TX  77002
Telephone:  (713) 220-5800

**ATTORNEYS FOR PLAINTIFF, KEITH F. COOPER,
as Liquidating Trustee of the Bridgeport Holdings, Inc.
Liquidating Trust**

517939