IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In the Matter of:

BRIDGEPORT HOLDINGS, INC., et al.,

    Debtors.
_____/
KEITH F. COOPER, As Liquidating
Trustee Of The Bridgeport Holdings Inc.
Liquidating Trust,

    Plaintiff,

    v.                              Civil Action No.  05-622 GMS

TECH DATA CORPORATION,

    Defendant.
_____/

**RESPONSE BY DEFENDANT TECH DATA CORPORATION
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

    TECH DATA CORPORATION, the defendant herein ("Tech Data"), by and through its undersigned attorneys, respectfully submits this Response in Opposition to the Plaintiff's Motion to Strike dated April 30, 2006 and respectfully states as follows:

    1.    The Plaintiff raises three points that it claims exceed the scope of permissible reply briefing by Tech Data, that: (i) the First Amended Complaint was not filed; (ii) there is no new exhibit of transfers on file as part of the First Amended Complaint; and (iii) the absence of notice of the Plaintiff's intent to go beyond the preference period transfers (collectively, the "Challenged Points").

    2.    As a preliminary matter, it must be noted that had the Plaintiff simply advised Tech Data that it wished to submit a further response to the Motion to Dismiss the First Amended Complaint on the Challenged Points, Tech Data would have agreed. Instead, in an

WM\5718\1

exercise worthy of *Jarndyce v. Jarndyce*, a retaliatory motion has been filed with the Court in the form of Plaintiff's Motion to Strike.

        3.        It is respectfully submitted that none of the Challenged Points addressed by the Plaintiff in its Motion to Strike have prejudiced the Plaintiff. Indeed, the first two Challenged Points are merely statements of fact, discernible from referencing the docket of this case and nothing more. That the Plaintiff has never filed its First Amended Complaint or its schedule of transfers for its First Amended Complaint with the Court are matters of fact that the Court was simply requested to take judicial notice of pursuant to Federal Rule of Evidence 201. Apparently, the Plaintiff wishes to substitute his judgment for that of the Court by, in essence, barring the Court from considering this filing irregularity.[1]

        4.        It is easier to understand why the Plaintiff seeks to strike the third Challenged Point, as it evidences the Plaintiff's effort to include transfers from outside of the preference period in its First Amended Complaint. If the Plaintiff really intended to seek to avoid, under a different theory of recovery, only the transfers listed on the schedule attached to its original Complaint—and not new transfers—it would not have needed to include the third point in its Motion to Strike. That the Plaintiff is fighting to avoid this reference to a different avoidance period supports Tech Data's suggestion that the Plaintiff's First Amended Complaint is not only pursing a new theory of recovery, but one that exceeds the scope of the original Complaint and cannot relate back. These issues go to the crux of the Motion to Dismiss, and notions of substantial justice should militate in favor of allowing the Court to consider all arguments of the parties that have been briefed to date on the Motion to Dismiss. To request anything less is to question the Court's ability to exercise judicial discretion on pending matters.

---

[1] An irregularity which the Plaintiff apparently attempted to correct with his May 3, 2006 filing, and only after the filing of his instant Motion to Strike.

WHEREFORE, Tech Data respectfully requests that the Plaintiff's Motion to Strike be denied in all respects.

Dated: May 8, 2006

**DRINKER BIDDLE & REATH LLP**

/s/ Howard A. Cohen
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

**ADORNO & YOSS LLP**
Stephen C. Hunt
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

Attorneys for Defendant,
Tech Data Corporation