IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRIDGEPORT HOLDINGS INC., *et al.*,<br><br>                Debtors, | Chapter 11<br><br>Case No. 03-12825 (PJW) |
| KEITH F. COOPER, As Liquidating<br>Trustee of the Bridgeport Holdings, Inc.<br>Liquidating Trust<br>                Plaintiff,<br><br>   vs.<br><br>TECH DATA CORPORATION,<br><br>                Defendant. | <br><br><br>Civil Proc. No. 05-00622 (GMS) |

## STIPULATED PROTECTIVE ORDER

Through their undersigned counsel, Tech Data Corporation ("Tech Data"), CDW Corporation and CDW SAC, Inc. (collectively "CDW"), and Bridgeport Holdings Inc. Liquidating Trust (the "Trust") (collectively, the "Parties"), hereby stipulate and agree as follows:

      1.     In Cause No. 05-00622 (GMS), styled *Cooper v. Tech Data Corp.*, Defendant Tech Data issued discovery requests that specifically requested documents produced by CDW to the Trust in Cause No. 05-50507 (PJW), styled *Cooper v. CDW Corp. and CDW SAC, Inc.*

      2.     A protective order exists in Cause No. 05-50507 (PJW) that, on its face, precludes the Trust from responding to Tech Data's discovery requests because relevant, responsive documents have been designated, under that protective order, as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel Only" by CDW.  (A copy of the

1

Protective Order entered in Cause No. 05-50507 (PJW) is attached hereto as Exhibit A and incorporated herein by reference.)

3.     The parties agree to enter into this Protective Order to facilitate the production to Tech Data in Cause No. 05-00622 (GMS) documents that were produced to the Trust by CDW in Cause No. 05-50507 (PJW).

4.     This Protective Order governs the use and handling of CDW's documents and information that will be produced by the Trust to Tech Data, including all copies and excerpts produced.

5.     The Parties agree that any document designated by CDW as "Confidential," or "Highly Confidential—Outside Counsel Only" in Cause No. 05-50507 (PJW) shall be accorded the same status and protections in Cause No. 05-00622 (GMS) as those granted by Exhibit A, hereto.  It is further agreed that any document designated "Highly Confidential" by CDW in Cause No. 05-50507 (PJW) shall be accorded the same status and protections in Cause No. 05-00622 (GMS) as if designated "Highly Confidential—Outside Counsel Only" under Exhibit A, hereto.  All such documents or other material so designated shall be referred to in this Protective Order as "CDW Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

6.     Upon execution of this Protective Order, it is agreed that CDW will not object to the Trust responding to Tech Data's discovery requests by producing CDW Discovery Material to Tech Data in Cause No. 05-00622 (GMS) that was produced to the Trust by CDW in Cause No. 05-50507 (PJW); provided, however, that said CDW Discovery Material shall be produced subject to the terms of this Protective Order.

- 2 -

7.     CDW Discovery Material shall be used and/or disclosed pursuant to this Protective Order, upon the condition that said materials shall be used only for purposes of use by the Parties in Cause No. 05-00622 (GMS) and shall not be used for any business, competitive or other purpose, subject to further order of the Court.

8.     The inadvertent failure by CDW to stamp a document, or portion thereof, with a "Confidential," "Highly Confidential" or "Highly Confidential—Outside Counsel Only" designation in no way alters or waives the protected, confidential or privileged nature of the documents otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that CDW gives such notice in writing within thirty (30) days after becoming aware that the confidential information was not properly designated. Such written notice shall identify with specificity the information or documents CDW is then designating to be confidential information and shall promptly provide a replacement copy of such material with the appropriate designation thereupon. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

9.     If CDW produces any information subject to attorney-client privilege, work product immunity, joint-defense privilege, common interest privilege, and/or any other privilege, protection, or immunity, CDW may (promptly upon learning of such production) notify the receiving party of such production. Upon such notification the receiving party shall promptly return to CDW all such information (including, without limitation, any documents containing or comprising such information); the information (including, without limitation, any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, any

