July 19, 2006

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Wilmington, DE 19801

Re:   *In re Bridgeport Holdings, Inc.*; *Keith F. Cooper v. Tech Data Corporation*; Civil Action No. 05-00622; In the United States District Court for the District of Delaware.

Dear Judge Sleet:

This letter provides a brief factual background and agenda concerning the discovery dispute that will be addressed in a telephone conference with the Court on Friday, July 21, 2006 at 10:00 am.

I. **FACTUAL BACKGROUND**[1]

A.   This lawsuit is a preference action arising out of the bankruptcy cases filed by MicroWarehouse, Inc. and its affiliates ("MicroWarehouse"). Plaintiff, Keith Cooper ("Plaintiff"), is the liquidating trustee appointed to oversee the liquidating trust established for the benefit of the estates' unsecured creditors, pursuant to the order confirming the Debtors' plan of liquidation. Plaintiff has sued to recover more than $19 million in transfers made by the Debtors to the Defendant during the 90-day period prior to the Debtors' Petition Date, September 10, 2003.

B.   Under the liquidation plan, some of Plaintiff's actions require approval of or consultation with a Liquidating Trust Advisory Committee ("LTAC") that is composed of creditors who oversee operation of the trust on behalf of all of MicroWarehouse's creditors. The LTAC is composed of representatives from Hewlett-Packard Company, Ingram Micro, Inc., and Toshiba America Information Systems, Inc. The LTAC approves the trust's budget and any settlements over $200,000. The Plaintiff and his legal and financial advisors communicate with the LTAC on a periodic basis to provide updates concerning litigation being pursued by the trust and to obtain input and advice from the LTAC.

C.   In June 2006, Defendant, Tech Data Corporation ("Tech Data"), indicated that it wished to conduct Rule 30(b)(6) depositions of the LTAC members. Although it was already seeking a corporate deposition of Ingram Micro, Tech Data specifically sought to depose James Ricketts (an Ingram Micro employee) in his personal capacity. Plaintiff requested that Tech Data articulate why such depositions would be relevant to this proceeding. In response, Tech Data served subpoenas and notices *duces tecum* on the LTAC members and James Ricketts. Copies of the subpoenas are attached hereto as Exhibit A.

D.   Tech Data has indicated that the depositions and documents sought were relevant for two reasons: (1) MicroWarehouse's business dealings with the individual LTAC members, who constitute three of the hundreds of trade vendors with whom MicroWarehouse dealt, are relevant to Tech Data's ordinary course of business defense; and (2) alleged conflicts between LTAC members, FTI Consulting (the Plaintiff's company), and Akin Gump are relevant to Tech Data's defense of "unclean hands" (that has not yet been pled). No reasons were given to support the request for James Ricketts' deposition.

E.   Plaintiff offered to produce payment information for all of MicroWarehouse's trade vendors so that Tech Data could examine the ordinary course of business between MicroWarehouse and all of its vendors, but this offer was refused.

---

[1] Tech Data does not agree with certain of the factual allegations contained in this Factual Background.

Judge Gregory M. Sleet
July 19, 2006
Page 2

## II. PLAINTIFF'S ISSUES:

- This lawsuit is about whether Tech Data – not the LTAC members or any other company – received preferential payments from MicroWarehouse. The LTAC members have no personal knowledge concerning Tech Data's payments to MicroWarehouse. These subpoenas for depositions and documents– sent to only three of MicroWarehouse's hundreds of vendors – have no relevance to this case and should be quashed.

- Tech Data has refused to accept the best evidence for its alleged ordinary course of business defense (i.e., actual payment data from all creditors).

- Tech Data's purported "unclean hands" defense is a sham. The defense of "unclean hands" is a narrowly construed equitable defense that applies only to bar equitable relief, which is neither relevant nor applicable to this lawsuit. Plaintiff is seeking money damages, not equitable relief.

- In connection with its "unclean hands" defense, Tech Data has recently called into question settlements between LTAC members and the trust. These settlements were fully disclosed to the public in properly noticed motions and were approved by the Court. Any objections to these settlements should have been raised in the main bankruptcy case in response to the motions seeking their approval, not in defense to this litigation.

## III. DEFENDANT'S ISSUES

- In order to establish its "ordinary course of business" defense, Tech Data will need to establish, inter alia, that the alleged preferential payments fall within the ordinary course of business in Tech Data's industry. The LTAC Members are in the same industry as Tech Data.

- Tech Data has the right to depose James Ricketts, a Senior Credit Executive of Ingram Micro, and a de facto representative of Ingram Micro on the LTAC. Tech Data does not seek to depose Mr. Ricketts in his "personal capacity" as the Liquidating Trustee has mischaracterized in his factual background section. Rather, in connection with his various positions, Mr. Rickets has knowledge and relevant information concerning transfers received by Ingram Micro during the preference period, industry standards and conflict issues raised below.

- Tech Data's deposition of the Liquidating Trustee has revealed information which may support Tech Data's affirmative defense of "unclean hands" as well as other potential defenses to be explored during discovery. For example, Tech Data has discovered conflicts of interest arising from the Liquidating Trustee's relationship with certain of the LTAC Members. In a case such as this one where distributions to unsecured creditors are dependent on preference recoveries, the Liquidating Trustee decided not to commence any preference actions against the LTAC Members, who collectively received more than $32 million in preferential transfers. Whether or not unclean hands is narrowly construed, Tech Data has the right to take discovery from the LTAC Members concerning their relationship with the Liquidating Trustee (and his agents) in order to support this viable defense.

Judge Gregory M. Sleet
July 19, 2006
Page 3

                                                Sincerely,

                                                Matthew S. Okin

cc:     Charles M. Tatelbaum/ Stephen C. Hunt
        Howard A. Cohen
        William H. Sudell
        David Fournier
        Gail Greenwood

Enclosures