# Exhibit A

**ADORNO & YOSS**

A LIMITED LIABILITY PARTNERSHIP
350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE: (954) 763-1200, FAX: (954) 766-7800
WWW.ADORNO.COM

STEPHEN C. HUNT
BOARD CERTIFIED--BUSINESS BANKRUPTCY LAW--
AMERICAN BOARD OF CERTIFICATION
ALSO ADMITTED IN NY, NJ AND DC

DIRECT LINE: (954) 766-7834
EMAIL: SHUNT@ADORNO.COM

July 7, 2006

**VIA UPS OVERNIGHT DELIVERY**
[Tracking No. 1ZR4W0230193180669]

S. Margie Venus, Esq.
Matthew S. Okin, Esq.
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200

    **Re:**    **Matter of Bridgeport Holdings, Inc., et al.**
          **Cooper vs. Tech Data Corporation**

Dear Ms. Venus and Mr. Okin:

    Please find enclosed, for your information, copies of subpoenas that are being served upon Ingram Micro, Hewlett-Packard, Toshiba America and Mr. Ricketts.

    Should you have any questions, please do not hesitate to contact Chuck Tatelbaum or me.

    Very truly yours,

    Stephen C. Hunt

Enclosures
cc:  Howard Cohen, Esq. (via electronic mail only)(with encl.)
    Charles M. Tatelbaum, Esq. (via electronic mail only)(with encl.)

{210346.0022/N0615054_1}

# United States District Court
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BRIDGEPORT HOLDINGS INC., *et al.*,<br><br>Debtors. | SUBPOENA IN AN ADVERSARY PROCEEDING UNDER THE UNITED STATES BANKRUPTCY CODE PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE<br><br>Chapter 11<br>Case No. 03-12825 (PJW) |
| KEITH F. COOPER, As Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust<br><br>Plaintiff,<br><br>vs.<br><br>TECH DATA CORPORATION,<br><br>Defendant. | Civil Proc. No. 05-00622 (GMS) |

To:

Ingram Micro, Inc.
Attn: Officer, Director or Managing Agent
1600 E. St. Andrew Place
Santa Ana, CA 92705

☑ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. * Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6). See Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| Adorno, Yoss, Alvarado & Smith, P.C.<br>4 Park Place, Suite 1200<br>Irvine, CA 92614 | July 21, 2006<br>10:00 a.m. PDT |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects): **All documents listed on Exhibit "B" hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Adorno, Yoss, Alvarado & Smith, P.C.<br>4 Park Place, Suite 1200<br>Irvine, CA 92614 | July 26, 2006<br>9:00 a.m. PDT |

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

{210346.0022/N0614885_1}

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | July 7, 2006 |

S. Christopher Yoo, Esq.
Attorney for Defendant, Tech Data Corporation

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adorno, Yoss, Alvarado & Smith, P.C.
4 Park Place, Suite 1200
Irvine, CA 92614
949-955-6800

{210346.0022/N0614885_1}

B254 (Rev. 5/92) Subpoena for Rule 2004 Examination

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                       DATE                                 SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Fed. R. Civ. P. 45, parts (c) & (d), made applicable in cases under the Bankruptcy Code by Fed. R. Bankr. P. 9016, provide:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and coping may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) require a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in persons, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## AREAS OF INQUIRY IN CONNECTION WITH THE RULE 30(b)(6) DEPOSITION

1.    The formulation and development of the Creditors Committee's Plan of Reorganization (the "Plan") for Bridgeport Holdings, Inc., et al. ("Micro Warehouse").

2.    The development and creation of the Disclosure Statement for the Creditors Committee's Micro Warehouse Plan.

3.    Information concerning the disclosures provided to the Bankruptcy Court at the confirmation hearing on the Creditors Committee's Chapter 11 Plan for Micro Warehouse in connection with the requirements of Section 1129(9) of the Bankruptcy Code.

4.    Reclamation claims that you held as of the date of the filing of the Micro Warehouse bankruptcy proceeding.

5.    The extent of all claims or proofs of claim asserted by you against Micro Warehouse.

6.    Payments received by you from Micro Warehouse from June 12, 2003 through September 10, 2003.

7.    Negotiations with Keith Cooper as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") or anyone on his behalf with respect to any bankruptcy avoidance actions asserted against you by the Liquidation Trust.

8.    The factual and legal basis for any ordinary course of business defense that you may assert with respect to any claim for an avoidance action asserted against you by the Trustee or anyone on his behalf.

