# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BRIDGEPORT HOLDINGS, INC., <u>et al.</u>, | Case No. 03-12825 (PJW)<br>Jointly Administered |
| Debtors. | **Hearing Date: November 1, 2006 at 10:.00 a.m.**<br>**Objection Deadline: October 25, 2006 at 4:00 p.m.** |
| KEITH F. COOPER, as Liquidating Trustee<br>of the Bridgeport Holdings, Inc. Liquidating Trust, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 05-50064 (PJW) |
| TECH DATA CORPORATION, | |
| Defendant. | |

## NOTICE OF MOTION

TO:    All Persons On The Attached Service List

Attached hereto is the **Motion Of Liquidating Trustee of Bridgeport Holdings, Inc., Seeking Authorization And Approval Of Entry Into Certain Settlement Agreements Pursuant to Bankruptcy Rule 9019(a)** (the "Motion").

Any party wishing to oppose the entry of an order approving the Motion must file an objection ("Objection") with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware 19801 on or before **October 25, 2006 at 4:00 p.m.** (Eastern Time) (the "Objection Deadline"). At the same time, you must serve such Objection on the following so as to be received by the Objection Deadline:

MORRIS NICHOLS ARSHT & TUNNELL LLP
William H Sudell (No. 0463)
Daniel B. Butz (No. 4227)
1201 N. Market St.
Wilmington, DE 19899
Telephone: 302.658.9200

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus
1111 Louisiana St., 44th Floor
Houston, TX 77002
Telephone: 713.220.5800

DATE _9/15/06_

MAIN DOCKET # _1449_

ADV DOCKET # _54_

THE LAW OFFICE OF
MATTHEW S. OKIN
Matthew S. Okin
440 Louisiana St., Suite 900
Houston, TX 77002
Telephone: 713.236.7705

A HEARING ON THE MOTION WILL BE HELD ON **NOVEMBER 1, 2006 AT 10:00 A.M.**, BEFORE THE HONORABLE PETER J. WALSH, AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM 2, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 15, 2006
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William H. Sudell (No. 0463)
Daniel B. Butz (No. 4227)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: 302.658.9200

AKIN GUMP STRAUSS HAUER& FELD LLP
S. Margie Venus
1111 Louisiana St., 44th Floor
Houston, TX 77002
Telephone: 713.220.5800

-and-

THE LAW OFFICE OF MATTHEW S. OKIN
Matthew S. Okin
440 Louisiana St., Suite 900
Houston, TX 77002
Telephone: 713.236.7705

Counsel for Keith Cooper, as Liquidating Trustee
for the Bridgeport Holdings, Inc. Liquidating Trust

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BRIDGEPORT HOLDINGS, INC., et al., | Case No. 03-12825 (PJW) |
| Debtors. | Jointly Administered |
| | **Hearing Date: November 1, 2006 at 10:.00 a.m.** |
| | **Objection Deadline: October 25, 2006 at 4:00 p.m.** |

---

KEITH F. COOPER, as Liquidating Trustee
of the Bridgeport Holdings, Inc. Liquidating Trust,

      Plaintiff,

      v.

TECH DATA CORPORATION,

      Defendant.

Adv. Proc. No. 05-50064 (PJW)

### MOTION OF THE LIQUIDATING TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019(a), FOR AUTHORITY TO ENTER INTO A SETTLEMENT AGREEMENT WITH TECH DATA CORPORATION

Keith Cooper, Trustee (the "Liquidating Trustee") of the Bridgeport Holdings, Inc. Liquidating Trust (the "Liquidating Trust"), hereby moves (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing and approving of his entry into a settlement agreement with Tech Data Corporation ("Tech Data"). In support of this Motion, the Liquidating Trustee respectfully represents as follows:

### JURISDICTION

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

DATE 9/15/06

MAIN DOCKET # 1449

ADV DOCKET # 54

## GENERAL BACKGROUND

3.    On September 10, 2003 (the "Petition Date"), Bridgeport Holdings Inc. and its domestic affiliates (the "Debtors" ) filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4.    On July 27, 2004, the Official Committee of Unsecured Creditors of the Debtors filed its proposed First Amended Plan of Distribution for Bridgeport Holdings Inc. and its Debtor Affiliates (the "Plan").

5.    On September 24, 2004, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"), and on October 14, 2004, the Plan became effective (the "Effective Date").

6.    Pursuant to the terms of the Plan and the Confirmation Order, the Liquidating Trustee, on behalf of all of the beneficiaries of the Liquidating Trust, has been assigned all causes of action arising under sections 542, 543, 544, 547 through 551, and 553 of the Bankruptcy Code. The Plan authorizes and empowers the Liquidating Trustee to prosecute, litigate and, subject to Bankruptcy Court approval, settle causes of action arising under sections 542, 547, 548 and 550 of the Bankruptcy Code.