- 3 -

documents containing or comprising such information) by the receiving party, nor shall it be disclosed to anyone by the receiving party. The receiving party shall promptly provide to CDW a written certification of the complete return of such information (including, without limitation, any documents containing or comprising such information); provided that, to the extent the receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing party) destroy such information incorporated in that work product and promptly certify to such destruction. CDW shall list on a privilege log any document governed by this section promptly after that document has been returned to it. In the event that inadvertent production, as described in this paragraph, is made by CDW in Cause No. 05-50507 (PJW) and proper notice is given to the Trust only (and not to Tech Data), the Trust will then provide notice of CDW's inadvertent production to Tech Data in Cause No. 05-00622 (GMS), and Tech Data shall promptly return such documents to CDW or its counsel in accordance with this paragraph. Nothing in this Protective Order shall limit the right of a party to challenge the claim of privilege by another party; provided, however, that the inadvertent production of the document or information at issue shall not constitute a waiver of any applicable privilege.

10.    If CDW Discovery Material is used in a deposition in Cause No. 05-00622 (GMS), said CDW Discovery Material may only be used with those witnesses and persons to whom such material may be shown under the terms of this Protective Order, including its incorporation of the terms of Exhibit A. Any copies of deposition transcripts that contain information or material designated as CDW Discovery Material shall be prominently marked on the cover thereof and on each page that contains CDW Discovery Material in a manner which reflects the type of CDW Discovery Material contained in the transcript. For example, if a

transcript contains CDW Discovery Material designated by CDW as "Confidential," said transcript shall be marked and treated as containing "Confidential" discovery materials.  If a transcript contains CDW Discovery Material designated by CDW as "Highly Confidential" or "Highly Confidential—Outside Counsel Only," said transcript shall be marked and treated as containing "Highly Confidential—Outside Counsel Only" discovery materials.  Disclosure of said transcripts shall be limited as required by Exhibit A, hereto.

11.     If CDW Discovery Material is to be included in materials filed with or otherwise disclosed to the Court, such materials shall be labeled on the cover "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**" and, unless otherwise agreed to by counsel for the Parties or directed by the Court, shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court.

12.     In the event CDW Discovery Material is to be included as part of any electronic filing with the Court, including but not limited to, as an exhibit or attachment as part of any such electronic filing, such materials shall be excluded from such electronic filing and filed in accordance with the preceding paragraph of this Protective Order.

13.     If CDW Discovery Material may be offered into evidence at any court hearing in open court, however, CDW shall be given 15 days prior notice so that CDW may apply for an order that said evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.  Subject to Court approval, whenever any CDW Discovery Material designated as "Highly Confidential" or "Highly Confidential—Outside Counsel Only" is offered into evidence at any court hearing, such portions of the proceedings which concern the "Highly Confidential" or "Highly Confidential—Outside Counsel Only" Discovery Material

- 5 -

shall be conducted so that only those persons authorized hereunder to have access to such matter shall be present.

14.    Nothing in the Protective Order shall be interpreted to prohibit or prevent CDW from using or disclosing its own "Confidential," "Highly Confidential" or "Highly Confidential—Outside Counsel Only" Discovery Material in any way it sees fit.  If CDW uses or discloses such material in a non-confidential manner, the parties to Cause No. 05-00622 (GMS) may use or disclose the same material in a similar manner.  Any such use or discussion by CDW of "Confidential," "Highly Confidential" or "Highly Confidential—Outside Counsel Only" Discovery Material shall not be deemed a general waiver of the terms of this Protective Order.

15.    This Protective Order shall not enlarge or affect the proper scope of discovery allowable to the Parties.  Nothing in this Protective Order shall be interpreted to require disclosure of materials that CDW contends are protected from disclosure by the attorney-client privilege or the attorney work-product immunity doctrine.