9.    The selection of Keith Cooper as the Liquidating Trustee for Micro Warehouse.

10.    The selection of Akin Gump Strauss Hauer & Feld LLP as the attorneys for the Liquidating Trustee.

11.    All communications by you as a member of the LTAC concerning the settlement of any claims against any other member of the LTAC with the Trustee.

12.    The past and present representation of your company by Akin Gump Strauss Hauer & Feld LLP.

13.    The past and present representation of your company by FTI Consulting, Inc.

14.    The basis for the release of or granting full or partial indemnification to officers and directors of Micro Warehouse in connection with the Plan.

15.     Any approvals given by you to the Trustee in connection with the payment of fees from the Liquidating Trust's estate of Micro Warehouse to FTI Consulting, Inc. from the date of the confirmation of the Plan to the present date.

16.     The extent of your involvement with or input in the Plan Supplement filed on or about September 24, 2004 in connection with the Creditors Committee's Plan for Micro Warehouse.

17.     Any claim that has been asserted or may be asserted by the Trustee against AP Services LLC or any affiliate thereof.

18.     Your settlement with the Trustee of all claims asserted against you by the Trustee.

19.     Any analysis made of the payments received by you from Micro Warehouse during the period from June 12, 2003 to September 10, 2003 in connection with any avoidance action claim asserted against you by the Trustee.

20.     Any analysis made of the payments received by you from Micro Warehouse during the period from June 12, 2002 to June 11, 2003 in connection with any avoidance action claim asserted against you by the Trustee.

21.     All negotiations and deliberations in connection with the indemnification and exculpation granted to the Liquidating Trustee and the LTAC in the Creditors Committee's Chapter 11 Plan for Micro Warehouse.

22.     Any claims that have been asserted or which may be asserted against any officer, director, employee or insider of Micro Warehouse by the Trustee.

23.     Compliance by the Creditors Committee as the proponent of the Chapter 11 Plan for Micro Warehouse with the provisions of the Bankruptcy Code.

24.     The dividend anticipated for creditors holding allowed general unsecured claims from the Liquidating Trust and the basis therefor.

25.     Decision and discussion by the members of the Creditors Committee as to whom would serve as the initial members of the LTAC.

26.     Decision and discussion by the Creditors Committee regarding the submission of its own Plan and the decision to not support the Debtors' original plan.

27.     Investigation of fraudulent transfer claims against CDW and claims against AP Services LLC and Raemaker [sgt?] during the pre-confirmation Chapter 11 case and the failure to commence litigation at the outset of the Chapter 11 cases.

## EXHIBIT B

## DOCUMENT PRODUCTION FOR INGRAM MICRO, INC.

1.      Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Bridgeport Holdings, Inc. and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2003 until September 10, 2003.

2.      Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Micro Warehouse and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2002 until June 11, 2003.

3.      Copies of all communications between you and Micro Warehouse from June 12, 2003 until September 10, 2003.

4.      Copies of any written communications, memoranda, emails, letters, reports, etc. created by or received by anyone employed by you or acting for you from March 1, 2003 until September 10, 2003 relating to Micro Warehouse.

5.      Copies of any and all notes, memoranda or other writings that memorialize any verbal communications from Micro Warehouse or anyone acting on behalf of Micro Warehouse and you or anyone acting on your behalf from March 1, 2003 until September 10, 2003.

6.      Copies of any writings which memorialize the amount of credit limit or credit line established by you with respect to Micro Warehouse for the period from January 1, 2002 through March 10, 2003.

7.      Copies of any credit reports, mercantile reports, credit interchange reports or any other writing reflecting upon the credit or payment history of Micro Warehouse which you received or obtained during the period from January 1, 2002 through September 10, 2003.

8.      Copies of all communications between you and Keith Cooper, as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") in connection with any claim made against you or demand made to you by the Trustee with respect to any transfers received by you from Micro Warehouse from June 12, 2003 until September 10, 2003.

9.      Copies of all documents which you provided to the Trustee in order to support, ratify or confirm any defenses that you asserted to the Trustee with respect to any demands made to you by the Trustee for any avoidance action pursuant to Chapter 5 of Title 11 of the United States Code ("Bankruptcy Code").

10.     Copies of any and all analyses made by you or on your behalf with respect to any defenses available to you for claims or demands made against you by the Trustee pursuant to or in connection with any avoidance actions under Chapter 5 of the Bankruptcy Code.

11.     Copies of all documents which support the Trustee's agreement with you to settle all claims against you as set forth in paragraph 9 of the "Omnibus Motion of Liquidating Trustee of Bridgeport Holdings, Inc. Seeking Authorization and Approval of Entry into Certain Settlement Agreements Pursuant to Bankruptcy Rule 9019(a)" filed in the Micro Warehouse bankruptcy proceeding on or about September 9, 2005 relating to a settlement between you and the Trustee.