## The Adversary Proceeding

7.    On January 13, 2005, the Liquidating Trustee filed adversary proceeding number 05-52534 in the Bankruptcy Court (the "Adversary Proceeding") seeking recovery of $19,176,871.27 in transfers made by one or more of the Debtors to Tech Data within ninety days of the Petition Data (the "Avoidance Claim"). The Liquidating Trustee has asserted his right to recover these transfers pursuant to §§ 547, 548 and 550 of the Bankruptcy Code. Tech Data has answered the Liquidating Trustee's original complaint in the Adversary Proceeding by denying any liability to the Liquidating Trustee or the Debtors' estates and asserting a number of affirmative defenses to the Avoidance

Claim.  Among the affirmative defenses asserted by Tech Data are:  (1) contemporaneous exchange for new value (§547(c)(1)); (2) ordinary course of business (§547(c)(2)); and (3) subsequent new value (§547 (c)(4)).

8.    On September 26, 2005, the United States District Court for the District of Delaware (the "District Court") withdrew the automatic reference of the Adversary Proceeding to the Bankruptcy Court and transferred the case to the District Court where it was docketed as Civil Case No. 05-622-GMS.  The Adversary Proceeding is currently set for a jury trial in the District Court on February 26, 2007.

## The Settlement Agreement

9.    The Liquidating Trustee and Tech Data have on numerous occasions engaged in negotiations regarding a possible settlement of the Adversary Proceeding.  In addition to informal telephonic and in-person settlement discussions, the parties also engaged in a formal mediation session conducted on May 10, 2006 by the Honorable Francis Conrad, former United States Bankruptcy Judge.  Although the mediation did not result in an immediate settlement, it did begin a dialogue that ultimately resulted in an agreement in principle at the end of August 2006.

10.    Since reaching an agreement in principle for the resolution of all claims and disputes related to the Adversary Proceeding and the Avoidance Claim, the Liquidating Trustee and Tech Data have executed a written settlement agreement memorializing the terms and conditions of their agreement (the "Settlement Agreement").  A true and correct copy of the executed Settlement Agreement is attached to this Motion as Exhibit A.  The primary terms of the Settlement Agreement are as follows:

- The terms and conditions of the Settlement Agreement will not become effective unless and until the Bankruptcy Court enters an order approving the terms and conditions thereof and such order becomes final (the "Effective Date");

- Within 5 business days of the Effective Date, Tech Data shall wire the Liquidating Trustee the sum of $3,000,000 (the "Settlement Payment");

- Upon receipt of the Settlement Payment by the Liquidating Trustee, the parties shall mutually release each other as well as their subsidiaries, affiliates, employees, officers, directors and attorneys from any and all claims relating to or arising out of the Avoidance Claim;

- Tech Data's release shall include a release of any rights it may have pursuant to §502(h) of the Bankruptcy Code to file a proof of claim for the amount of the Settlement Payment;

- The release granted to Tech Data by the Liquidating Trustee shall include a release on behalf of the Debtors and their estates.

11.    The Liquidating Trustee has determined that the amount of the Settlement Payment accurately reflects the fair value of the Avoidance Action.  The Liquidating Trustee has made this determination after considering numerous factors, including, but not limited to: (1) the probability of recovery at trial, (2) the amount of a likely judgment at trial, (3) the time-value of the money received pursuant to the Settlement Agreement compared to the time-value of a likely recovery through a trial judgment, and (4) the cost of obtaining a judgment at trial.

12.    The Bridgeport Holdings, Inc. Liquidating Trust Advisory Committee (the "LTAC"), the committee of creditors charged with overseeing the operation of the Liquidating Trust and approving settlements reached by the Liquidating Trustee, has reviewed the terms of the Settlement Agreement and has ratified the Liquidating Trustee's agreement to the terms thereof.

13.    Accordingly, the Liquidating Trustee believes, in accord with his fiduciary duty and the exercise of his business judgment, that entering into the Settlement Agreement is in the best interests of the Liquidating Trust, and, thus, the Debtors' creditors.

## RELIEF REQUESTED

14.    The Liquidating Trustee requests entry of an Order (i) authorizing the Liquidating Trustee to enter into the Settlement Agreement; (ii) approving the terms of the Settlement Agreement in its entirety; (iii) authorizing the Liquidating Trustee to take such actions as may be necessary and

appropriate to implement the terms of the Settlement Agreement; and (iv) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

15.    Bankruptcy Rule 9019 provides that, after notice and hearing, a court may approve a proposed settlement or compromise.  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts Int'l, Inc.,* 145 B.R. 412, 451 (Bankr. D.N.J. 1990).  Approval of that settlement is appropriate if it is in the "best interest of the estate," *Neshaminy Office,* 62 B.R. at 803, which, in turn, is determined by judging whether the settlement is "fair and equitable."  *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968).