16.    The following procedures shall apply to any disputes arising from the designation by CDW of CDW Discovery Material as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel Only" pursuant to this Protective Order:

(a)    Upon receipt of written notification from any Party of disagreement with CDW's confidentiality designation, counsel for the objecting party and counsel for CDW will confer in a good faith effort to resolve the dispute without Court intervention;

(b)    If the dispute is not resolved within a reasonable time, the objecting party may invoke the Bankruptcy Court rules and procedures for raising discovery disputes.  In such case, CDW shall bear the burden of demonstrating the information has been properly designated as "Confidential," "Highly Confidential" or "Highly Confidential—Outside Counsel Only;" and

(c)    During the pendency of such judicial process all persons receiving Confidential Discovery Material, Highly Confidential Discovery Material,

or Highly Confidential—Outside Counsel Only Discovery Material shall abide by the designation.

17.    Each document, material, or other thing, or portion thereof designated as CDW Discovery Material shall retain that designation and shall remain subject to the terms of this Protective Order until such time as CDW agrees to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

18.    The restrictions and obligations set forth herein relating to CDW Discovery Material shall not apply to any information which:

      (a)    the Parties agree, or the Court rules, is already public knowledge or publicly available or does not contain confidential financial information, confidential trade secrets, or other confidential research, development, or proprietary business information;

      (b)    the Parties agree, or the Court rules, has become public knowledge or publicly available other than as a result of disclosure by the receiving Party, its employees or agents in violation of this Protective Order; or

      (c)    has come or shall come into the receiving Party's lawful or legitimate possession independently of CDW and not in violation of this Protective Order or any other obligation of confidentiality.

19.    Upon termination of Cause No. 05-00622 (GMS), the originals and all copies of CDW Discovery Material, howsoever designated, shall be turned over promptly by Tech Data to CDW or to its counsel.  Counsel for the Parties also shall promptly destroy all work-product containing or describing such CDW Discovery Material, and shall provide counsel for CDW with a certification that such destruction has occurred.  However, nothing in this paragraph prevents counsel from maintaining a basic file about the case, including a copy of the pleadings, correspondence, basic memoranda, notes and related materials.

20.    This Protective Order shall become effective among those who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

21.    Those who have executed this Protective Order may apply to the Court, upon written notice, in accordance with the Rules of the Court, for an Order amending, modifying or vacating this Protective Order.  Nothing in this Protective Order shall be construed as prejudicing a Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any CDW Discovery Material.  Until such agreement or Order is obtained, however, this Protective Order shall constitute the entire agreement of the parties to this Protective Order with respect to the matters covered herein.

CHICAGO/#1406244.2

22.    This stipulation may be signed by the Parties hereto in counterparts.

AGREED TO BY:

TECH DATA CORPORATION

By: _____
Howard A. Cohen, Esq. (No. 4082)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, Delaware  19801
Telephone: 302-467-4200

Charles M. Tatelbaum, Esq.
Stephen C. Hunt, Esq.
ADORNO & YOSS, LLP
350 E. Las Olas Blvd., Suite 1700
Fort Lauderdale, FL  33301
Telephone: 954-763-1200


CDW CORPORATION and CDW SAC, INC.

By: _____
Norman L. Pernick, Esq. (DE Bar No. 2290)
Mark Minuti, Esq. (DE Bar No. 2659)
SAUL EWING, LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: 302-421-6800

Douglas J. Lipke, Esq.
Thomas P. Cimino, Jr., Esq.
Jon P. McCarty, Esq.
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois  60601
Telephone:  312/609-7500

BRIDGEPORT HOLDINGS INC.
LIQUIDATING TRUST

By: _____
William H. Sudell, Jr., Esq. (No. 463)
Daniel B. Butz, Esq. (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 Market Street, P.O. Box 1347
Wilmington, Delaware  19899-1347
Telephone:  302/658-9200

Margie S. Venus, Esq.
Matthew S. Okin, Esq.
Jonathan S. Schmitt, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana St., 44th Floor
Houston, Texas  77002

Entered:

By: _____
Gregory M. Sleet
United States District Judge

- 9 -