12.     Copies of all documents which support any general unsecured claim against Micro Warehouse.

13.     Copies of all documents which memorialize, document or confirm the gross amount received by you from June 12, 2003 to September 10, 2003 for Micro Warehouse.

14.     Copies of any writing or notes of any verbal communication reviewed by you as a member of the Liquidating Trust Advisory Committee ("LTAC") for Micro Warehouse in connection with your settlement with the Trustee, the settlement of Toshiba American Information Systems, Inc. and/or Hewlett-Packard Company or any affiliate thereof and the Trustee.

15.     Copies of any and all documents, including ledgers, journals and books of original entry which memorialize the extent of transfers received by you from Micro Warehouse from June 12, 2003 to September 10, 2003.

16.     Copies of any tolling agreement or similar agreement that has been entered into between you or any affiliate of yours (as defined in the Bankruptcy Code) and the Trustee concerning any potential cause of action by the Trustee against you.

17.     Copies of all communications between you and the Trustee in your capacity as a member of the LTAC concerning any contemplated or actual settlement effected between the Trustee and any creditor of Micro Warehouse involving a claim asserted by the Trustee under Chapter 5 of the Bankruptcy Code against such creditor.

18.     Copies of all bills for services rendered to you by the law firm of Akin Gump Strauss Hauer & Feld LLP for any services rendered to you from September 12, 2003 to the present date.

19.     Copies of all bills for services rendered to you by FTI Consulting, Inc. for any services rendered to you from September 12, 2003 to the present date.

20.     Copies of all documentation supporting any reclamation claims that you asserted with respect to Micro Warehouse.

# United States District Court
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BRIDGEPORT HOLDINGS INC., *et al.*,<br><br>                    Debtors.<br>_____<br>KEITH F. COOPER, As Liquidating<br>Trustee of the Bridgeport Holdings, Inc.<br>Liquidating Trust    °<br>                 Plaintiff,<br><br>    vs.<br><br>TECH DATA CORPORATION,<br><br>            Defendant. | **SUBPOENA IN AN ADVERSARY PROCEEDING UNDER THE UNITED STATES BANKRUPTCY CODE PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**<br><br>Chapter 11<br>Case No. 03-12825 (PJW)<br><br><br><br>Civil Proc. No. 05-00622 (GMS) |

To:

Hewlett Packard Company
c/o CT Corporation System (Registered Agent)
818 West Seventh Street
Los Angeles, CA 90017

☑ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. * Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Fed. R. Civ. P. 30(b)(6). See Exhibit "A."**

| PLACE | DATE AND TIME |
|---|---|
| Drinker, Biddle & Reath, LLP<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105-2235 | **July 25, 2006**<br>**9:00 a.m. PDT** |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects): **All documents listed on Exhibit "B" hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Drinker, Biddle & Reath, LLP<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105-2235 | **July 25, 2006**<br>**9:00 a.m. PDT** |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

{210346.0022/N0614886_2}

ISSUING OFFICER SIGNATURE AND TITLE

DATE

July 7, 2006

S. Christopher Yoo, Esq.
Attorney for Defendant, Tech Data Corporation

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adorno, Yoss, Alvarado & Smith, P.C.
4 Park Place, Suite 1200
Irvine, CA 92614
949-955-6800

{210346.0022/N0614886_2}

B254 (Rev. 5/92) Subpoena for Rule 2004 Examination

<table>
<tr><td colspan="2" align="center">PROOF OF SERVICE</td></tr>
<tr><td>DATE</td><td>PLACE</td></tr>
<tr><td>SERVED</td><td></td></tr>
<tr><td>SERVED ON (PRINT NAME)</td><td>MANNER OF SERVICE</td></tr>
<tr><td>SERVED BY (PRINT NAME)</td><td>TITLE</td></tr>
</table>

DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
              DATE                       SIGNATURE OF SERVER

                                          _____
                                          ADDRESS OF SERVER

                                          _____

Fed. R. Civ. P. 45, parts (c) & (d), made applicable in cases under the Bankruptcy Code by Fed. R. Bankr. P. 9016, provide:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and coping may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) require a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in persons, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## AREAS OF INQUIRY IN CONNECTION WITH THE RULE 30(b)(6) DEPOSITION

1.    The formulation and development of the Creditors Committee's Plan of Reorganization (the "Plan") for Bridgeport Holdings, Inc., et al. ("Micro Warehouse").