16.    In the Third Circuit, the four criteria generally relevant in determining whether to approve a settlement include:

(a)    the probability of success in litigation;

(b)    the likely difficulties in collection;

(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)    the paramount interest of the creditors.

*See In re Martin,* 91 F.3d 389, 392 (3d Cir. 1996).  To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness.  *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd,* 8 F.3d 812 (3d Cir. 1993).

17.    In making its determination, a court should not substitute its own judgment for that of the debtor.  *Neshaminy Office*, 62 B.R. at 803.  Moreover, it is not necessary for the court to conduct a "mini trial" of the facts or the merits underlying the dispute.  *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 390, 396 (Bankr. E.D. Pa. 1987).  Rather, the court need only consider

those facts which are necessary to enable it to evaluate the settlement and to make an informed and independent judgment about the settlement. *In re Penn Cent. Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted); *In re Energy Co-op., Inc.,* 886 F.2d 921, 924-25 (7th Cir. 1989).

18.    In this case, entering into the Settlement Agreement is in the best interests of the estates and their creditors, and meets the standards set forth above. The Settlement Agreement was reached after extensive arms' length negotiation by the Liquidating Trustee with Tech Data and with the advice and consent of the LTAC. Further, the terms of the Settlement Agreement are well within the range of reasonableness.

19.    Although the Liquidating Trustee believes that the outcome of the Adversary Proceeding would likely be favorable to the Liquidating Trustee, the uncertainty of the result and the high cost and inconvenience of such litigation make the Settlement Agreement a prudent alternative for the Liquidating Trustee and the creditors of the Debtors' estates. Accordingly, entering into the Settlement Agreement is in the best interests of the Liquidating Trust, the Debtors' estates, creditors and other interested parties.

## NOTICE

20.    Notice of this Motion has been given to the Office of the United States Trustee, Tech Data and all other parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice need be given.

## NO PRIOR REQUEST

21.    No previous motion for the relief requested in the Motion has been made to this or any other court.

WHEREFORE, the Liquidating Trustee seeks entry of an Order (i) authorizing the Liquidating Trustee to enter into the Settlement Agreement; (ii) approving the terms of the Settlement Agreement in its entirety; (iii) authorizing the Liquidating Trustee to take such actions as may be necessary and appropriate to implement the terms of the Settlement Agreement; and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  September 15, 2006  
        Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William H. Sudell (No. 0463)  
Daniel B. Butz (No. 4227)  
1201 N. Market St.  
P.O. Box 1347  
Wilmington, DE 19899-1347  
Telephone: 302.658.9200

AKIN GUMP STRAUSS HAUER& FELD LLP  
S. Margie Venus  
1111 Louisiana St., 44th Floor  
Houston, TX 77002  
Telephone:  713.220.5800

-and-

THE LAW OFFICE OF MATTHEW S. OKIN  
Matthew S. Okin  
440 Louisiana St., Suite 900  
Houston, TX 77002  
Telephone:  713.236.7705

Counsel for Keith Cooper, as Liquidating Trustee  
for the Bridgeport Holdings, Inc. Liquidating Trust

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **BRIDGEPORT HOLDINGS, INC. et al.** | ) | **Case No. 03-12825 (PJW)** |
| | ) | |
| **Reorganized Debtors,** | ) | |

| | | |
|---|---|---|
| | ) | |
| **KEITH F. COOPER, as Liquidating Trustee** | ) | |
| **of the Bridgeport Holdings, Inc. Liquidating Trust,** | ) | **Civil Proc. No. 05-00622 (GMS)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **TECH DATA CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MUTUAL SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") sets forth the terms of the agreement that has been reached between Tech Data Corporation ("Tech Data") and Keith F. Cooper ("Cooper"), as Liquidating Trustee of the Bridgeport Holdings Inc. Liquidating Trust ("Cooper," and together with Tech Data, the "Parties," and each a "Party") regarding the preference and fraudulent conveyance claims asserted by Cooper against Tech Data (the "Avoidance Action").