2.    The development and creation of the Disclosure Statement for the Creditors Committee's Micro Warehouse Plan.

3.    Information concerning the disclosures provided to the Bankruptcy Court at the confirmation hearing on the Creditors Committee's Chapter 11 Plan for Micro Warehouse in connection with the requirements of Section 1129(9) of the Bankruptcy Code.

4.    Reclamation claims that you held as of the date of the filing of the Micro Warehouse bankruptcy proceeding.

5.    The extent of all claims or proofs of claim asserted by you against Micro Warehouse.

6.    Payments received by you from Micro Warehouse from June 12, 2003 through September 10, 2003.

7.    Negotiations with Keith Cooper as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") or anyone on his behalf with respect to any bankruptcy avoidance actions asserted against you by the Liquidation Trust.

8.    The factual and legal basis for any ordinary course of business defense that you may assert with respect to any claim for an avoidance action asserted against you by the Trustee or anyone on his behalf.

9.    The selection of Keith Cooper as the Liquidating Trustee for Micro Warehouse.

10.    The selection of Akin Gump Strauss Hauer & Feld LLP as the attorneys for the Liquidating Trustee.

11.    All communications by you as a member of the LTAC concerning the settlement of any claims against any other member of the LTAC with the Trustee.

12.    The past and present representation of your company by Akin Gump Strauss Hauer & Feld LLP.

13.    The past and present representation of your company by FTI Consulting, Inc.

14.    The basis for the release of or granting full or partial indemnification to officers and directors of Micro Warehouse in connection with the Plan.

{210346.0002/N0613637_1}

15.    Any approvals given by you to the Trustee in connection with the payment of fees from the Liquidating Trust's estate of Micro Warehouse to FTI Consulting, Inc. from the date of the confirmation of the Plan to the present date.

16.    The extent of your involvement with or input in the Plan Supplement filed on or about September 24, 2004 in connection with the Creditors Committee's Plan for Micro Warehouse.

17.    Any claim that has been asserted or may be asserted by the Trustee against AP Services LLC or any affiliate thereof.

18.    Your settlement with the Trustee of all claims asserted against you by the Trustee.

19.    Any analysis made of the payments received by you from Micro Warehouse during the period from June 12, 2003 to September 10, 2003 in connection with any avoidance action claim asserted against you by the Trustee.

20.    Any analysis made of the payments received by you from Micro Warehouse during the period from June 12, 2002 to June 11, 2003 in connection with any avoidance action claim asserted against you by the Trustee.

21.    All negotiations and deliberations in connection with the indemnification and exculpation granted to the Liquidating Trustee and the LTAC in the Creditors Committee's Chapter 11 Plan for Micro Warehouse.

22.    Any claims that have been asserted or which may be asserted against any officer, director, employee or insider of Micro Warehouse by the Trustee.

23.    Compliance by the Creditors Committee as the proponent of the Chapter 11 Plan for Micro Warehouse with the provisions of the Bankruptcy Code.

24.    The dividend anticipated for creditors holding allowed general unsecured claims from the Liquidating Trust and the basis therefor.

25.    Decision and discussion by the members of the Creditors Committee as to whom would serve as the initial members of the LTAC.

26.    Decision and discussion by the Creditors Committee regarding the submission of its own Plan and the decision to not support the Debtors' original plan.

27.    Investigation of fraudulent transfer claims against CDW and claims against AP Services LLC and Kasowitz & Benson during the pre-confirmation Chapter 11 case and the failure to commence litigation at the outset of the Chapter 11 cases.

**EXHIBIT B**

DOCUMENT PRODUCTION FOR HEWLETT-PACKARD COMPANY

1.      Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Bridgeport Holdings, Inc. and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2003 until September 10, 2003.

2.      Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Micro Warehouse and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2002 until June 11, 2003.

3.      Copies of all communications between you and Micro Warehouse from June 12, 2003 until September 10, 2003.

4.      Copies of any written communications, memoranda, emails, letters, reports, etc. created by or received by anyone employed by you or acting for you from March 1, 2003 until September 10, 2003 relating to Micro Warehouse.

5.      Copies of any and all notes, memoranda or other writings that memorialize any verbal communications from Micro Warehouse or anyone acting on behalf of Micro Warehouse and you or anyone acting on your behalf from March 1, 2003 until September 10, 2003.

6.      Copies of any writings which memorialize the amount of credit limit or credit line established by you with respect to Micro Warehouse for the period from January 1, 2002 through March 10, 2003.

7.      Copies of any credit reports, mercantile reports, credit interchange reports or any other writing reflecting upon the credit or payment history of Micro Warehouse which you received or obtained during the period from January 1, 2002 through September 10, 2003.