## R E C I T A L S

WHEREAS on September 10, 2003 (the "Petition Date"), Bridgeport Holdings, Inc., WHSU Gov/Ed, Inc. (formerly known as Micro Warehouse Gov/Ed, Inc.), WHSU International, Inc. (formerly known as Micro Warehouse International, Inc.), WHSU Ohio, Inc. (formerly known as Micro Warehouse of Ohio, Inc.), and WHSU, Inc. (formerly known as Micro Warehouse, Inc.), the debtors (collectively, the "Debtors") filed voluntary petitions for relief

1



under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, after the Petition Date, the Debtors continued in the possession of their properties and the management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, until confirmation of the "Official Committee of Unsecured Creditors' First Amended Plan of Distribution for Bridgeport Holdings, Inc. and its Debtor Affiliates" (the "Plan") by Order entered on September 24, 2004.

WHEREAS, pursuant to the Plan, which became effective on October 14,2004, among other things, the Bridgeport Holdings Inc. Liquidating Trust (the "BHLT") was created, Cooper was appointed Liquidating Trustee of the BHLT, and the Debtors assigned to Cooper and the BHLT the right to litigate and resolve actions and claims by and against the Debtors' estates, including the right to pursue the Avoidance Action against Tech Data; and

WHEREAS, Cooper has asserted and pursued the Avoidance Action against Tech Data by seeking to avoid and recover preferential and fraudulent transfers allegedly made by one or more of the Debtors to Tech Data, through Civil Case Number 05-CV-622 (GMS), now pending in the United States District Court (the "District Court") for the District of Delaware.

WHEREAS, in order to avoid the cost and risk associated with litigating the Avoidance Action, Cooper and Tech Data have agreed to compromise and settle fully and finally the Avoidance Action for the mutual promises and undertakings set forth herein and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged

NOW THEREFORE, in consideration of the mutual covenants, promises and undertaking set forth below, Cooper and Tech Data do hereby agree as follows:

2

1.      This Agreement shall become effective on the Effective Date, as defined below. Notwithstanding the foregoing, this Agreement constitutes an agreement between the parties hereto immediately upon the date of its execution by both of the Parties (the "Execution Date"). Consequently, during the period between the Execution Date and the Effective Date, the Parties agree that this Agreement shall constitute a binding undertaking, as limited by paragraph 2 below, and that they shall do nothing contrary to the terms of this Agreement.

2.      The "Effective Date" of this Agreement shall be the later of: (i) the tenth (10th) day following the date that an order has been entered by the Bankruptcy Court, upon notice to the Debtors' creditors and interested parties pursuant to Federal Rule of Bankruptcy Procedure 9019, approving the Settlement Agreement (the "Settlement Order"), provided that no appeal or motion for reconsideration of the Settlement Order has been filed; or (ii) if an appeal or motion for reconsideration of the Settlement Order has been filed, the tenth (10th) day following the expiration of the final right to pursue an appeal or other remedy, at law or in equity, of any order, decision or memorandum affirming the Settlement Order.  In the event that the Bankruptcy Court enters an order denying the motion seeking entry of the Settlement Order ("Settlement Denial Order"), or an appeal court enters an order reversing the Bankruptcy Court's approval of the entry of the Settlement Order ("Settlement Appeal Order") all terms, conditions, obligations and undertakings by both Parties contained in this Agreement shall no longer be binding upon the Parties and shall become null and void and as of the later date of: (i) the tenth (10th) day following the date that a Settlement Denial Order is entered, provided that no appeal or motion for reconsideration of the Settlement Denial Order has been filed; (ii) if an appeal or motion for reconsideration of the Settlement Denial Order has been filed, the tenth (10th) day following the expiration of the final right to pursue an appeal or other remedy, at law or in equity, of any order,

3



decision or memorandum affirming the Settlement Denial Order; or (iii) the tenth (10th) day following the date that the Settlement Appeal Order is entered.

      3.     The "Payment Date" shall be the fifth (5th) business day following the Effective Date.  Tech Data agrees to pay to Cooper a total amount of three million U.S. Dollars (US $3,000,000.00) (the "Payment") by wire transfer per the instructions set forth below, for receipt no later than the Payment Date.

<u>Wire Instructions</u>:

| | |
|---|---|
| Account Name: | Bridgeport Holdings, Inc. Liquidating Trust-Receipts Account |
| Bank Name: | JPMorgan Chase<br>270 Park Avenue<br>New York, NY 10017 |
| Routing Number: | 021000021 |
| Bank Account Number: | 530106949 |

      4.     Except for the rights and claims created by this Agreement, upon receipt of the Payment by Cooper, Tech Data hereby releases and discharges Cooper, the BHLT and the Debtors, their employees, officers, directors and attorneys (in their capacity as representatives of Cooper, the BHLT or the Debtors) from any and all claims or causes of action, of any nature or type, whether known or unknown, liquidated or unliquidated, fixed or contingent, that Tech Data has or may have against Cooper, the BHLT or the Debtors as of the Effective Date, including but not limited to any claims arising out of or related to the Avoidance Action that could be brought or raised in any forum.  By this release, Tech Data specifically releases any and all rights to pursue an unsecured claim under Bankruptcy Code section 502(h) (the "Section 502(h) Claim") for the amount of the Payment.