8.      Copies of all communications between you and Keith Cooper, as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") in connection with any claim made against you or demand made to you by the Trustee with respect to any transfers received by you from Micro Warehouse from June 12, 2003 until September 10, 2003.

9.      Copies of all documents which you provided to the Trustee in order to support, ratify or confirm any defenses that you asserted to the Trustee with respect to any demands made to you by the Trustee for any avoidance action pursuant to Chapter 5 of Title 11 of the United States Code ("Bankruptcy Code").

10.     Copies of any and all analyses made by you or on your behalf with respect to any defenses available to you for claims or demands made against you by the Trustee pursuant to or in connection with any avoidance actions under Chapter 5 of the Bankruptcy Code.

11.     Copies of all documents which support the Trustee's agreement with you to settle all claims against you as set forth in paragraph 9 of the "Omnibus Motion of Liquidating Trustee of Bridgeport Holdings, Inc. Seeking Authorization and Approval of Entry into Certain Settlement Agreements Pursuant to Bankruptcy Rule 9019(a)" filed in the Micro Warehouse bankruptcy proceeding on or about September 9, 2005 relating to a settlement between you and the Trustee.

12.     Copies of all documents which support any general unsecured claim against Micro Warehouse.

13.     Copies of all documents which memorialize, document or confirm the gross amount received by you from June 12, 2003 to September 10, 2003 for Micro Warehouse.

14.     Copies of any writing or notes of any verbal communication reviewed by you as a member of the Liquidating Trust Advisory Committee ("LTAC") for Micro Warehouse in connection with your settlement with the Trustee, the settlement of Toshiba American Information Systems, Inc. and/or Hewlett-Packard Company or any affiliate thereof and the Trustee.

15.     Copies of any and all documents, including ledgers, journals and books of original entry which memorialize the extent of transfers received by you from Micro Warehouse from June 12, 2003 to September 10, 2003.

16.     Copies of any tolling agreement or similar agreement that has been entered into between you or any affiliate of yours (as defined in the Bankruptcy Code) and the Trustee concerning any potential cause of action by the Trustee against you.

17.     Copies of all communications between you and the Trustee in your capacity as a member of the LTAC concerning any contemplated or actual settlement effected between the Trustee and any creditor of Micro Warehouse involving a claim asserted by the Trustee under Chapter 5 of the Bankruptcy Code against such creditor.

18.     Copies of all bills for services rendered to you by the law firm of Akin Gump Strauss Hauer & Feld LLP for any services rendered to you from September 12, 2003 to the present date.

19.     Copies of all bills for services rendered to you by FTI Consulting, Inc. for any services rendered to you from September 12, 2003 to the present date.

20.     Copies of all documentation supporting any reclamation claims that you asserted with respect to Micro Warehouse.

# United States District Court
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BRIDGEPORT HOLDINGS INC., *et al.*,<br><br>Debtors. | **SUBPOENA IN AN ADVERSARY PROCEEDING UNDER THE UNITED STATES BANKRUPTCY CODE PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**<br><br>Chapter 11<br>Case No. 03-12825 (PJW) |
| KEITH F. COOPER, As Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust<br><br>Plaintiff,<br><br>vs.<br><br>TECH DATA CORPORATION,<br><br>Defendant. | Civil Proc. No. 05-00622 (GMS) |

To:

Toshiba America Information Systems, Inc.
Attn: Officer, Director or Managing Agent
9740 Irvine Blvd.
Irvine, CA 92618

☑ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. * Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6). See Exhibit "A."

| PLACE | DATE AND TIME |
|---|---|
| Adorno, Yoss, Alvarado & Smith, P.C.<br>4 Park Place, Suite 1200<br>Irvine, CA 92614 | July 25, 2006<br>10:00 a.m. PDT |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects): **All documents listed on Exhibit "B" hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Adorno, Yoss, Alvarado & Smith, P.C.<br>4 Park Place, Suite 1200<br>Irvine, CA 92614 | July 27, 2006<br>9:00 a.m. PDT |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

{210346.0022/N0614890_1}

ISSUING OFFICER SIGNATURE AND TITLE                    DATE

                                                       July 7, 2006

S. Christopher Yoo, Esq.
Attorney for Defendant, Tech Data Corporation

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adorno, Yoss, Alvarado & Smith, P.C.
4 Park Place, Suite 1200
Irvine, CA 92614
949-955-6800

B254 (Rev. 5/92) Subpoena for Rule 2004 Examination

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                 _____
                                                 ADDRESS OF SERVER

                                                 _____

_____

Fed. R. Civ. P. 45, parts (c) & (d), made applicable in cases under the Bankruptcy Code by Fed. R. Bankr. P. 9016, provide:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and coping may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) require a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in persons, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A

## Areas of Inquiry in Connection with the Rule 30(b)(6) Deposition

1.    The formulation and development of the Creditors Committee's Plan of Reorganization (the "Plan") for Bridgeport Holdings, Inc., et al. ("Micro Warehouse").