5.    Except for the rights and claims created by this Agreement, upon receipt of the Payment, Cooper, on behalf of the BHLT and the Debtors, releases and discharges Tech Data, its subsidiaries, affiliates, employees, officers, directors and attorneys (in their capacities as representatives of Tech Data) from any and all claims and causes of action, of any nature or type, whether known or unknown, liquidated or unliquidated, fixed or contingent, that Cooper, the BHLT or the Debtors have or may have against Tech Data as of the Effective Date, including but not limited to any claims arising out of the Avoidance Action or the Payment that could be brought or raised in any forum.

6.    In connection with the releases set forth above, the Parties expressly waive all rights, if any, conferred upon them by operation of section 1542 of the California Civil Code which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

7.    This Agreement concerns the settlement of claims and allegations that are contested, and neither the acceptance of this Agreement nor the payment of any sum provided for by this Agreement shall constitute or be construed as an admission of any liability whatsoever by any of the Parties to this Agreement.

8.    This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the internal laws of the State of Delaware, notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

9.    Should any action, suit, or proceeding be commenced by either Party in order to enforce any provision thereof, the prevailing party shall be entitled to recover from the other

party, in addition to obtaining other relief, reasonable attorneys' fees and costs and expenses incurred in said action, suit, or proceeding, including any appeal.

10.    Each of Cooper and Tech Data warrants that they are the sole and current owner of the claims released by this Agreement, and that each is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so.

11.    Within five (5) business days after the Payment Date, but in no event until after Cooper has received the Payment, the Parties will take whatever action is necessary to promptly dismiss Cooper's complaint against Tech Data in the Avoidance Action, with prejudice, with each side to bear its own costs, expenses and attorneys' fees.

12.    The Parties acknowledge that each and every covenant, warranty, release and agreement contained in this Agreement shall inure to the benefit of, and be binding upon, the agents, representatives, parents, subsidiaries, affiliates, employees, officers, directors, assigns, and successors in interest of the Parties

13.    The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement.

14.    The Parties agree that this Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

6



15.     The Parties agree that no breach of any provision hereof can be waived except in writing.  The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

16.     The Parties agree that this Agreement may be executed in one or more counterparts, which need not contain the signatures of more than one party; all such counterparts taken together shall constitute one and the same Agreement.

17.     The District Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.  The Parties consent to the jurisdiction of the District Court to resolve any disputes or controversies between the Parties hereto arising from or related to this Agreement.

18.     In the event that any one or more of the provisions contained in this Agreement shall, for any reason, be declared in a legal forum to be invalid, illegal, ineffective or unenforceable in any respect, such invalidity, illegality, ineffectiveness or unenforceability shall not affect any other provision of this Agreement, which Agreement shall remain in full force and effect, valid and binding upon all the Parties to this Agreement.  Each of the provisions of this Agreement shall be enforceable independently of any other provision of this Agreement and independently or any other claim or cause of action. The Parties acknowledge and agree that the general releases contained in Paragraphs 4 and 5 of this Agreement are valid, legal and enforceable. If, however, the general releases contained in Paragraphs 4 and 5 of this Agreement are held in whole or in part by a court of competent jurisdiction to be invalid, illegal or unenforceable for any reason, then the Parties obligations pursuant to this Agreement will be considered null and void <u>ab initio</u> unless the Parties promptly agree to execute a new valid and enforceable Release.

7



Dated: _____ 8/31 ___, 2006                Dated: _____, 2006

**AGREED TO BY:**                            **AGREED TO BY:**

**TECH DATA CORPORATION**                    **KEITH F. COOPER**

By: _____               By: _____

    Jeffery P. Howells                      Keith F. Cooper
    Executive Vice President and Chief      Liquidating Trustee of the
    Financial Officer                       Bridgeport Holdings Liquidating Trust

Dated: _____, 2006

**AGREED TO BY:**

**TECH DATA CORPORATION**

By: _____

    Jeffery P. Howells
    Executive Vice President and Chief
    Financial Officer

Dated: _August 28_, 2006

**AGREED TO BY:**

**KEITH F. COOPER**

By: _____

    Keith F. Cooper
    Liquidating Trustee of the
    Bridgeport Holdings Liquidating Trust