2.    The development and creation of the Disclosure Statement for the Creditors Committee's Micro Warehouse Plan.

3.    Information concerning the disclosures provided to the Bankruptcy Court at the confirmation hearing on the Creditors Committee's Chapter 11 Plan for Micro Warehouse in connection with the requirements of Section 1129(9) of the Bankruptcy Code.

4.    Reclamation claims that you held as of the date of the filing of the Micro Warehouse bankruptcy proceeding.

5.    The extent of all claims or proofs of claim asserted by you against Micro Warehouse.

6.    Payments received by you from Micro Warehouse from June 12, 2003 through September 10, 2003.

7.    Negotiations with Keith Cooper as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") or anyone on his behalf with respect to any bankruptcy avoidance actions asserted against you by the Liquidation Trust.

8.    The factual and legal basis for any ordinary course of business defense that you may assert with respect to any claim for an avoidance action asserted against you by the Trustee or anyone on his behalf.

9.    The selection of Keith Cooper as the Liquidating Trustee for Micro Warehouse.

10.    The selection of Akin Gump Strauss Hauer & Feld LLP as the attorneys for the Liquidating Trustee.

11.    All communications by you as a member of the LTAC concerning the settlement of any claims against any other member of the LTAC with the Trustee.

12.    The past and present representation of your company by Akin Gump Strauss Hauer & Feld LLP.

13.    The past and present representation of your company by FTI Consulting, Inc.

14.    The basis for the release of or granting full or partial indemnification to officers and directors of Micro Warehouse in connection with the Plan.

{210346.0002/N0613637_1}

15. Any approvals given by you to the Trustee in connection with the payment of fees from the Liquidating Trust's estate of Micro Warehouse to FTI Consulting, Inc. from the date of the confirmation of the Plan to the present date.

16. The extent of your involvement with or input in the Plan Supplement filed on or about September 24, 2004 in connection with the Creditors Committee's Plan for Micro Warehouse.

17. Any claim that has been asserted or may be asserted by the Trustee against AP Services LLC or any affiliate thereof.

18. Your settlement with the Trustee of all claims asserted against you by the Trustee.

19. Any analysis made of the payments received by you from Micro Warehouse during the period from June 12, 2003 to September 10, 2003 in connection with any avoidance action claim asserted against you by the Trustee.

20. Any analysis made of the payments received by you from Micro Warehouse during the period from June 12, 2002 to June 11, 2003 in connection with any avoidance action claim asserted against you by the Trustee.

21. All negotiations and deliberations in connection with the indemnification and exculpation granted to the Liquidating Trustee and the LTAC in the Creditors Committee's Chapter 11 Plan for Micro Warehouse.

22. Any claims that have been asserted or which may be asserted against any officer, director, employee or insider of Micro Warehouse by the Trustee.

23. Compliance by the Creditors Committee as the proponent of the Chapter 11 Plan for Micro Warehouse with the provisions of the Bankruptcy Code.

24. The dividend anticipated for creditors holding allowed general unsecured claims from the Liquidating Trust and the basis therefor.

25. Decision and discussion by the members of the Creditors Committee as to whom would serve as the initial members of the LTAC.

26. Decision and discussion by the Creditors Committee regarding the submission of its own Plan and the decision to not support the Debtors' original plan.

27. Investigation of fraudulent transfer claims against CDW and claims against AP Services LLC and ██████████ during the pre-confirmation Chapter 11 case and the failure to commence litigation at the outset of the Chapter 11 cases.

## EXHIBIT B

## DOCUMENT PRODUCTION FOR TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

1.    Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Bridgeport Holdings, Inc. and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2003 until September 10, 2003.

2.    Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Micro Warehouse and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2002 until June 11, 2003.

3.    Copies of all communications between you and Micro Warehouse from June 12, 2003 until September 10, 2003.

4.    Copies of any written communications, memoranda, emails, letters, reports, etc. created by or received by anyone employed by you or acting for you from March 1, 2003 until September 10, 2003 relating to Micro Warehouse.

5.    Copies of any and all notes, memoranda or other writings that memorialize any verbal communications from Micro Warehouse or anyone acting on behalf of Micro Warehouse and you or anyone acting on your behalf from March 1, 2003 until September 10, 2003.