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BRIDGEPORT HOLDINGS, INC., <u>et al.</u>, | Case No. 03-12825 (PJW)<br>Jointly Administered |
| Debtors. | **Re: D.I. _____** |
| | |
| KEITH F. COOPER, as Liquidating Trustee<br>of the Bridgeport Holdings, Inc. Liquidating Trust, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 05-50064 (PJW) |
| TECH DATA CORPORATION, | **Re: D.I. _____** |
| Defendant. | |

**ORDER PURSUANT TO BANKRUPTCY RULE 9019(A) APPROVING
SETTLEMENT AGREEMENT WITH TECH DATA CORPORATION**

Upon the Motion (the "Motion") of Keith Cooper, Liquidating Trustee for the Bridgeport Holdings, Inc. Liquidating Trust, (the "Liquidating Trustee") for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving and authorizing entry into a Settlement Agreement (as defined in the Motion) with Tech Data Corporation; and notice having been given to the Office of the United States Trustee, Tech Data Corporation, and all other parties requesting notice pursuant to Bankruptcy Rule 2002; and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.    The Motion is granted;

2.    The Liquidating Trustee is authorized to enter into the Settlement Agreement, as set forth in the Motion;

3.    The terms of the Settlement Agreement is hereby approved; and

4.    The Liquidating Trustee is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of the Settlement Agreement and this Order.

Dated:  Wilmington, Delaware
        _____, 2006

                                    _____
                                        UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

I, Daniel B. Butz, certify that I am not less than 18 years of age, and that service of the **Motion of Liquidating Trustee of Bridgeport Holdings, Inc., Seeking Authorization and Approval of Entry Into a Settlement Agreement with Tech Data Corporation Pursuant to Bankruptcy Rule 9019(a)** was caused to be made on September 15, 2006, in the manner indicated on the parties on the attached list.

Dated: September 15, 2006
      Wilmington, Delaware

                                    Daniel B. Butz (No. 4227)

537247

# SERVICE LIST

VIA HAND DELIVERY

David M. Fournier, Esq.
James Carignan, Esq.
William Firth, Esq.
Pepper Hamilton LLP
1313 Market Street
Hercules Plaza, Suite 5100
P.O. Box 1709
Wilmington, DE  19899

John C. Phillips, Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

William D. Sullivan, Esquire
Buchanan Ingersoll, P.C.
The Nemours Building
1007 Orange Street
Suite 1110
Wilmington, DE  19801

Carl N. Kunz, III, Esq.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. box 2306
Wilmington, DE  19899

David M. Klauder, Esq.
Office of the United States Trustee
844 King Street
Room 2207
LockBox #35
Wilmington, DE  19801

Andrew J. Flame, Esq.
Howard A. Cohen, Esq.
Drinker Biddle & Reath LLP
1100 North Market Street
Suite 100
Wilmington, DE  19801

Laura Davis Jones, Esquire
Christopher J. Lhulier, Esquire
David Carickhoff, Jr., Esq.
Pachulski Stang Ziehl Young Jones &
Weintraub
919 N. Market Street
16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

Joseph H. Huston, Jr., Esq.
Thomas G. Whalen, Esq.
Stevens & Lee, P.C.
1105 North Market Street
Suite 700
Wilmington, DE  19801

William A. Hazeltine/Elihu Ezekiel
Allinson, III, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
6th Floor
Wilmington, DE  19899

Ronald S. Gellert, Esq.
Eckert Seamans Cherin & Mellot, LLC
4 East 8th Street
Suite 200
Wilmington, DE  19801

John H. Knight, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899

Bonnie Glantz Fatell, Esq.
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE  00001-9801

Donald D. Detweiler, Esq.
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
P.O. Box 1266
Wilmington, DE  19899

Richard H. Cross, Esq.
Cross & Simon LLC
913 N. Market Street
Suite 1001
Wilmington, DE  19801

Scott D. Cousins, Esq.
Laurie Krepto, Esq.
Greenberg Traurig
The Nemours Building
1007 North Orange Street
12th Floor
Wilmington, DE  19801

Marc S. Casarino, Esq.
James S. Yoder, Esq.
White and Williams LLP
824 N. Market Street
Suite 902
Wilmington, DE  19899

William P. Bowden, Esq.
Palacio, Esq.
Ashby & Geddes, P.A.
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

Joseph J. Bodnar, Esq.
Monzack and Monaco, P.A.
1201 Orange Street
Suite 400
Wilmington, DE  19801

Ian Connor Bifferato, Esq.
Joseph K. Koury, Esquire
Bifferato Bifferato & Gentilotti
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE  19801

Don Beskrone, Esq.
Gregory Taylor, Esq.
Ashby & Geddes, P.A.
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19801

Kevin Gross, Esq.
Herbert W. Mondros, Esq.
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street
Suite 1401 Mellon Bank Center
P.O. Box 1070
Wilmington, DE  19899-1070

Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207

Brendan L. Shannon, Esq.
James L. Patton, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Bldg.
17th Floor
1000 West Street
Wilmington, DE  19801

Theodore J. Tacconelli, Esq.
Ferry Joseph & Pearce, P.A.
824 Market Street
Suite 904
Wilmington, DE  19899

James S. Yoder, Esq.
White & Williams LLP
824 North Market Street
Suite 902
Wilmington, DE  19801

Ellen W. Slights, Esq.
Assistant United States Attorney
U.S. Attorney's Office
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899-2046

Karen V. Sullivan
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, DE  19899-2054

**VIA FIRST CLASS MAIL**

Lloyd B. Sarakin-Chief Counsel, Finance
c/o Sony Electronics, Inc.
123 Tice Boulevard
MD#T1-4
Woodcliff Lake, NJ  07677

Ingram Micro
1759 Wehrle Drive
Williamsville, NY  14221

Robert Nies, Esq.
Wolff & Samson
One Boland Drive
West Orange, NJ  07052

Scott Alberino, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC  20036

John Ashcroft, Esq.
Commercial Litigation Branch-DOJ
P.O. Box 875
Ben Franklin Station
Washington, DC  20005

Mindy Gensler
Deputy Attorney General
New Jersey Division of Taxation
25 Market Street
P.O. Box 106
Trenton, NJ  08625

Susan Katzoff, Esq.
Hiscock & Barclay, LLP
P.O. Box 4878
Syracuse, NY  13221

Wen-ching Lin
Law Offices of Wen-Ching Lin
1030 E. El Camino Real, #288
Sunnyvale, CA  94087

Philip J. Hendel, Esq.
Hendel & Collins, P.C.
101 State Street
Springfield, MA  01103

Charles Filardi, Esq.
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT  06890

Joseph E. Shickich, Jr.
Riddell Williams, PS
1001 Fourth Avenue
Suite 4500
Seattle, WA  98154

Bruce J. Borrus
Joseph E. Shickich, Jr.
Riddell Williams, PS
1001 Fourth Avenue
Suite 4500
Seattle, WA  98154

Charles C. Robinson
Gravy Schubert & Barer
1191 2nd Avenue
18th Floor
Seattle, WA  98101

Robert M. Lindquist, Esq./Sr. Dir. &
Comp. Counsel
Ingram Micro Inc. Legal Department
1600 East St. Andrew Place
Santa Ana, CA  92705

Michael Paes, Esq.
Paes & Paes
4 Washington Avenue
Sandy Hook, CT  06482

Michael Huber, Esq.
8170 Highland Drive
Suite E5
Sandy, UT  84093

Corporate Headquarters
Bell Microproducts, Inc.
1941 Ringwood Avenue
San Jose, CA  95131

Buchalter, Nemer, Fields & Younger
333 Market Street
25th Floor
San Francisco, CA  94105

Gregg S. Kleiner, Esq.
Robert L Eisenbach, III, Esq.
Cooley Godward LLP
One Maritime Plaza
20th Floor
San Francisco, CA  94111-3580

Philip Warden, Esq.
Pillsbury Winthrop LLP
50 Fremont Street
5th Floor
San Francisco, CA  94105

Ellen A. Friedman, Esq.
Carrie Daniel, Esq.
Friedman Dumas & Springwater
150 Spear Street
Suite 1600
San Francisco, CA  94105-1541

John Stoia, Esq.
Theodore J. Pintar, Esq.
Milberg, Weiss, Bershad, Hynes & Lerach
LLP
401 B Street
Suite 1700
San Diego, CA  92101

Craig Johnson, Esq.
Packard Packard & Johnson
2825 Cottonwood Parkway
Suite 500
Salt Lake City, UT  84121-7060

Attn:  Legal Dept.
General Motors Acceptance Corp.
2740 Arthur Street
Roseville, MN  55113-1303

Michael S. Etkin, Esq.
Ira M. Levee, Esq.
Lowenstein & Sandler, PC
65 Livingston Avenue
Roseland, NJ  07068

Jerome B. York
3700 Tremonte Circle South
Rochester, MI  48306

Beth J. Solomon, Esq.
Discover Financial Services, Inc.
2500 Lake Cook Road
Riverwoods, IL  60015

Brian Sirower, Esq.
Quarles Brady Streich Lang, LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85005-2391

Andrew C. Kassner, Esq.
Daniel C. McAuliffe, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103

Anne Marie Kennelly, Esq., Corporate
Counsel
Hewlett-Packard Company
3000 Hanover Street, M/S 1050
Palo Alto, CA  94304