6.    Copies of any writings which memorialize the amount of credit limit or credit line established by you with respect to Micro Warehouse for the period from January 1, 2002 through March 10, 2003.

7.    Copies of any credit reports, mercantile reports, credit interchange reports or any other writing reflecting upon the credit or payment history of Micro Warehouse which you received or obtained during the period from January 1, 2002 through September 10, 2003.

8.    Copies of all communications between you and Keith Cooper, as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") in connection with any claim made against you or demand made to you by the Trustee with respect to any transfers received by you from Micro Warehouse from June 12, 2003 until September 10, 2003.

9.    Copies of all documents which you provided to the Trustee in order to support, ratify or confirm any defenses that you asserted to the Trustee with respect to any demands made to you by the Trustee for any avoidance action pursuant to Chapter 5 of Title 11 of the United States Code ("Bankruptcy Code").

10.    Copies of any and all analyses made by you or on your behalf with respect to any defenses available to you for claims or demands made against you by the Trustee pursuant to or in connection with any avoidance actions under Chapter 5 of the Bankruptcy Code.

11.    Copies of all documents which support the Trustee's agreement with you to settle all claims against you as set forth in paragraph 9 of the "Omnibus Motion of Liquidating Trustee of Bridgeport Holdings, Inc. Seeking Authorization and Approval of Entry into Certain Settlement Agreements Pursuant to Bankruptcy Rule 9019(a)" filed in the Micro Warehouse bankruptcy proceeding on or about September 9, 2005 relating to a settlement between you and the Trustee.

12.    Copies of all documents which support any general unsecured claim against Micro Warehouse.

13.    Copies of all documents which memorialize, document or confirm the gross amount received by you from June 12, 2003 to September 10, 2003 for Micro Warehouse.

14.    Copies of any writing or notes of any verbal communication reviewed by you as a member of the Liquidating Trust Advisory Committee ("LTAC") for Micro Warehouse in connection with your settlement with the Trustee, the settlement of Toshiba American Information Systems, Inc. and/or Hewlett-Packard Company or any affiliate thereof and the Trustee.

15.    Copies of any and all documents, including ledgers, journals and books of original entry which memorialize the extent of transfers received by you from Micro Warehouse from June 12, 2003 to September 10, 2003.

16.    Copies of any tolling agreement or similar agreement that has been entered into between you or any affiliate of yours (as defined in the Bankruptcy Code) and the Trustee concerning any potential cause of action by the Trustee against you.

17.    Copies of all communications between you and the Trustee in your capacity as a member of the LTAC concerning any contemplated or actual settlement effected between the Trustee and any creditor of Micro Warehouse involving a claim asserted by the Trustee under Chapter 5 of the Bankruptcy Code against such creditor.

18.    Copies of all bills for services rendered to you by the law firm of Akin Gump Strauss Hauer & Feld LLP for any services rendered to you from September 12, 2003 to the present date.

19.    Copies of all bills for services rendered to you by FTI Consulting, Inc. for any services rendered to you from September 12, 2003 to the present date.

20.    Copies of all documentation supporting any reclamation claims that you asserted with respect to Micro Warehouse.

# United States District Court
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BRIDGEPORT HOLDINGS INC., *et al.*,<br><br><div align="right">Debtors.</div> | **SUBPOENA IN AN ADVERSARY PROCEEDING UNDER THE UNITED STATES BANKRUPTCY CODE PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE** |

KEITH F. COOPER, As Liquidating
Trustee of the Bridgeport Holdings, Inc.
Liquidating Trust

      Plaintiff,

  vs.

TECH DATA CORPORATION,

      Defendant.

Chapter 11
Case No. 03-12825 (PJW)

Civil Proc. No. 05-00622 (GMS)

To:

Mr. James F. Ricketts
Ingram Micro, Inc.
1600 E. St. Andrew Place
Santa Ana, CA 92705

☑ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. * Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6).

| PLACE | DATE AND TIME |
|---|---|
| Adorno, Yoss, Alvarado & Smith, P.C.<br>4 Park Place, Suite 1200<br>Irvine, CA 92614 | July 24, 2006<br>10:00 a.m. PDT |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects): **All documents listed on Exhibit "A" hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Adorno, Yoss, Alvarado & Smith, P.C.<br>4 Park Place, Suite 1200<br>Irvine, CA 92614 | July 26, 2006<br>9:00 a.m. PDT |

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

{210346.0022/N0614897_1}

ISSUING OFFICER SIGNATURE AND TITLE

DATE

July 7, 2006

S. Christopher Yoo, Esq.
Attorney for Defendant, Tech Data Corporation

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adorno, Yoss, Alvarado & Smith, P.C.
4 Park Place, Suite 1200
Irvine, CA 92614
949-955-6800

{210346.0022/N0614897_1}

B254 (Rev. 5/92) Subpoena for Rule 2004 Examination

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                DATE                        SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

Fed. R. Civ. P. 45, parts (c) & (d), made applicable in cases under the Bankruptcy Code by Fed. R. Bankr. P. 9016, provide:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and coping may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) require a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in persons, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DOCUMENT PRODUCTION FOR INGRAM MICRO, INC.