Andrew M. Brumby, Esq.
Shutts & Bowen LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL  32802-4956

Dennis T. Lewandowski, Esq.
Kaufman & Canoles
150 West Main Street
Norfolk, VA  23514

Micro Warehouse
3 Times Square
Lobby F
New York, NY  10036-6587

Nathan M. Fuchs, Esq.
Securities and Exchange Commission
233 Broadway
New York, NY  10279

Lisa Cotto, Esq.
Kenneth H. Eckstein, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY  10022

Richard L. Epling, Esq.
Pillsbury Winthrop LLP
1540 Broadway #9
New York, NY  10036-4039

Mitchell Seider, Esq.
Latham & Watkins
885 Third Avenue
53rd at Third
Suite 1000
New York, NY  10022-4068

Thomas O'Connor
Kronish, Lieb, Weiner & Hellman, LLP
1114 Avenue of the Americas
46th Floor
New York, NY  10036

Michael S. Stamer, Esq.
Robert Johnson, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue, 20th Floor
New York, NY  10022

William F. McCormick, Esq.
Bankruptcy Division
Office of Attorney General
P.O. Box 20207
Nashville, TN  37202

Marie L. Nienhuis, Esq.
Godfrey & Kahn, S.C.
780 N. Water Street
Milwaukee, WI  53202

Thomas A. Lee
AMC
Becket & Lee, LLP
P.O. Box 3001
Malvern, PA  19355-0701

Jeff Hall
Bankruptcy Administration
IOS Capital LLC
(Ref# 458047-ETAL)
1738 Bass Road
Macon, GA  31208-3708

Bennett J. Murphy, Esq.
Hennigan & Bennett
601 South Figueroa Street
Suite 3300
Los Angeles, CA  90017

Leslie A. Cohen, Esq.
Liner Yankelevitz Sunshine & Regenstreif
LLP
1100 Glendon Avenue
14th Floor
Los Angeles, CA  90024

Stuart Koenig, Esq.
Creim Macias & Koenig LLP
633 W. 5th Street
51st Floor
Los Angeles, CA  90071

Steven Carson
Joseph K. Koury, Esq.
1789 Norwood Avenue
Itasca, IL  60143

Robert Friedman
9 Goodyear
Irvine, CA  92618

Christopher Adams, Esq.
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street
44th Floor
Houston, TX  77002

Corish Hill Associates PLLC
1039 Sterling Road
Suite 102
Herndon, VA  20170-3840

Denise S. Mondell, Esq.
Assistant Attorney General
Office of the Attorney General
55 Elm Street, 5th Floor
P.O. Box 120
Hartford, CT  06141-0120

Ilana Volkov, Esq.
Cole, Schotz, Meisel, Forman & Leonard
Court Plaza North
25 Main Street
Hackensack, NJ  07602-0800

Philip Topper, Jr., Esq.
110 North Court Street
Frederick, MD  21701

E. Haines
General Motors Acceptance Corp.
P. O. Box 901025
Fort Worth, TX  76101

Charles M. Tatelbaum, Esq.
Stephen C. Hunt, Esq.
Adorno & Yoss, LLP
350 E. Las Olas Blvd.
Suite 1700
Fort Lauderdale, FL  33301

Delaware Secretary of State
Division of Corporations
401 Federal Street
Suite 4
Dover, DE  00001-9901

William Shafley
1095 Hoods Mill Road
Cooksville, MD  21723

Robert Sanker, Esq.
Keating Muething & Klekamp
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202

Joseph D. Frank, Esq.
Micah R. Krohn, Esq.
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL  60610

Bryan Krakauer, Esq.
Jennifer S. Levin, Esq.
William A. Evanoff, Esq.
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL  60603

Gerald F. Munitz, Esq.
Jeremy Downs, Esq.
Richard Kohn, Esq.
Goldberg Kohn Bell Black Rosenbloom &
Moritz
55 East Monroe Street
Suite 3700
Chicago, IL  60603

 Internal Revenue Service
Insolvency Section
31 Hopkins Plaza
Room 1150
Baltimore, MD  21202

Brent C. Strickland, Esq.
Pamela M. Kessler, Esq.
Whiteford Taylor & Preston, LLP
7 St. Paul Street
Suite 1400
Baltimore, MD  21202

Mark S. Marani, Esq.
Cohen Pollock Merlin Axelrod & Small
3350 Riverwood Parkway
Suite 1600
Atlanta, GA  30339

John A. Moore, Esq.
Wendy L. Hagenau, Esq.
Powell Goldstein LLP
One Atlantic Center, 14th Flr.
1201 W. Peachtree Street, NW
Atlanta, GA  30309-3488