1.      Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Bridgeport Holdings, Inc. and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2003 until September 10, 2003.

2.      Copies of all analyses that have been produced by you or for you representing the "Days Sales Outstanding" or "Days to Pay" in connection with the payments that you received from Micro Warehouse and/or any of its subsidiaries (collectively referred to as "Micro Warehouse") from June 12, 2002 until June 11, 2003.

3.      Copies of all communications between you and Micro Warehouse from June 12, 2003 until September 10, 2003.

4.      Copies of any written communications, memoranda, emails, letters, reports, etc. created by or received by anyone employed by you or acting for you from March 1, 2003 until September 10, 2003 relating to Micro Warehouse.

5.      Copies of any and all notes, memoranda or other writings that memorialize any verbal communications from Micro Warehouse or anyone acting on behalf of Micro Warehouse and you or anyone acting on your behalf from March 1, 2003 until September 10, 2003.

6.      Copies of any writings which memorialize the amount of credit limit or credit line established by you with respect to Micro Warehouse for the period from January 1, 2002 through March 10, 2003.

7.      Copies of any credit reports, mercantile reports, credit interchange reports or any other writing reflecting upon the credit or payment history of Micro Warehouse which you received or obtained during the period from January 1, 2002 through September 10, 2003.

8.      Copies of all communications between you and Keith Cooper, as Trustee for the Liquidating Trust of Micro Warehouse (the "Trustee") in connection with any claim made against you or demand made to you by the Trustee with respect to any transfers received by you from Micro Warehouse from June 12, 2003 until September 10, 2003.

9.      Copies of all documents which you provided to the Trustee in order to support, ratify or confirm any defenses that you asserted to the Trustee with respect to any demands made to you by the Trustee for any avoidance action pursuant to Chapter 5 of Title 11 of the United States Code ("Bankruptcy Code").

10.     Copies of any and all analyses made by you or on your behalf with respect to any defenses available to you for claims or demands made against you by the Trustee pursuant to or in connection with any avoidance actions under Chapter 5 of the Bankruptcy Code.

11.    Copies of all documents which support the Trustee's agreement to settle all claims against you as set forth in paragraph 9 of the "Omnibus Motion of Liquidating Trustee of Bridgeport Holdings, Inc. Seeking Authorization and Approval of Entry into Certain Settlement Agreements Pursuant to Bankruptcy Rule 9019(a)" filed in the Micro Warehouse bankruptcy proceeding on or about September 9, 2005 relating to a settlement between you and the Trustee.

12.    Copies of all documents which support any general unsecured claim against Micro Warehouse.

13.    Copies of all documents which memorialize, document or confirm the gross amount received by you from June 12, 2003 to September 10, 2003 for Micro Warehouse.

14.    Copies of any writing or notes of any verbal communication reviewed by you as a member of the Liquidating Trust Advisory Committee ("LTAC") for Micro Warehouse in connection with your settlement with the Trustee, the settlement of Toshiba American Information Systems, Inc. and/or Hewlett-Packard Company or any affiliate thereof and the Trustee.

15.    Copies of any and all documents, including ledgers, journals and books of original entry which memorialize the extent of transfers received by you from Micro Warehouse from June 12, 2003 to September 10, 2003.

16.    Copies of any tolling agreement or similar agreement that has been entered into between you or any affiliate of yours (as defined in the Bankruptcy Code) and the Trustee concerning any potential cause of action by the Trustee against you.

17.    Copies of all communications between you and the Trustee in your capacity as a member of the LTAC concerning any contemplated or actual settlement effected between the Trustee and any creditor of Micro Warehouse involving a claim asserted by the Trustee under Chapter 5 of the Bankruptcy Code against such creditor.

18.    Copies of all bills for services rendered to you by the law firm of Akin Gump Strauss Hauer & Feld LLP for any services rendered to you from September 12, 2003 to the present date.

19.    Copies of all bills for services rendered to you by FTI Consulting, Inc. for any services rendered to you from September 12, 2003 to the present date.

20.    Copies of all documentation supporting any reclamation claims that you asserted with respect to Micro Warehouse.